# EXHIBIT E

## JOINT DECLARATION IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

We, the undersigned, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      We submit this joint declaration in support of our motion for appointment of the Nio Investor Group as Lead Plaintiff and approval of our selection of counsel in the instant class action on behalf of investors in the ADSs of Nio Inc. ("Nio" or the "Company") pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").

2.      We are informed of and understand the requirements and duties imposed by the PSLRA. We each have personal knowledge about the information in this Joint Declaration.

3.      Prior to making our lead plaintiff motion: (a) we were aware of each other and approved to move as lead plaintiff with each other as a group; (b) we approved Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") and Berger Montague PC ("Berger Montague") as co-lead counsel; (c) we were aware of the responsibilities and duties of being a lead plaintiff; (d) we had a group email list and contact information of each other and counsel and a toll-free conference call number for communications relating to the case; (e) we communicated with counsel about our lead plaintiff motion, the functioning and communication of our proposed group, case strategies, and the next steps in the case; and (f) conducted a conference call among ourselves and counsel to discuss the lead plaintiff motion and litigation strategy.

4.      The members of the Nio Investor Group believe that the securities class action against Nio is meritorious and should be led by investors who are committed to maximizing the recovery on behalf of the class. Moreover, the group's members recognize that they are like- minded investors who suffered substantial losses in their investments in Nio ADSs. It is for these reasons that the members of the Nio Investor Group decided to seek joint appointment as lead plaintiff in the action.

5.      We do not anticipate that any disagreements between us will arise and agree to make all efforts, in good faith, to reach consensus with respect to litigation decisions, and to that end will consult with our counsel as we deem necessary to fulfill our fiduciary obligations to the Class. In the event that such a disagreement arises, we agree to resolve such disagreement by a majority vote, in which each of us possesses one vote.   We recognize that even in the event of such a disagreement, the ultimate decision will necessarily be informed by consulting one another and our counsel.

6.      In furtherance of our responsibilities as lead plaintiff: we have communicated with each other and our chosen counsel, Kaplan Fox and Berger Montague, in emails and on conference calls discussing, among other things: the strength of the claims against defendants; a strategy for prosecuting these actions; the benefits that the Class would receive from the leadership of co-lead plaintiffs; our shared desire to achieve the best possible result for the Class; our interests in prosecuting the case in a collaborative, likeminded manner; and the actions that we will take to continue to ensure that the Class's claims will be zealously and efficiently litigated.

7.      The members of the Nio Investor Group also understand and appreciate the lead plaintiff's obligation under the PSLRA to select lead counsel and to monitor the action to ensure it is prosecuted efficiently. The Nio Investor Group has fulfilled this responsibility by selecting and retaining co-lead counsel with a proven history of handling this type of complex litigation.

8.      In this case, the Nio Investor Group has selected Kaplan Fox and Berger Montague to serve as co-lead counsel. Based on both firms' experience in achieving substantial recoveries in securities class actions, the Nio Investor Group's members agree that Kaplan Fox and Berger Montague are well-qualified to represent the class. Moreover, Kaplan Fox and

Berger Montague have been directed to prosecute this action in an efficient, cost-effective manner while obtaining the best possible result for the class.

9. The Nio Investor Group will continue to supervise counsel and actively oversee the prosecution of the action for the benefit of the class by, among other things, reviewing pleadings, instructing counsel, and/or attending hearings, as necessary.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the

United States that the foregoing statements relating to myself are true and correct to the best of

my knowledge.

Executed on May 11, 2019.

Firmato digitalmente da:Yuri Valentino Simione
Motivo:NO.CLASS ACTION
Luogo:Rome, Italy
Data:11/05/2019 10:01:58

Yuri Valentino Simione

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed on May 10, 2019.

Jane Resnick

Jane Resnick

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed on May 10, 2019.

Richard Resnick

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed on May 11, 2019.

Jhan Litov, personal attorney and authorized signatory for Mohammed Hamood Alhnaity