**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JONATHAN TAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NIO INC., BIN LI, and LOUIS T. HSIEH,<br><br>Defendants. | **CASE No.: 1:19-cv-01424-NGG-VMS**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MARK MURPHY TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br><u>**CLASS ACTION**</u> |

BABULAL TARAPARA, Individually and On Behalf of All Others Similarly Situated,

        Plaintiff,

        v.

NIO INC., BIN LI, LOUIS T. HSIEH, LIHONG QIN, PADMASREE WARRIOR, TIAN CHENG, XIANG LI, HAI WU, YAQIN ZHANG, XIANPING ZHONG, ZHAOHUI LI, MORGAN STANLEY & CO. LLC, GOLDMAN SACHS (ASIA) L.L.C., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, DEUTSCHE BANK SECURITIES INC., CITIGROUP GLOBAL MARKETS INC., CREDIT SUISSE SECURITIES (USA) LLC, UBS SECURITIES LLC, and WR SECURITIES, LLC,

        Defendants.

**CASE No.: 1:19-cv-02777**

**CLASS ACTION**

Plaintiff Mark Murphy ("Movant") respectfully submits this memorandum of law in support of its motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") and Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(3)(B) (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) consolidating the above-captioned actions;

(2) appointing Movant as Lead Plaintiff for the class of all purchasers or acquirers of NIO Inc. ("NIO" or the "Company") securities: (1) pursuant or traceable to the F-1 registration statement and related Prospectus (collectively, the "Registration Statement") issued in

1

connection with NIO's September 2018 initial public stock offering (the "IPO" or "Offering"); and/or (2) between September 12, 2018 and March 5, 2019, inclusive (the "Class Period"); and

(3) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

This action was commenced on March 12, 2019 against NIO and certain its officers, and directors for violations under the Exchange Act. That same day, The Rosen Law Firm, P.A. issued a PSLRA early notice advising potential Class members of, among other things, the claims alleged in the action and the 60-day deadline for Class members to move to be appointed as lead plaintiff. *See* Ex. 1 hereto. The related action styled *Tarapara v. Nio Inc., et al.*, was filed on May 10, 2019, alleging claims arising out of the same conduct under the Securities Act against the same defendants, as well as certain of the Company's underwriters.

On March 12, 2019, a related action was filed in the District Court for the Northern District of California styled as *Sidoli v. Nio Inc., et al.,* No. 3:19-cv-01320-WHO.[1]

The Complaints allege that during the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that (1) NIO would not be building its own manufacturing plant and would instead continue to rely on a little-known Chinese state-owned auto manufacturer, JAC Auto, to manufacture its electric vehicles; (2) reductions in government subsidies for electric cars would materially impact NIO's sales; and (3) as a result, defendants' statements about NIO's business, operations, and prospects were materially false and misleading at all relevant times. When the true details entered the market, the complaints claim that investors suffered damages.

---

[1] Movant intends to file a similar lead plaintiff motion in that action.

## ARGUMENT

### I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii); 15 U.S.C. § 77z-1(a(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned related actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Securities Act and Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

### II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B); 15 U.S.C. § 77z-1(a)(3)(A)(ii) The PSLRA

provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); 15 U.S.C. § 77z-1(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A.    Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that it is willing to serve as a representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B.    Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that …has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); 15 U.S.C. § 77z-1(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005).

Of the Lax/Olsen-styled[2] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost $718,000 in connection with his purchases of NIO securities pursuant to the Exchange Act, and $51,000 in connection with his purchases of NIO securities pursuant to the Securities Act. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in NIO securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

**C.      Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) and Section 27(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

---

[2] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1.    Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act and Securities Act by issuing false and misleading statements about NIO business and financial condition. Movant's interests are closely aligned with the other Class members' and its interests are, therefore, typical of the other members of the Class.

### 2.    Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those

asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and has made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from its investments in NIO securities and is therefore, extremely motivated to pursue claims in this action.

**D.    Movant Is Presumptively the Most Adequate Plaintiff**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); 15 U.S.C. § 77z-1(a)(3)(B)(iii).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Movant has suffered substantial financial losses and has the largest financial interest in this case of any timely lead plaintiff. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against it that would render Movant inadequate to represent the Class. Accordingly, Movant is presumptively the most adequate plaintiff and should be appointed as Lead Plaintiff for the Class.

### III.    THE MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v); 15 U.S.C. § 77z-1(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary to protect the interests of the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching Movant's and Class Plaintiffs' claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against the defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. 4 hereto. The firm has prosecuted securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

**CONCLUSION**

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) consolidating the related actions; (2) appointing Movant as Lead Plaintiff of the Class; (3) approving the Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: May 13, 2019                                Respectfully submitted,

                                                   **THE ROSEN LAW FIRM, P.A.**

                                                   /s/ Phillip Kim
                                                   Phillip Kim, Esq. (PK 9384)
                                                   Laurence M. Rosen, Esq. (LR 5733)
                                                   275 Madison Avenue, 34th Floor
                                                   New York, New York 10016
                                                   Telephone: (212) 686-1060
                                                   Fax: (212) 202-3827
                                                   Email: pkim@rosenlegal.com
                                                   Email: lrosen@rosenlegal.com

                                                   *[Proposed] Lead Counsel for Plaintiff and Class*

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of May 2019, a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MARK MURPHY TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL** was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Phillip Kim