**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JONATHAN TAN, Individually and On Behalf of All Others Similarly Situated, | Civil Action No.: 1:19-cv-01424 |
| Plaintiff, | |
| v. | CLASS ACTION |
| NIO INC., BIN LI, and LOUIS T. HSIEH, | |
| Defendants. | |
| BABULAL TARAPARA, Individually and On Behalf of All Others Similarly Situated, | Civil Action No.: 1:19-cv-02777 |
| Plaintiff, | |
| v. | CLASS ACTION |
| NIO INC., BIN LI, LOUIS T. HSIEH, LIHONG QIN, PADMASREE WARRIOR, TIAN CHENG, XIANG LI, HAI WU, YAQIN ZHANG, XIANPING ZHONG, ZHAOHUI LI, MORGAN STANLEY & CO. LLC, GOLDMAN SACHS (ASIA) L.L.C., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, DEUTSCHE BANK SECURITIES INC., CITIGROUP GLOBAL MARKETS INC., CREDIT SUISSE SECURITIES (USA) LLC, UBS SECURITIES LLC, and WR SECURITIES, LLC, | |
| Defendants. | |

**[PROPOSED] ORDER GRANTING MOTION OF THE**
**NIO INVESTOR GROUP FOR CONSOLIDATION OF THE ACTIONS,**
**APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL**
**OF SELECTION OF COUNSEL**

WHEREAS, in accordance with the provisions of Section 21D(a)(3)(A)(i) of the Securities

Exchange Act of 1934 (the "Exchange Act"), on March 12, 2019, notice of the Lead Plaintiff

deadline was published in *Business Wire,* a widely circulated national business-oriented wire service, advising Class members of the pendency of the class action, the claims asserted therein, the purported Class Period, and their right to move this Court to be appointed Lead Plaintiff; and

WHEREAS, pursuant to Section 21D of the Exchange Act, any purported Class member desiring to be appointed Lead Plaintiff was required to have filed a motion for such appointment on or before May 13, 2019; and

WHEREAS, Movants Gary Leung, Stephen Pandur, David Ge, Erik De La Cruz, and Mario Castorena (collectively, the "NIO Investor Group" or "Movant") have timely filed a motion for appointment as Lead Plaintiff; and

WHEREAS, Movant has the largest financial interest in the relief sought by the Class and otherwise satisfies the requirements of Section 21D of the Exchange Act and Rule 23 of the Federal Rules of Civil Procedure; and

WHEREAS, in accordance with Section 21D (a)(3)(B)(v) of the Exchange Act, 15 U.S.C. §78u-4(a)(3)(B)(v), Movant seeks approval of its selection of counsel to serve as Lead Counsel for the Class.

AND NOW THIS _____ day of _____ 2019, the Court having considered Movant's Motion for: (1) Consolidation of the Related Actions; (2) Appointment as Lead Plaintiff; and (3) Approval of its Selection of Counsel, and all supporting documents, and good cause appearing therefore, it is hereby ORDERED as follows:

### CONSOLIDATION OF RELATED ACTIONS

1. The above-captioned securities fraud class actions pending in this Judicial District are hereby consolidated for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil

Procedure.  Any actions that have been filed, or may be filed, which are related and which may be considered herewith, are consolidated under Case No. 1:19-cv-01424 (the "Consolidated Action").

2.    A Master File is hereby established for the consolidated proceedings in the Consolidated Action.  The docket number for the Master File shall be Master File No. 1:19-cv-01424.  The original of this Order shall be filed by the Clerk in the Master File.  The Clerk shall mail a copy of this Order to counsel of record in each of the above-captioned actions.

3.    Every pleading filed in the Consolidated Action shall bear the following caption:

| IN RE NIO INC. SECURITIES LITIGATION | Master File No.  1:19-cv-01424 |
| --- | --- |

**NEWLY FILED OR TRANSFERRED ACTIONS**

4.    When a case that arises out of the subject matter of this Action is hereinafter filed in this Court or transferred to this Court from another Court, the clerk of this Court shall:

a.    File a copy of this Order in the separate file for such action;

b.    Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

c.    Make the appropriate entry in the docket for this Action.

5.    Each new case arising out of the subject matter of this Action that is filed in this Court or transferred to this Court shall be consolidated with this action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, files an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

6.       During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or may lead to the discovery of information relevant to the subject matter of the pending litigation.

## LEAD PLAINTIFF APPOINTMENT

7.       The motion of Movant to serve as Lead Plaintiff in the Action is GRANTED. Pursuant to Section 21D of the Exchange Act, 15 U.S.C. §78u-4(a)(3)(B), Movant is appointed as Lead Plaintiff for the Class.

## LEAD COUNSEL

8.       Pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, 15 U.S.C. § 78u- 4(a)(3)(B)(v), Movant has selected and retained the law firms of Levi & Korsinsky, LLP and Bragar Eagel & Squire, P.C. to serve as Co-Lead Counsel in the Action.  The Court approves Movant's selection of Counsel.

9.       Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Co-Lead Counsel shall designate:

   a.   to coordinate the briefing and argument of any and all motions;

   b.   to coordinate the conduct of any and all discovery proceedings;

   c.   to coordinate the examination of any and all witnesses in depositions;

   d.   to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

   e.   to coordinate all settlement negotiations with counsel for defendants;

   f.   to coordinate and direct the pretrial discovery proceedings and the preparation for

4

trial and the trial of this matter, and to delegate work responsibilities to selected counsel as may be required;

g.  to coordinate the preparation and filings of all pleadings; and to supervise all other matters concerning this litigation.

10.    No settlement negotiations shall be conducted without the approval of Co-Lead Counsel.

11.    Co-Lead Counsel shall have responsibility for receiving and disseminating Court orders and notices.

12.    Co-Lead Counsel shall be the contact between the class and defendants' counsel, shall serve as the spokespersons for the class.  Co-Lead Counsel shall act as the liaison between the Court and the class.

IT IS SO ORDERED.

Dated: _____, 2019

_____
THE HONORABLE NICHOLAS G. GARAUFIS
UNITED STATES DISTRICT JUDGE

5