**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JONATHAN TAN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> NIO INC., BIN LI, and LOUIS T. HSIEH, <br><br> Defendants. | Civil Action No.: 1:19-cv-01424 <br><br><br> <u>CLASS ACTION</u> |
| BABULAL TARAPARA, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> NIO INC., BIN LI, LOUIS T. HSIEH, LIHONG QIN, PADMASREE WARRIOR, TIAN CHENG, XIANG LI, HAI WU, YAQIN ZHANG, XIANPING ZHONG, ZHAOHUI LI, MORGAN STANLEY & CO. LLC, GOLDMAN SACHS (ASIA) L.L.C., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, DEUTSCHE BANK SECURITIES INC., CITIGROUP GLOBAL MARKETS INC., CREDIT SUISSE SECURITIES (USA) LLC, UBS SECURITIES LLC, and WR SECURITIES, LLC, <br><br> Defendants. | Civil Action No.: 1:19-cv-02777 <br><br><br> <u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF**
**THE NIO INVESTOR GROUP FOR CONSOLIDATION OF THE ACTIONS,**
**APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF**
**<u>SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................ 1

FACTUAL BACKGROUND ........................................................................................... 2

ARGUMENT .................................................................................................................. 4

    I.   CONSOLIDATION OF THE ACTIONS IS APPROPRIATE ....................................... 4

    II.  APPOINTING MOVANT AS LEAD PLAINTIFF IS APPROPRIATE .......................... 5

        A.  The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff ................... 5

        B.  Movant Satisfies the Lead Plaintiff Provisions of the PSLRA .................................... 7

            1. Movant Filed a Timely Motion .................................................................... 7

            2. Movant Has the Largest Financial Interest in the Relief Sought By the Class ......... 8

            3. Movant Meets Rule 23's Typicality and Adequacy Requirements ......................... 9

               (i)  Movant's Claims Are Typical of the Claims of the Class .............................. 10

               (ii) Movant Will Fairly and Adequately Protect the Interests of the Class ........... 11

    III. MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED .............................. 13

CONCLUSION ............................................................................................................. 14

## TABLE OF AUTHORITIES

**Cases**

*In re Bear Stearns Cos. Sec., Derivative & ERISA Litig.,*
  2008 U.S. Dist. LEXIS 106327 (S.D.N.Y. Dec. 29, 2008) ................................................... 10

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.,*
  252 F.R.D. 188 (S.D.N.Y. 2008) ........................................................................................... 9

*In re Deutsche Bank Aktiengesellschaft Sec. Litig.,*
  No. 16-cv-03495-AT, 2016 U.S. Dist. LEXIS 139215 (S.D.N.Y. Oct. 4, 2016) ................... 7

*In re Drexel Burnham Lambert Grp., Inc.,*
  960 F.2d 285 (2d Cir. 1992) ................................................................................................. 10

*In re eSpeed, Inc., Sec. Litig.,*
  232 F.R.D. 95 (S.D.N.Y. 2005) .......................................................................................... 2, 8

*Foley v. Transocean Ltd.,*
  272 F.R.D. 126 (S.D.N.Y. 2011) ........................................................................................ 6, 8

*Gen. Tel. Co. of the Southwest v. Falcon,*
  457 U.S. 147 (1982) ............................................................................................................. 10

*In re GE Secs. Litig.,*
  No. 09-Civ.-1951 (DC), 2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009) ............... 11

*In re Gentiva Sec. Litig.,*
  281 F.R.D. 108 (E.D.N.Y. 2012) ........................................................................................... 1

*Johnson v. Celotex Corp.,*
  899 F.2d 1281 (2d Cir. 1990) ................................................................................................. 5

*Kaplan v. Gelfond,*
  240 F.R.D. 88 (S.D.N.Y. 2007) ............................................................................................. 8

*In re Milestone Scientific Sec. Litig.,*
  183 F.R.D. 404 (D.N.J. 1998) ............................................................................................... 12

*Mitchell v. Complete Mgmt., Inc.,*
  No. 99-cv-1454-DAB, 1999 U.S. Dist. LEXIS 14460 (S.D.N.Y. Sep. 15, 1999) ................... 5

