# Exhibit C

**JOINT DECLARATION IN SUPPORT OF THE MOTION OF GARY LEUNG, STEPHEN PANDUR, DAVID GE, ERIK DE LA CRUZ, AND MARIO CASTORENA FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT AS LEAD <u>PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL</u>**

We, the undersigned, declare as follows, pursuant to 28 U.S.C. §1746:

1.      We, Gary Leung ("Leung"), Stephen Pandur ("Pandur"), David Ge ("Ge"), Erik De La Cruz ("De La Cruz"), and Mario Castorena ("Castorena") respectfully submit this Joint Declaration in support of our Motion for Consolidation of Related Cases, Appointment as Lead Plaintiff, and Approval of Selection of Counsel (the "Joint Declaration") on behalf of investors in the securities of Nio, Inc. ("NIO" or the "Company"). We are each informed of and understand the requirements and duties imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Each of us has personal knowledge about the information in this Joint Declaration relating to ourselves and, if called as witnesses, we each could and would testify competently thereto (unless our knowledge is on information and belief, in which case we will so state).

2.      I, Gary Leung, as reflected in my Certification and our Motion, suffered substantial losses as a result of my transactions in NIO securities acquired between September 12, 2018 through March 05, 2019, both dates inclusive (the "Class Period"), and as a result of the violations of the federal securities laws alleged in this Action. I am a sophisticated investor with approximately 20 years of experience investing in securities and am motivated to recover the losses I suffered on my own behalf and to benefit all other members of the Class. I am employed in property investment and am a director at Gara Company Limited. I currently reside in Hong Kong. After due consideration, I decided to join in and seek appointment as lead plaintiff with Pandur, Ge, De La Cruz. and Castorena.

3.      I, Stephen Pandur, as reflected in my Certification and our Motion, suffered substantial losses as a result of my transactions in NIO securities acquired during the Class Period, and as a result of the violations of the federal securities laws alleged in this Action. I am a

1

sophisticated investor with approximately 45 years of experience investing in securities and am motivated to recover the losses I suffered on my own behalf and to benefit all other members of the Class. I am currently retired and have completed high school. I currently reside in Secane, Pennsylvania. After due consideration, I decided to join in and seek appointment as lead plaintiff with Leung, Ge, De La Cruz, and Castorena.

4. I, David Ge, as reflected in my Certification and our Motion, suffered substantial losses as a result of my transactions in NIO securities acquired during the Class Period, and as a result of the violations of the federal securities laws alleged in this Action. I am a sophisticated investor with approximately 24 years of experience investing in securities and am motivated to recover the losses I suffered on my own behalf and to benefit all other members of the Class. I am currently the owner of a company that designs system for telecoms and have a master's degree in Electrical Engineering. I currently reside in Gaithersburg, Maryland. After due consideration, I decided to join in and seek appointment as lead plaintiff with Leung, Pandur, De La Cruz, and Castorena.

5. I, Erik De La Cruz, as reflected in my Certification and our Motion, suffered substantial losses as a result of my transactions in NIO securities acquired during the Class Period, and as a result of the violations of the federal securities laws alleged in this Action. I am a sophisticated investor with approximately 20 years of experience investing in securities and am motivated to recover the losses I suffered on my own behalf and to benefit all other members of the Class. I am currently self-employed running my own business, and I previously was a certified commercial diver. I currently reside in Satellite Beach, Florida. After due consideration, I decided to join in and seek appointment as lead plaintiff with Leung, Pandur, Ge, and Castorena.

6. I, Mario Castorena, as reflected in my Certification and our Motion, suffered substantial losses as a result of my transactions in Nio securities acquired during the Class Period, and as a result of the violations of the federal securities laws alleged in this Action. I am a

2

sophisticated investor with approximately 18 years of experience investing in securities and am motivated to recover the losses I suffered on my own behalf and to benefit all other members of the Class. I am currently a Staff Engineer, and have a Bachelor Degree in Electrical Engineering, and a Master's Degree in Engineering Management. I currently reside in Palmdale, California. After due consideration, I decided to join in and seek appointment as lead plaintiff with Leung, Pandur, Ge, and De La Cruz.

7.        We are like-minded investors who both contacted and retained Levi & Korsinsky, LLP ("Levi & Korsinsky") and Bragar Eagel & Squire, P.C. ("BES") to represent us in the Actions (defined below) as Co-Lead Counsel. We believe that the allegations against NIO are meritorious and that the Class will benefit from having highly motivated investors with substantial financial interests at stake control the Actions. After discussing the merits of the Actions and our responsibilities as lead plaintiff under the PSLRA, we decided to move for lead plaintiff with each other.

8.        We feel that our combined efforts and knowledge will better represent the Class as a whole, which is likely made up of the same composition. Accordingly, we believe that the Actions would be better managed by working together to ensure that the claims are litigated efficiently, vigorously, and in the best interest of the Class. If appointed lead plaintiff, our primary goal will be to ensure that the Class achieves the largest possible recovery.

9.        On March 12, 2019, Jonathan Tan filed the first action on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired the American Depositary Shares ("ADSs") of NIO during the Class Period in the U.S. District Court for the Eastern District of New York (the "*Tan* Action"). The *Tan* Action seeks relief against NIO and other individual defendants for violations of the Securities Exchange Act of 1934 ("Exchange Act").

10.        Later that day, on March 12, 2019, Mark Sidoli commenced a nearly identical action in the U.S. District Court for the Northern District of California, on behalf of persons and entities that

3

acquired NIO ADSs during the Class Period, asserting the same claims against the same defendants (the "*Sidoli* Action"). On March 29, 2019, a third nearly identical action was brought by Markus Jeon in the U.S. District Court for the Northern District of California, on behalf of persons and entities that acquired NIO ADSs during the Class Period, asserting the same claims against the same defendants (the "*Jeon* Action").

