**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JONATHAN TAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NIO, INC., BIN LI, and LOUIS T. HSIEH,<br><br>Defendants. | Case No. 1:19-cv-01424-NGG-VMS |
| BABULAL TARAPARA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>NIO INC., BIN LI, LOUIS T. HSIEH, LIHONG QIN, PADMASREE WARRIOR, TIAN CHENG, XIANG LI, HAI WU, YAQIN ZHANG, XIANPING ZHONG, ZHAOHUI LI, MORGAN STANLEY & CO. LLC, GOLDMAN SACHS (ASIA) L.L.C., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, DEUTSCHE BANK SECURITIES INC., CITIGROUP GLOBAL MARKETS INC., CREDIT SUISSE SECURITIES (USA) LLC, UBS SECURITIES LLC, and WR SECURITIES, LLC,<br><br>Defendants. | Case No. 1:19-cv-02777 |

**MEMORANDUM OF LAW IN SUPPORT OF BABULAL TARAPARA'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Babulal Tarapara ("Movant") respectfully submits this memorandum of law in support of his motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 ("PSLRA"): (1) consolidating the above-captioned related actions; (2) appointing Movant as lead plaintiff under 15 U.S.C. §78u-4(a)(4); (3) approving Movant's selection of Glancy Prongay & Murray LLP ("GPM") as lead counsel; and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.    PRELIMINARY STATEMENT

The above-captioned class actions are on behalf of investors that purchased NIO Inc. ("NIO" or the "Company") securities: a) between September 12, 2018 and March 5, 2019, inclusive (the "Class Period"); and/or b) issued in connection with the Company's September 2018 initial public offering (the "IPO").  These actions are governed by the PSLRA, which calls for the Court to appoint a lead plaintiff and lead counsel to direct the litigation.  *See* 15 U.S.C. §78u-4(a)(3)(B)(i) and (v).  When considering the appointment of a lead plaintiff under the PSLRA, the Court must presume that the movant with the largest financial interest in the relief sought by the class action that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is the "most adequate plaintiff" – *i.e.*, the plaintiff most capable of adequately representing the interests of class members.  The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff absent proof that rebuts the presumption of adequacy.  This Motion is made on the grounds that Movant is the "most adequate plaintiff" to serve as lead plaintiff as defined by the PSLRA.

Movant believes that his financial interest in these class actions is the largest of any class member seeking appointment as lead plaintiff.  Movant is not aware of any other class member that filed an action or filed an application for appointment as lead plaintiff that suffered greater losses due to defendants' misconduct.  Accordingly, Movant has "the largest financial interest in the relief sought by the class" and should be appointed lead plaintiff based on his financial losses suffered as a result of defendants' wrongful conduct.

1

In addition, Movant satisfies the relevant requirements of Rule 23. Movant's claims are typical of other class members' claims, and Movant is committed to representing the interests of the Class fairly and adequately. Thus, Movant should be appointed lead plaintiff, and his selection of GPM as lead counsel should be approved. GPM has substantial expertise in securities class action litigation and the commitment and resources needed to efficiently prosecute this case.

## II.   SUMMARY OF THE ACTION[1]

NIO purports to design, jointly manufacture, and sell electric vehicles. The Company also connects users through a mobile application for certain support services.

In September 2018, the Company completed its IPO and sold 183 million American Depositary Shares ("ADSs" or "shares") at a price of $6.26 per share. Of the approximately $1.15 billion proceeds received from the IPO, the Company purportedly would use approximately $238.7 million for the development of its Shanghai manufacturing facility.

Then, on March 5, 2019, after the market closed, the Company announced that it would no longer build its own manufacturing facility and would instead rely on state-owned manufacturer, JAC Auto. The Company also reported that electric vehicle deliveries fell due to anticipated subsidy reductions in China in 2019.

On this news, the Company's share price fell $3.07, or over 30%, over the next two trading sessions to close at $7.09 per share on March 7, 2019, thereby injuring investors.

On May 9, 2019, the Company's share price closed at $4.60 per share, which was a decline of $1.66, or approximately 27%, from the IPO price of $6.26.

The complaints filed in the above captioned actions allege that Defendants made false and/or misleading statements and/or failed to disclose, in the Registration Statement issued in connection with the IPO and throughout the Class Period, that: (1) that the Company would not build its own manufacturing plant; (2) that, instead, the Company would rely on JAC Auto, a manufacturer owned by the Chinese government; (3) that reductions in government subsidies for

---

[1] This section has been adapted from the complaints in the above-captioned actions.

electric cars would materially impact the Company's sales; (4) that the number of registered users of the Company's mobile application did not reflect the active user base; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

## III.   PROCEDURAL HISTORY

Plaintiff Jonathan Tan ("Tan") commenced an action against NIO on March 12, 2019 in the United States District Court, Eastern District of New York, *Tan v. NIO Inc., et al.*, Case No. 1:19-cv-01424. That same day, counsel for Tan published a notice on *Business Wire*, announcing that a securities class action had been initiated against defendants herein.

Subsequently, one other action was filed making similar allegations against the same defendants as the *Tan* complaint:  *Tarapara v. NIO Inc. et al.,*  Case No. 1:19-cv-02777 (filed in this District on May 10, 2019). (*Tan* and *Tarapara* are collectively referred to as the "Related Actions").[2]

## IV.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure Rule 42(a) is proper when actions involve common questions of law and fact. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. The *Tan* Action alleges violations of the Securities Exchange Act of 1934, and the *Tarapara* Action alleges violations of the Securities Act of 1933, but each presents the same or similar theories for recovery and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases

---

[2] In addition to the Related Actions filed before this court, two other actions have been filed in the United States District Court for the Northern District of California; *Sidoli v. NIO, Inc. et al.,* 19-cv-01320 (filed March 12, 2019) and *Jeon v. NIO, Inc. et al.,* 19-cv-01644 (filed March 29, 2019).

under Federal Rule of Civil Procedure 42(a) is appropriate. *See Pipefitters Local No. 636 Defined Ben. Plan v. Bank of America Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) (Consolidation is appropriate "if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.").

