UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN TAN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> NIO INC., BIN LI, and LOUIS T. HSIEH, <br><br> Defendants. | No.: 1:19-cv-01424-NGG-VMS <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE NIO INVESTOR GROUO FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL |
| BABULAL TARAPARA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> NIO INC., BIN LI, LOUIS T. HSIEH, LIHONG QIN, PADMASREE WARRIOR, TIAN CHENG, XIANG LI, HAI WU, YAQIN ZHANG, XIANPING ZHONG, ZHAOHUI LI, MORGAN STANLEY & CO. LLC, GOLDMAN SACHS (ASIA) L.L.C., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, DEUTSCHE BANK SECURITIES INC., CITIGROUP GLOBAL MARKETS INC., CREDIT SUISSE SECURITIES (USA) LLC, UBS SECURITIES LLC, and WR SECURITIES, LLC, <br><br> Defendants. | No.: 1:19-cv-02777 |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS.......................................................................................................2

ARGUMENT.......................................................................................................................3

    A.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES ..............................................................................................3

    B.     THE NIO INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF ..............................................................................................4

          1.     The NIO Investor Group is Willing to Serve as a Class Representative ..................................................................................5

          2.     The NIO Investor Group Has the "Largest Financial Interest" ..................6

          3.     The NIO Investor Group Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ......................................7

          4.     The NIO Investor Group Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses ...................9

    C.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ..............................................................................................9

CONCLUSION....................................................................................................................11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.F.I.K. Holding SPRL v. Fass*,
216 F.R.D. 567 (D. N.J. 2003) ........................................................................................6

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997) ........................................................................................................8

*Baby Neal v. Casey*,
43 F.3d 48 (3d Cir. 1994) ...............................................................................................8

*Bassin v. Decode Genetics, Inc.*,
230 F.R.D. 313 (S.D.N.Y. 2005) ....................................................................................4

*Beck v. Maximus, Inc.*,
457 F.3d 291 (3d Cir. 2006) ...........................................................................................8

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
252 F.R.D. 188 (S.D.N.Y. 2008) ....................................................................................3

*Danis v. USN Communs., Inc.*,
189 F.R.D. 391 (N.D. Ill. 1999) .....................................................................................7

*Fischler v. Amsouth Bancorporation*,
176 F.R.D. 583 (M.D. Fla. 1997) ...................................................................................7

*Gluck v. Cellstar Corp.*,
976 F. Supp. 542 (N.D. Tex. 1997) ................................................................................7

*Greebel v. FTP Software*,
939 F. Supp. 57 (D. Mass. 1996) ...................................................................................7

*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*,
2004 U.S. Dist. LEXIS 10200 (E.D. Pa. Jun. 3, 2004) ..................................................6

*In re Comverse Tech., Inc., Sec. Litig.*,
2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) ...............................................6

*In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC),
2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009) ...........................................3, 4

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp.2d 286 (E.D.N.Y. 1998) ..............................................................................6, 7

ii

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ...................................................................................7

*In re Tronox, Inc. Sec. Litig.*,
    262 F.R.D. 338 (S.D.N.Y. 2009) .................................................................................3

*In re Vicuron Pharms., Inc. Sec. Litig.*,
    225 F.R.D. 508 (E.D. Pa. 2004)...................................................................................6

*Janovici v. DVI, Inc.*, No. 03-4795,
    2003 U.S. Dist. LEXIS 22315 (E.D.Pa. Nov. 25, 2003) ...........................................6

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir. 1990)......................................................................................3

*Lax v. First Merch. Acceptance Corp.*,
    1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) .............................................6

*Malcolm v. Nat'l Gypsum Co.*,
    995 F.2d 346 (2d Cir. 1993) .......................................................................................3

*Osher v. Guess ?, Inc.*,
    2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ............................................9

*Riordan v. Smith Barney*,
    113 F.R.D. 60 (N.D. Ill. 1986) ...................................................................................8