*In re Orion Sec. Litig.,*
  No. 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368 (S.D.N.Y. July 8, 2008) ................ 10

*In re Oxford Health Plans, Inc. Sec. Litig,*

182 F.R.D. 42 (S.D.N.Y.) ............................................................................................ 9

*Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*,
275 F.R.D. 187 (S.D.N.Y. 2011) ............................................................................. 11

*Primavera Familienstiftung v. Askin*,
173 F.R.D. 115 (S.D.N.Y. 1997). ............................................................................. 5

*Reimer v. Ambac Fin. Group, Inc.*,
No. 0-Civ.-411 (NRB), 2008 U.S. Dist. LEXIS 38729 (S.D.N.Y. May 9, 2008) .................. 11

*Richman v Goldman Sachs Grp*,
274 F.R.D. 473 (S.D.N.Y. 2011) ............................................................................. 10

*Strougo v. Brantley Capital Corp.*,
243 F.R.D. 100 (S.D.N.Y. 2007) ............................................................................... 9

*Weiss v. Friedman, Billings, Ramsey Group, Inc.*,
05-cv-4617 (RJH), 2006 U.S. Dist. LEXIS 3028 (S.D.N.Y. Jan. 24, 2006) ........................... 8

*Weltz v. Lee*,
199 F.R.D. 129 (S.D.N.Y. 2001) ........................................................................... 5, 8

**Statutes**

15 U.S.C. § 78j(b) .......................................................................................................... 1

15 U.S.C. § 78t(a) .......................................................................................................... 1

15 U.S.C. § 78u-4(a)(3)(A) ........................................................................................ 6, 7

15 U.S.C. § 78u-4(a)(3)(A)(i) ......................................................................................... 7

15 U.S.C. § 78u-4(a)(3)(B) .................................................................................... passim

15 U.S.C. § 78u-4(a)(3)(B)(i) .......................................................................................... 6

15 U.S.C. § 78u-4(a)(3)(B)(iii) .................................................................................... 7, 9

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ............................................................................. 6, 13

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) .............................................................................. 9

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ........................................................................... 13

15 U.S.C. § 78u-4(a)(3)(B)(v) ....................................................................................... 13

15 U.S.C. § 78u-4(e) ........................................................................................................ 8

**Rules**

Fed. R. Civ. P. 23(a) ................................................................................................................ 2

FED. R. CIV. P. 42(a) ............................................................................................................. 4, 5

Movants Gary Leung, Stephen Pandur, David Ge, Erik De La Cruz, and Mario Castorena (collectively, the "NIO Investor Group" or "Movant"), on behalf of itself and all similarly situated entities and persons, respectfully submits this Memorandum of Law in support of its motion ("Motion") to:  (1) consolidate the above captioned actions (the "Actions"); (2) appoint Movant as Lead Plaintiff on behalf of all entities or persons who purchased or otherwise acquired the American Depositary Shares ("ADSs") of NIO Inc. ("NIO" or the "Company") between September 12, 2018 and March 5, 2019, both dates inclusive (the "Class Period"); (3) approve Movant's selection of the law firm of Levi & Korsinsky, LLP ("Levi & Korsinsky") and Bragar Eagel & Squire, P.C. ("BES") as Co-Lead Counsel for the putative class; and (4) grant such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Presently pending before the Court are two securities class actions[1] brought on behalf of all persons who purchased or otherwise acquired the ADSs of NIO (collectively, the "Class") during the Class Period.[2],[3] Plaintiff in the Actions alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5.

---

[1] In addition to the Actions, two other cases have been filed in the United States District Court for the Northern District of California making similar allegations against the Company. *Sidoli v. NIO Inc., et al.*, Case No. 5:19-cv-01320 was filed on March 12, 2019 (the "*Sidoli* Action") and *Jeon v. NIO Inc., et al.*, Case No. 5:19-cv-01644 was filed on March 29, 2019 (the "*Jeon* Action").