11.    After due consideration of the claims asserted in the Actions, we each decided that we could maximize the potential recovery for the Class by joining together and seeking appointment as Lead Plaintiff. We, Gary Leung, Stephen Pandur, David Ge, and Erik De La Cruz contacted Levi & Korsinsky and BES to inquire about participating in the Actions. Through these discussions, we learned of each other's interest in serving as Lead Plaintiff. After realizing that we each had a significant interest in prosecuting the Actions, we deliberated as to whether we would move together.

12.    In connection with those deliberations, a call was held on May 9, 2019 to discuss, among other things: the allegations and the strength of the claims against Defendants; a strategy for moving forward and prosecuting the Actions; the role of the lead plaintiff and the lead plaintiff selection and litigation process; the benefits that the Class would receive from the leadership of a combined lead plaintiff; a shared desire to achieve the best possible result for the Class; our interests in prosecuting the case in a collaborative, likeminded manner; and the actions that we will take to continue to ensure the Class' claims will be zealously and efficiently litigated. During the call, we also discussed and agreed upon fees to be paid to our attorneys if the case is successful.

13.    We ultimately agreed to join together with the main goal of securing the largest possible amount in any settlement or judgment to recuperate losses suffered as a result of the unlawful course of action taken by Defendants.

4

14.     We understand that the PSLRA and courts in this District appoint small groups when they can oversee the litigation in a cohesive manner. We submit that we intend to prosecute this Action and work with counsel in such a manner to ensure that it is brought to a resolution efficiently.

15.     We also each understand that, if appointed, we would owe a fiduciary duty to the Class to provide effective representation and to ensure that Co-Lead Counsel effectively litigates the Actions. We both understand that if we are appointed as lead plaintiff, we will owe a duty to the putative Class to provide fair and adequate representation, oversee counsel, and obtain the largest possible recovery against all culpable parties consistent with good faith and vigorous advocacy.

16.     We agree that we will share our perspectives, experiences, and resources and will remain actively involved to ensure the Class is afforded the highest degree of representation possible. To this end, during our May 9 call, we discussed the importance of joint decision-making and maintaining communications that will enable each of us to confer, with or without counsel, via telephone and email on short notice to ensure that the we are able to make timely decisions.

17.     To fulfill our obligation, we have established procedures for overseeing the progress of this litigation. To that end, we have agreed that proposed Co-Lead Counsel will provide us with periodic status reports and hold regular joint calls to discuss: (i) new developments in the action, (ii) all significant decisions concerning the prosecution of the case, (iii) litigation and settlement strategies, (iv) significant pleadings and briefs, (v) important discovery issues, (vi) attorney and expert work being performed, and (vii) any other issues bearing on the effective and efficient prosecution of this matter. Further, we agreed that the parties will make themselves available for any appearances, depositions, and other necessary meetings to facilitate the prosecution of the Actions.

18.     We have communicated our directive that the Actions be prosecuted efficiently and without duplication of work to our counsel and are confident they understand our mandate in this regard.

19.     We do not anticipate that any disagreements will arise in the process of making these decisions and agree that we will make good faith efforts to reach a consensus with respect to all decisions arising out of the Actions. However, in the unlikely event that a disagreement arises, we agree to a simple majority vote, and in the event of a deadlock, present our respective views to a qualified independent arbitrator who has previously served as a state or federal judge and to be bound by any decisions made by the arbitrator.

20.     During the May 9 call, we also discussed the fact that we had retained highly-qualified counsel to serve as Co-Lead Counsel and that we would work with counsel to ensure that the case progresses expeditiously and efficiently to bring about a fair resolution to the Actions. We are familiar with the experience, resources, and successes of our proposed Co-Lead Counsel, Levi & Korsinsky and BES. We are aware that Levi & Korsinsky and BES are accomplished law firms with a history of achieving successful recoveries on behalf of defrauded investors such as ourselves. Through our oversight, we believe Levi & Korsinsky and BES will vigorously prosecute this Action in a cost-effective manner and in the best interests of all members of the putative Class.

21.     We hereby reaffirm our commitment to satisfying the fiduciary duties that we will owe to the Class if appointed as Lead Plaintiff, including conferring with counsel regarding litigation strategy, attending court proceedings and depositions, if necessary, and reviewing documents, pleadings, and motions in this Action. Our main goal is obtaining the largest recovery possible for the Class.

6

I, Gary Leung, declare, pursuant to 28 U.S.C. §1746, under the penalty of perjury that the

foregoing is true and correct.

Executed this 13th day of May 2019.

Gary Leung

_____

I, Stephen Pandur, declare, pursuant to 28 U.S.C. §1746, under the penalty of perjury that the foregoing is true and correct.

Executed this 12th day of May 2019.

Stephen Pandur

8

I, David Ge, declare, pursuant to 28 U.S.C. §1746, under the penalty of perjury that the foregoing is true and correct.

Executed this 13th day of May 2019.

David Ge

9

I, Erik De La Cruz, declare, pursuant to 28 U.S.C. §1746, under the penalty of perjury that the foregoing is true and correct.

Executed this 13th day of May 2019.

Erik De La Cruz

10

I, Mario Castorena, declare, pursuant to 28 U.S.C. §1746, under the penalty of perjury that the foregoing is true and correct.

Executed this 13th day of May 2019.

Mario Castorena

_____