### B.   Movant Satisfies the PSLRA's Requirements for Appointment as Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Securities Act of 1933 and/or the Securities Exchange Act of 1934] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u- 4(a)(3)(B)(i).  First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint.  15 U.S.C. §78u-4(a)(3)(A)(i).  This notice shall advise members of the class of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within 60 days of publication of the notice.  Here, adequate notice was published on March 12, 2019, through *Business Wire*.  *See* Declaration of Lesley F. Portnoy (the "Portnoy Decl."), Ex. A.

Next, the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff is the member of the class that:

> (aa) has either filed the complaint or made a motion in response to a notice
>
> . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *See also Int'l Union of Operating Eng'rs Local No. 478 Pension Fund v. FXCM Inc.,* No. 15-cv-3599 (KMW), 2015 WL 7018024, at \*2 (S.D.N.Y. Nov. 12, 2015) ("*FXCM*").

The presumption in favor of appointing a plaintiff as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(b)(iii)(I).

As set forth below, Movant has complied with all of the PSLRA's requirements and he satisfies all of the criteria to be appointed lead plaintiff. Movant, to the best of his knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Rule 23 and is not aware of any unique defenses defendants could raise against him that would render him inadequate to represent the class. Accordingly, Movant respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.    Movant's Motion Is Timely

Movant has timely filed this Motion within 60 days of the March 12, 2019 publication of notice and has duly signed and filed a certification evidencing, among other things, his willingness to serve as a representative party on behalf of the class. *See* Portnoy Decl., Ex. B. Accordingly, Movant satisfies the individual requirements of the PSLRA, 15 U.S.C. §78u-4(a)(3)(B), and is entitled to have his application for appointment as lead plaintiff considered by the Court.

### 2.    Movant Possesses the Largest Financial Interest in the Relief Sought by the Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii).  At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and are presumed to be the "most adequate plaintiff."

Movant purchased NIO securities pursuant and/or traceable to the IPO and/or during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered significant financial losses.  *See* Portnoy Decl., Ex. C.  To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest.  Therefore, Movant satisfies the PSLRA's prerequisite of having "the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).

### 3.    Movant Meets the Requirements of Rule 23

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u- 4(a)(3)(B)(iii)(I)(cc).  At this stage of the proceedings, Rule 23(a) generally requires that the claims of representative parties be typical of the claims of the class and that the representatives will fairly and adequately protect the interests of the class.  *See* Fed. R. Civ. P. 23; *See also FXCM*, 2015 WL 7018024, at *2-*3; *Lopez v. CTPartners Exec. Search, Inc.*, No. 15-cv-1476 (PAE), 2015 WL 2431484, at *1 (S.D.N.Y. May 18, 2015).  As detailed below, Movant satisfies the typicality and adequacy requirements.

The typicality requirement of Rule 23(a)(3) is met where "'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'"  *FXCM*, 2015 WL 7018024, at *5.  The adequacy requirement of Rule 23(a)(4) entails considerations of whether a proposed representative party "will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  For the adequacy

6

requirement to be satisfied, "(1) there should be no conflict between the proposed lead plaintiff and the members of the class, (2) the selected counsel should be qualified, experienced, and able to conduct the litigation, and (3) the lead plaintiff should have a sufficient interest in the outcome to insure vigorous advocacy." *FXCM*, 2015 WL 7018024, at *5.

Here, Movant meets the typicality and adequacy requirements because, like all other members of the purported class, he purchased NIO securities pursuant and/or traceable to the IPO and/or during the Class Period in reliance upon defendants' false and misleading statements and suffered damages thereby. Movant's claims are premised on the same legal and remedial theories and are based on the same types of alleged misrepresentations and omissions as the class's claims. Movant's financial interest demonstrates that he has a sufficient incentive to ensure vigorous advocacy. Movant "does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent.'" *Sgalambo v. McKenzie*, 268 F.R.D. 170, 174 (S.D.N.Y. 2010). Consequently, Movant has demonstrated that he meets all the PSLRA's requirements for a lead plaintiff, and his request for appointment as lead plaintiff should therefore be granted.

### C.    The Court Should Approve Movant's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Courts should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Here, Movant has selected GPM as lead counsel for the class. The attorneys at GPM have successfully prosecuted numerous securities fraud class actions on behalf of injured investors and have been appointed as lead counsel in similar cases both in New York and in courts across the country. As reflected by the firm's résumé, *see* Portnoy Decl., Ex. D, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Movant's selection of counsel.

## V.   CONCLUSION

For the foregoing reasons, Movant respectfully asks the Court to grant his Motion and enter an Order, substantially in the form of the proposed order filed herewith: (1) consolidating the related actions; (2) appointing Movant as lead plaintiff; (3) approving Movant's selection of Glancy Prongay & Murray LLP as lead counsel for the class; and (4) granting such other relief as the Court may deem just and proper.

Dated:  May 13, 2019                              Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By:   *s/ Lesley F. Portnoy*
Lesley F. Portnoy (LP-1941)
230 Park Ave., Suite 530
New York, New York 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
lportnoy@glancylaw.com

**GLANCY PRONGAY & MURRAY LLP**
Lionel Z. Glancy
Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Movant and Proposed Lead Counsel*
*for the Class*

8

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On May 13, 2019,  I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Eastern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 13, 2019 at Los Angeles, California.


*s/ Lesley F. Portnoy*
Lesley F. Portnoy