## Statutes

15 U.S.C. § 78u-4(a)(3)(B)(iii) ...................................................................................*passim*

## Rules

Federal Rules of Civil Procedure Rule 23 ..................................................................*passim*

Federal Rules of Civil Procedure Rule 42 ................................................................. 1, 3, 7

Movants Bruce A. Bookbinder, Henri A. Malka, and Raam Muthusamy (collectively, the "NIO Investor Group") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Fed. R. Civ. P. 42, for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing the NIO Investor Group as Lead Plaintiff on behalf of all persons and entities that purchased or otherwise acquired the securities of NIO Inc. ("NIO" or the "Company") (i) between September 12, 2018 to March 5, 2019, both dates inclusive (the "Class Period"), and/or (ii) pursuant and/or traceable to the Company's false and/or misleading registration statement and prospectus (collectively, the "Registration Statement") issued in connection with the Company's September 2018 initial public offering ("IPO" or the "Offering"); and (3) approving Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel.

## PRELIMINARY STATEMENT

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).   The NIO Investor Group, with losses of approximately $315,409 in connection with its purchases of NIO securities during the Class Period, has the largest financial interest in the relief sought in this action.   The NIO Investor Group further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as it is an adequate representative with claims typical of the other Class members. Accordingly, the NIO Investor Group respectfully submits that it should be appointed Lead Plaintiff.

1

## STATEMENT OF FACTS

As alleged in the Complaints in the Related Actions, NIO purports to design, jointly manufacture, and sell electric vehicles. The Company also connects users through a mobile application for certain support services. 3. On September 12, 2018, the Company filed with the SEC its IPO prospectus, which forms part of the Registration Statement. In the IPO, the Company sold 183 million ADSs at a price of $6.26 per share. Each ADS represents one share of common stock. The Company received proceeds of approximately $1.15 billion from the IPO net of underwriting discounts and commissions. The proceeds from the IPO were purportedly to be used for research and development of products; selling and marketing and development of sales channels; development of manufacturing facilities and roll-out of its supply chain; and general corporate purposes and working capital. Notably, approximately $238.7 million was to be used for the development of its Shanghai manufacturing facility.

According to the Complaints, defendants made false and/or misleading statements and/or failed to disclose that: (1) NIO would not be building its own manufacturing plant and would instead continue to rely on a little-known Chinese state-owned auto manufacturer, JAC Auto, to manufacture its electric vehicles; (2) reductions in government subsidies for electric cars would materially impact NIO's sales; and (3) as a result, defendants' statements about NIO's business, operations, and prospects were materially false and misleading at all relevant times. When the true details entered the market, the lawsuit claims that investors suffered damages.

On March 5, 2019, after the market closed, the Company announced that it would no longer build its own manufacturing plant and would instead rely on state-owned manufacturer, JAC Auto. The Company also reported that electric vehicle deliveries fell due to anticipated

2

subsidy reductions in China in 2019. 5. On this news, the Company's share price fell $3.07, or over 30%, over the next two trading days to close at $7.09 per share on March 7, 2019, on unusually heavy trading volume.

On May 9, 2019, the Company's share price closed at $4.60 per share, which was a decline of $1.66, or approximately 27%, from the IPO price of $6.26.

## ARGUMENT

### A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a). *See also* Manual for Complex Litigation (Third), § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact. *See* Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *4–8

3

(S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law *and* fact. Each action was brought against the Company, as well as certain officers and directors of the Company, in connection with violations of the federal securities laws. Accordingly, the Related Actions allege substantially the same wrongdoing—namely, that defendants issued materially false and misleading statements and omissions that artificially inflated the price of the Company's securities and subsequently damaged the Class when the Company's stock price crashed as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *In re GE*, 2009 U.S. Dist. LEXIS 69133), at *5 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

## B. THE NIO INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

The NIO Investor Group should be appointed Lead Plaintiff because it has the largest financial interest in the consolidated action and otherwise meets the requirements of Rule 23. Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

4

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the NIO Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1.    The NIO Investor Group is Willing to Serve as a Class Representative

On March 12, 2019, counsel for plaintiff in the first of the Related Actions to be filed caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors in NIO securities that they had 60 days—*i.e.*, until May 13, 2019—to file a motion to be appointed as Lead Plaintiff.  *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Ex. A.