[2] Plaintiff in the *Sidoli* Action proposes a class period of January 10, 2019 through March 5, 2019, while plaintiffs in the *Tan* Action and the *Jeon* Action propose a longer, more expansive class period of September 12, 2018 through March 5, 2019, inclusive. Movant adopts the longer Class Period, September 12, 2018 and March 5, 2019, inclusive, because it is the "larger, most inclusive class period." *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113 (E.D.N.Y. 2012) (finding the most inclusive class period proper in analyzing lead plaintiff motion).

[3] The *Tarapara* Action alleges violations of the Securities Act of 1933, as amended by the PSLRA, on behalf of a class of purchasers of NIO ADSs pursuant and/or traceable to the Company's initial public offering. These allegations stem from the same and/or similar allegations made in the *Tan* Action. The NIO Investor Group has standing to pursue these claims further if appointed lead plaintiff.

1

The Private Securities Litigation Reform Act of 1995, as amended, 15 U.S.C. §78u-4(a)(3)(B) (the "PSLRA"), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation that has also made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See In re eSpeed, Inc., Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005) ("At the lead plaintiff stage of the litigation, the party moving for lead plaintiff of the consolidated action need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.") (quotations omitted). Movant has lost over **$1.02 million** as a result of the alleged fraud during the Class Period.[4] Accordingly, Movant believes it has the largest financial interest in the outcome of this litigation. Moreover, Movant satisfies the requirements of Rule 23 in that its claims are typical of the claims of the Class, and it will fairly and adequately represent the interests of the Class.[5]

For the reasons summarized herein and discussed more fully below, Movant's Motion should be granted in its entirety.

### FACTUAL BACKGROUND

Headquartered in Shanghai, China and incorporated in the Cayman Islands, NIO purports to design, jointly manufacture, and sell electric vehicles. ¶ 7.[6]

---

[4] Certifications identifying Movant's transactions in NIO, as required by the PSLRA, as well as a chart identifying its losses, and a joint declaration executed by the movants evidencing their intention to pursue the Action in a cohesive and collaborative manner, are attached to the Declaration of Shannon L. Hopkins, dated May 13, 2019 ("Hopkins Decl."), as Exhibits A, B, and C respectively.

[5] The "Class" is comprised of all persons, other than defendants, who purchased or otherwise acquired NIO ADSs during the Class Period.

[6] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "Complaint") filed in the *Tan* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the Complaint. The facts set forth in the Complaint are incorporated herein by reference.

On September 11, 2018, NIO filed a Form F-1/A (the "Registration Statement") with the SEC, stating that NIO is "developing our own manufacturing facility in Shanghai which we expect to be ready by the end of 2020." ¶ 15. NIO boasted in the Registration Statement that having its own manufacturing facility would allow NIO to "expand its manufacturing capability for the ET7 and future models" and "facilitate our ability to obtain our own [Electric Vehicle] manufacturing license." ¶ 17.

This information is material to investors because NIO, while purporting to be an electric car company, actually does not manufacture its own cars. ¶ 18. Rather, it contracts with a little-known Chinese state-owned auto manufacturer, JAC Auto, to build its electric vehicles. *Id.* Also, since 2010, the Chinese government has issued subsidies to purchasers of electric vehicles. ¶ 19. The Chinese government indicated, however, that it would start to reduce the subsidies in 2019. *Id.*

On November 11, 2018, NIO held a conference call with analysts to discuss its earnings release for the third quarter of 2018 when Defendant Li assured investors that the anticipated reductions in government subsidies for electric cars would not have an impact on NIO's business, stating: "Of course, the subsidy in the next year will decrease. The government is – they were asking for opinions. And we think this is not going to affect our gross margin that much because the sales price already includes the subsidy and this will not affect us that much." ¶ 20.