The NIO Investor Group has filed the instant motion pursuant to the Notice, and its members have submitted Certifications attesting that they are willing to serve as representatives for the Class, and provide testimony at deposition and trial, if necessary.  *See* Lieberman Decl.,

5

Ex. B.    Accordingly, the NIO Investor Group satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2.    The NIO Investor Group Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, the NIO Investor Group believes that it has the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[1] The most critical among the Lax Factors is the approximate loss suffered. *See*, *e.g.*, *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *Janovici v. DVI, Inc.*, No. 03-4795, 2003 U.S. Dist. LEXIS 22315, at *39 (E.D.Pa. Nov. 25, 2003); *In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 10200, at *2–3 (E.D. Pa. Jun. 3, 2004); *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 572 (D. N.J. 2003).

During the Class Period, the NIO Investor Group: (1) purchased 188,300 shares of NIO securities; (2) expended $1,583,499 on its purchases of NIO securities; (3) retained 113,300 shares of NIO securities; and (4) as a result of the disclosures of the fraud, suffered a loss of $315,409 with its Class Period purchases of NIO securities.  *See* Lieberman Decl., Ex. C. Because the NIO Investor Group possesses the largest financial interest in the outcome of this

---

[1] *See also In re Olsten Corp. Sec. Litig.,* 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998).  *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

litigation, it may be presumed to be the "most adequate" plaintiff.   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.     The NIO Investor Group Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."   Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996).   Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999).   In other words,

"the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")).

The claims of the NIO Investor Group are typical of those of the Class. The NIO Investor Group alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning the Company, or omitted to state material facts necessary to make the statements they did make not misleading. The NIO Investor Group, as did all members of the Class, purchased NIO securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent.'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

8

The NIO Investor Group is an adequate representative for the Class. There is no antagonism between the interests of the NIO Investor Group and those of the Class, and its losses demonstrate that it has a sufficient interest in the outcome of this litigation. Finally, the NIO Investor Group has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### 4. The NIO Investor Group Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

The presumption in favor of appointing the NIO Investor Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The ability and desire of the NIO Investor Group to fairly and adequately represent the Class has been discussed above. The NIO Investor Group is not aware of any unique defenses defendants could raise that would render it inadequate to represent the Class. Accordingly, the NIO Investor Group should be appointed Lead Plaintiff for the Class.

### C. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001). The Court should interfere with Lead

Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, the NIO Investor Group has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. *See* Pafiti Decl., Ex. D. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See* Lieberman Decl., Ex. D. Petrobras is part of a long line of record setting recoveries led by Pomerantz, including the $225 million settlement *in In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *See id.* Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See* THE WALL STREET JOURNAL, *Fiat Chrysler to Settle Lawsuit for $110 Million*, April 8, 2019 (available at https://www.wsj.com/articles/fiat-chrysler-to-settle-lawsuit-for-110-million-11554746066). As a result of Pomerantz's extensive experience in litigation involving issues similar to those raised in the Related Actions, the NIO Investor Group's counsel have the skill and knowledge which will enable them to prosecute a consolidated action effectively and expeditiously. Thus, the Court may be assured that by approving the selection of Lead Counsel by the NIO Investor Group, the members of the class will receive the best legal representation available.

10

**CONCLUSION**

For the foregoing reasons, the NIO Investor Group respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing the NIO Investor Group as Lead Plaintiff for the Class; and (3) approving Pomerantz as Lead Counsel for the Class.

Dated:  May 13, 2019

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Jeremy A. Lieberman*

Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com

*Counsel for Movants and*
*Proposed Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ**
**& GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email:  peretz@bgandg.com

*Additional Counsel for Movants*

11