Throughout the Class Period, defendants issued statements that were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operational and financial results, which were known to defendants or recklessly disregarded by them. ¶ 21. Specifically, defendants made false and/or misleading statements and/or failed to disclose that: (1) NIO would not be building its own

3

manufacturing plant and would instead continue to rely on JAC Auto to manufacture its vehicles; (2) reductions in government subsidies for electric cars would materially impact NIO's sales; and (3) as a result, defendants' statements about NIO's business, operations, and prospects were materially false and misleading at all relevant times. *Id.*

On March 5, 2019, after the market closed, defendants released NIO's earnings report for the fourth quarter of 2018 ("Q4 2018 Earnings Report"). ¶ 22. In the Q4 2018 Earnings Report, defendants disclosed that: (1) NIO would be terminating its agreement with the Shanghai government to build its own manufacturing plant in Shanghai, and instead continue to contract with JAC Auto to build its cars; (2) NIO's deliveries of its electric vehicles fell from more than 3,000 vehicles in December 2018 to 1,805 vehicles in January 2019, and further dropped to 811 vehicles in February 2019. NIO disclosed that the slowdown was primarily caused by anticipation of subsidy reductions for electric vehicles in China in 2019. *Id.*

On this news, shares of NIO fell $3.07 per share or over 30% over the next two trading days to close at $7.09 on March 7, 2019, harming investors and causing Plaintiff and other Class members significant losses and damages. ¶ 23.

## ARGUMENT

### I.    CONSOLIDATION OF THE ACTIONS IS APPROPRIATE

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered.  15 U.S.C. § 78u-4(a)(3)(B)(ii).  Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id*.

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact.  *See* FED. R. CIV. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation."  *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation.  *See Mitchell v. Complete Mgmt., Inc.*, No. 99-cv-1454-DAB, 1999 U.S. Dist. LEXIS 14460, at *4 (S.D.N.Y. Sep. 15, 1999) ("In securities actions where the complaints are based on the same public statements and reports consolidation is appropriate if there are common questions of law and fact . . . ." (citation and quotations omitted)); *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name almost the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42 (a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

**II.    APPOINTING MOVANT AS LEAD PLAINTIFF IS APPROPRIATE**

**A.  The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff**

The PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. §78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a

5

plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a) and (a)(3)(B).

*First*, the PSLRA provides that within 20 days after the date on which the first class action is filed, the plaintiff to that action shall cause to be published in a widely circulated national business publication or wire service, a notice advising members of the proposed class of the pendency of the action and their right to move for appointment as lead plaintiff within 60 days of the notice publication. *See Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011) (citing 15 U.S.C. §78u-4(a)(3)(A)).

Under 15 U.S.C. §78u-4(a)(3)(B)(i), the Court will, no later than 90 days after the date on which a notice is published, consider any motion filed by a purported class member in response to the notice and appoint as lead plaintiff the movant that the court determines to be "most capable of adequately representing the interests of class members." The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)   has either filed the complaint or made a motion in response to a notice;

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptive most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

6

As set forth below, Movant has complied with the procedural prerequisites of the PSLRA and possesses, to the best of its knowledge, the largest financial interest in the litigation of any other Class member(s) seeking appointment as lead plaintiff. Movant is also unaware of any unique defenses that defendants could raise against it. Therefore, Movant is entitled to the presumption that it is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Actions.

### B.  Movant Satisfies the Lead Plaintiff Provisions of the PSLRA

As described in further detail below, Movant should be appointed lead plaintiff because it satisfies all the requirements of the PSLRA. Movant filed a timely motion to be appointed lead plaintiff, holds the largest financial interest in the relief sought by the Class and satisfies the typicality and adequacy requirements of Rule 23.

### 1.  Movant Filed a Timely Motion

On March 12, 2019, which was within 20 days of the filing of the first-filed complaint as required by 15 U.S.C. §78u-4(a)(3)(A)(i), plaintiff in the first-filed Action published notice through *Business Wire*, a widely circulated national business-oriented wire service. *See* Hopkins Decl., Ex. D; *see also In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16-cv-03495-AT, 2016 U.S. Dist. LEXIS 139215, at *9 (S.D.N.Y. Oct. 4, 2016) (filing a notice on *Business Wire* satisfied the PSLRA's notice requirement). Consequently, any member of the proposed Class was required to seek appointment as lead plaintiff within 60 days after publication of that notice. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Therefore, the time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on May 13, 2019. Pursuant to the PSLRA and within the requisite time frame after publication of the required notice,

Movant herein timely moves this Court to be appointed lead plaintiff on behalf of all members of the Class.

### 2. Movant Has the Largest Financial Interest in the Relief Sought By the Class

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant with the largest financial loss in the relief sought by the action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Hopkins Decl., Ex. B. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *See Weltz v. Lee*, 199 F.R.D. 129, 132 (S.D.N.Y. 2001); *Foley,* 272 F.R.D. 126, 128 (stating "[a]lthough courts have differed on how much weight to assign to each of the factors, the Second Circuit, as have other courts, shall place the most emphasis on the last of the four factors: the approximate loss suffered by the movant"). *See also Kaplan*, 240 F.R.D. at 93 (same); *Weiss v. Friedman, Billings, Ramsey Group, Inc.,* 05-cv-4617 (RJH), 2006 U.S. Dist. LEXIS 3028, *13-14 (S.D.N.Y. Jan. 24, 2006) ("We believe that the best yardstick by which to judge 'largest financial interest' is the amount of loss, period.").

Under the PSLRA, damages on shares retained through the end of the class period are calculated based on: (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period. 15 U.S.C. §78u-4(e).

8

Within the Class Period, Movant purchased NIO securities in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby. Movant suffered substantial losses of approximately $1,026,978 under a last-in-first-out ("LIFO") analysis. *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. at 101 (noting that courts prefer losses to be calculated under LIFO); *see also* Hopkins Decl., Ex. B (Loss Chart). Movant, thus, has a significant financial interest in the outcome of this case. To the best of its knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 3.   Movant Meets Rule 23's Typicality and Adequacy Requirements

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a class may be certified only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class. Of these four prerequisites, only two—typicality and adequacy—directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until a class certification motion is filed. *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("Typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."). *See also Strougo v. Brantley*

9

*Capital Corp.*, 243 F.R.D. 100, 105 (S.D.N.Y. 2007); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 191 (S.D.N.Y. 2008) ("At this stage of the litigation, the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.").

As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.

### (i)    Movant's Claims Are Typical of the Claims of the Class

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. A plaintiff satisfies the typicality requirement if the plaintiff has: (a) suffered the same injuries as the absent class members; (b) the injuries are a result of the same course of conduct by defendants; and (c) the plaintiff's claims are based on the same legal issues that prove the defendant's liability. *See In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992); *see also In re Bear Stearns Cos. Sec., Derivative & ERISA Litig.*, 2008 U.S. Dist. LEXIS 106327, at *29 (S.D.N.Y. Dec. 29, 2008) ("However, the claims of the class representative need not be identical to those of all members of the class."); *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at *12 (S.D.N.Y. July 8, 2008) ("Indeed, the possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact.") (quotations omitted).[7]

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete, nor conflict with the claims of the other Class members. *See Richman v. Goldman*

---

[7] Further, though irrelevant to the instant motion, a finding of typicality frequently supports a finding of commonality and *vice versa*. *See Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

*Sachs Grp.*, 274 F.R.D. 473, 479 (S.D.N.Y. 2011) ("The typicality requirement is satisfied when the claims of the proposed lead plaintiff arise from the same conduct from which the other class members' claims and injuries arise.") (quotations omitted). Movant, like the other members of the Class, acquired NIO securities during the Class Period at prices artificially inflated by the defendants' materially false and misleading statements, and was damaged thereby. Thus, Movant's claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and its losses resulted from the defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See Reimer v. Ambac Fin. Group, Inc.*, 2008 U.S. Dist. LEXIS 38729, *12 (S.D.N.Y. May 9, 2008) ("Typicality is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.").

**(ii)    Movant Will Fairly and Adequately Protect the Interests of the Class**

Movant is also an adequate representative for the Class. Under Rule 23(a)(4), representative parties must also "fairly and adequately protect the interests of the class." Adequate representation will be found if the representative has: (a) retained able and experienced counsel; and (b) the representative has no fundamental conflicts of interest with the interests of the class as a whole. *See Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 190 (S.D.N.Y. 2011) ("In considering the adequacy of a proposed lead plaintiff, a court must consider: (1) whether the lead plaintiff's claims conflict with those of the class; and (2) whether class counsel is qualified, experienced, and generally able to conduct the litigation."); *In re NIO Secs. Litig.*, 2009 U.S. Dist. LEXIS 69133, at *15 (S.D.N.Y. July 29, 2009) (Movant "satisfies the adequacy requirement because its interests are aligned with those of the putative class, and it has

11

retained competent and experienced counsel."). The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. §78u-4(a)(3)(B).

Movant has met both of the requirements under Rule 23(a)(4) to fairly and adequately protect the interests of the putative Class. Not only is there no evidence of conflict between Movant's interests and those of the other members of the putative Class, but the NIO Investor Group has a significant financial interest at stake and will vigorously litigate this action to recover its losses. *See In re Milestone Scientific Sec. Litig.*, 183 F.R.D. 404, 416 (D.N.J. 1998) (Plaintiff's "financial stake in the litigation provides an adequate incentive for [Plaintiff] to vigorously prosecute the action."). Moreover, Movant has retained counsel who, as shown below, are experienced in litigating lawsuits such as the Actions and Movant will submit its choice of counsel to the Court for approval. Therefore, Movant is an adequate representative for the Class.

Further, as detailed in Movant's Joint Declaration, Hopkins Decl., Ex. C, the NIO Investor Group is comprised of sophisticated investors with substantial experience investing in capital markets that are committed to managing the Actions. *Id.* ¶¶ 2-5. For example, Mr. Leung works in property investment as a director at Gara Company Limited. *Id.* at ¶2. Similarly, Mr. Ge is the owner of a company that designs systems for telecoms and has a master's degree in Electrical Engineering. *Id.* at ¶4. The five members of the NIO Investor Group have a combined ***127 years of investing experience*** and are precisely the type of sophisticated lead plaintiff Congress intended to lead securities class actions when it enacted the PSLRA.

Moreover, before moving for lead plaintiff, the members of the NIO Investor Group held a joint call where they discussed their duties under the PSLRA and commitment to vigorously

12

litigating the Actions.  In order to effectively manage the litigation, the NIO Investor Group has agreed to hold regular joint calls to discuss any developments in the Actions. *Id.* at ¶16. The NIO Investor Group members have committed to provide fair and adequate representation, oversee counsel, and obtain the largest possible recovery against all culpable parties consistent with good faith and vigorous advocacy. *Id.* at ¶14. To ensure this litigation is managed effectively, they have agreed to make themselves available for any appearances, depositions, and other necessary meetings to facilitate the prosecution of the Actions. *Id. at* ¶16.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant has sustained the largest amount of losses from defendants' alleged wrongdoing, it is the presumptive lead plaintiff in accordance with §78u-4(a)(3)(B)(iii)(I) and should be appointed as such to lead the Consolidated Action.

## III.    MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection only when necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Here, Movant has selected and retained Levi & Korsinsky and BES as proposed Co-Lead Counsel for the Class.

As set forth in the accompanying firm résumés (Hopkins Decl. Exs. E and F), Levi & Korsinsky and BES are highly accomplished firms which have recovered many multi-million dollar recoveries for investors. As a result, the members of Levi & Korsinsky and BES have extensive experience in successfully prosecuting complex securities class actions such as these

13

and are well-qualified to represent the Class. Thus, this Court may be assured that in the event that the instant Motion is granted, the members of the Class will receive the highest caliber of legal representation.

## CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court: (1) consolidate the Actions; (2) appoint the NIO Investor Group as Lead Plaintiff on behalf the Class; (3) approve the NIO Investor Group's selection of counsel—Levi & Korsinsky and BES as Co-Lead Counsel; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: May 13, 2019                                            Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

/s/ *Shannon L. Hopkins*
Shannon L. Hopkins (SH-1887)
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel.: (203) 992-4523
shopkins@zlk.com

**BRAGAR EAGEL & SQUIRE, P.C.**
Lawrence P. Eagel
885 Third Avenue, Suite 3040
New York, NY 10022
Tel.: (212) 308-5858
Fax: (212) 214-0506
eagel@bespc.com

*Counsel for Movant and [Proposed] Co-Lead Counsel for the Class*

14

## CERTIFICATE OF SERVICE

I, Shannon L. Hopkins, hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 13th day of May, 2019.

*/s/ Shannon L. Hopkins*

Shannon L. Hopkins