**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JONATHAN TAN, Individually and On Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>       v.<br><br>NIO INC., BIN LI, and LOUIS T. HSIEH,<br><br>       Defendants. | **CASE No.: 1:19-cv-01424-NGG-VMS**<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS**<br><br>**CLASS ACTION** |

[Caption continues on following page]

| | |
|---|---|
| BABULAL TARAPARA, Individually and On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>     v.<br><br>NIO INC., BIN LI, LOUIS T. HSIEH, LIHONG QIN, PADMASREE WARRIOR, TIAN CHENG, XIANG LI, HAI WU, YAQIN ZHANG, XIANPING ZHONG, ZHAOHUI LI, MORGAN STANLEY & CO. LLC, GOLDMAN SACHS (ASIA) L.L.C., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, DEUTSCHE BANK SECURITIES INC., CITIGROUP GLOBAL MARKETS INC., CREDIT SUISSE SECURITIES (USA) LLC, UBS SECURITIES LLC, and WR SECURITIES, LLC,<br><br>     Defendants. | **CASE No.: 1:19-cv-02777**<br><br>**<u>CLASS ACTION</u>** |

Before the Court are six competing motions for appointment as lead plaintiff. Only one movant, the so-called NIO Investor Group (the "Group")[1], claims a larger loss than Mark Mundy. Butthe NIO Investor Group is an improper lawyer-made group of five individual investors from Hong Kong, Pennsylvania, Maryland, Florida and California represented by two law firms. While courts have allowed unrelated investors to aggregate their losses to seek lead plaintiff status, "courts have been resistant to appointing lead plaintiff groups that appear to lack a pre-litigation relationship and plans for coordination, or to be lawyer-driven …" *Brady v. Top Ships, Inc.*, 324 F.Supp.3d 335, 345 (E.D.N.Y. 2018) (Bianco, J.). "Courts will review these

---

[1] The NIO Investor Group consists of Gary Leung ("Leung"), Stephen Pandur ("Pandur"), David Ge ("Ge"), Erik De La Cruz, ("De La Cruz"), and Mario Castorena ("Castorena").

groups on a case-by-case basis, if such grouping would best serve the class." *Id.* (internal quotations and citations omitted).

As demonstrated below, the Court should not allow the NIO Investor Group to aggregate its losses as the Group was created by counsel to amass the largest financial interest after learning of competing movants with larger losses.

Additionally, the Group's Joint Declaration (Dkt. No. 20-3), submitted to evidence its cohesion and non-lawyer driven reason to group, raises more questions than it answers. It appears that Mr. Castorena was an eleventh-hour addition to the Group as he signed his PSRLA certification on May 13, 2019. (Dkt. No. 20-1 at 10). The Joint Declaration omits Mr. Castorena from a key paragraph of the Joint Declaration concerning the group members agreeing to work together. (Dkt. No. 20-3 ¶11). The Joint Declaration makes much ado about a telephone call on May 9, 2019, but it is purposely vague and unclear on who actually participated in the telephone call.

Courts do not hesitate to reject unrelated groups that fail to adequately demonstrate their adequacy. *E.g.*, *Kniffin v. Micron Technology, Inc.*, __ F.Supp.3d __, 2019 WL 2119613, at * 2 (S.D.N.Y. April 30, 2019) (rejecting unrelated group proffered by NIO Investor Group's counsel that submitted a nearly identical joint declaration); *Takata v. Riot Blockchain, Inc.*, 2018 WL 5801379, at *5 (D.N.J. Nov. 6, 2018) (same); *Jakobsen v. Aphria Inc.*, No 2019 WL 1533598, at * 3 (S.D.N.Y. Mar. 27, 2019) (rejecting group that failed to show pre-existing relationship, barely allege any involvement in the litigation thus far, had vague and conclusory plans for cooperation, and were silent on whether they were formed as a group independent of counsel).

In contrast to the NIO Investor Group, Mr. Mundy lost $718,000 and has the largest individual financial interest. Mr. Mundy also selected The Rosen Law Firm, P.A. ("Rosen

Law"), who is best suited to lead this litigation involving Chinese issuer like NIO. As Chief

Judge McMahon of the Southern District of New York explained:

> [T]he Rosen firm has extensive experience navigating the particular complexities of litigation with Chinese companies that may claim a state secrets privilege. Moreover, in contrast to every other firm that appeared before this Court at the April 24, 2015 conference, the Rosen firm employs fluent Chinese speakers. I appoint the Rosen firm—and it alone—as lead counsel.

*Khunt v. Alibaba Group Holding Ltd.*, 102 F.Supp.3d 523, 540 (S.D.N.Y. 2015). Ultimately,

The Rosen Law Firm leveraged its experience and resources to secure a $250 million cash

settlement from Alibaba Group Holding Ltd. ("Alibaba")—believed to be the largest ever cash

settlement involving a Chinese issuer. *See* ISS Securities Class Action Services, THE TOP 100

U.S. CLASS ACTION SETTLEMENT OF ALL TIME (AS OF DECEMBER 31, 2018) (2019).

## ARGUMENT

## I.     THE NIO INVESTOR GROUP IS AN IMPROPER LAWYER-MADE GROUP OF UNRELATED INVESTORS

The majority of Courts in the Second Circuit allow unrelated investors to aggregate their

losses "on a case-by-case basis." *Brady*, 324 F.Supp.3d at 345. Such aggregation is permitted

only when "such grouping would best serve the class." *Id.*; *Int'l Union of Operating Engineers*

*Local No. 478 Pension Fund v. FXCM Inc.*, 2015 WL 7018024, at *2 (S.D.N.Y. Nov. 12, 2015).

Courts have required unrelated members of a group to make "an evidentiary showing that

unrelated members of a group will be able to function cohesively and to effectively manage the

litigation apart from their lawyers before its members will be designated as presumptive lead

plaintiffs." *Kniffin*, 2019 WL 2119613, at *1-2. Courts evaluate evidence of:

> (1) the existence of a pre-litigation relationship between group members; (2) involvement of the group members in the litigation thus far; (3) plans for cooperation; (4)

the sophistication of its members; and (5) whether the members chose outside counsel, and not vice versa.

*See Kniffin*, 2019 WL 2119613, at *2; *Brady*, 324 F.Supp.3d at 345; *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 391 (S.D.N.Y. 2008).

Courts reject unrelated groups that are lawyer-driven or unable to "function cohesively and effectively manage the litigation apart from their lawyers." *FXCM*, 2015 WL 7018024, at *2; *Elstein v. Net1 UEPS Techs., Inc.*, 2014 WL 3687277, at *5 (S.D.N.Y. July 23, 2014); *Khunt*, 102 F. Supp. 3d at 532 ("Many courts—including this one—have turned away pastiche plaintiffs whose grouping appears to be solely a product of the litigation, because, 'To allow an aggregation of unrelated plaintiffs to serve as lead plaintiffs defeats the purpose of choosing a lead plaintiff.'") (quoting *In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 157 (S.D.N.Y. 1997)).

The NIO Investor Group was improperly created solely to amass the largest loss. On May 8, 2019, the undersigned exchanged emails with Brandon Walker, a Partner at Brager, Eagle & Squire P.C. ("Brager"), the NIO Investor Group's proposed co-lead counsel. In the email exchange, the undersigned revealed that there were investors seeking to be lead plaintiff with losses in "high six" to "seven figures." *See* Declaration of Phillip Kim, ("Kim Decl."), Ex. 1. Mr. Walker explained that he had clients with mid-six figures in losses —Leung and Pandur. [2] *Id.* After learning of this information, it appears that Brager decided to team up with Levi Korsinksy

---

[2] Leung and Pandur appear to be Brager's clients based on the form of PSLRA certification used. (Dkt. No. 20-1 at 2-5). Additionally, Leung and Pandur's losses are consistent with Mr. Walker's representation that he had clients in the mid-six figures as Leung and Pandur's combined losses are $490,890.

4

LLP ("Levi") — whose clients are Ge, De La Cruz, and Castorena.[3] The sole purpose of this combination was to amass losses to beat "high six" to "seven figures." Furthermore, the timing is consistent with the Joint Declaration that indicates that a telephone call was held on May 9, 2019 to discuss the grouping of the two firms' clients. (Dkt. No. 20-3 at ¶12). These facts are fatal to the NIO Investor Group's motion. *See In re Razorfish, Inc. Sec. Litig.*, 143 F.Supp.2d 304, 308 (S.D.N.Y. 2001) (rejecting proposed group because it was "simply an artifice cobbled together by cooperating counsel for the obvious purpose of creating a large enough grouping of investors to qualify as 'lead plaintiff'").

The NIO Investor Group's Joint Declaration raises even more questions. Paragraph 11 of the Joint Declaration refers to four members and excludes Mr. Castorena. (Dkt. No. 20-3 at ¶11). Mr. Castorena appears to be a last-minute addition to the Group as his PSLRA certification is dated May 13, 2019. This casts doubt as to whether Mr. Castorena participated in the May 9, 2019 call. Courts have rejected as conclusory joint declarations similarly-worded to that submitted by the NIO Investor Group's counsel. *See e.g.*, *Kniffin*, 2019 WL 2119613, at *2 (rejecting unrelated group proffered by NIO Investor Group's counsel, submitting nearly identical joint declaration); *Takata*, 2018 WL 5801379, at *5 (rejecting unrelated group proffered by NIO Investor Group's counsel, submitting nearly identical Joint Declaration).

Lastly, doubts about the NIO Investor Group are further magnified by significant errors in its submissions. Pandur and De La Cruz's sworn certifications contain material errors. Pandur purports to have purchased 30,000 ADRs of NIO at $9.50/ADR on March 5, 2019, however, NIO ADRs did not trade below $9.70/ADR on March 5, 2019. Kim Decl., Ex. 2.

---

[3] Ge, De La Cruz, Castorena appear to be clients of Levi based on the form of their PSLRA certifications.

Likewise, De La Cruz claims to have purchased 18,100 ADRs at $11.82/ADR on September 17, 2019. But, on September 17, 2019, NIO ADRs did not trade above $9.75/ADR. Kim Decl., Ex. 3. On December 27, 2018, De La Cruz claims to have purchased 1,000 shares of NIO ADRs at $5.99/ADR, but the recorded low for that date of $6.03/ADR. Kim Decl., Ex. 4. These errors, considered in conjunction with issues discussed above, demonstrate that the NIO Investor Group is an improper group. *See, e.g., In re Sonus Networks, Inc. Sec. Litig.*, 229 F.R.D. 339, 343 (D. Mass. 2005) (class not certified because, among other things, a certification was submitted with inaccurate trade data).

## II.     ROSEN LAW SHOULD BE APPOINTED LEAD COUNSEL

Rosen Law is best suited to lead a securities class action involving a Chinese issuer like NIO. As Judge McMahon correctly observed, "the Rosen firm has extensive experience navigating the particular complexities of litigation with Chinese companies" and "the Rosen firm employs fluent Chinese speakers." *Khunt*, 102 F.Supp.3d at 540.

6

Rosen Law still employs fluent Chinese speakers, including a Chinese educated lawyer, and has leveraged the firm's capabilities to successfully litigate against Chinese issuers like NIO[4] and obtain significant recoveries. For example, after reversing the dismissal of the action,[5] Rosen Law engaged in complex and hard-fought discovery in Hong Kong, obtained class certification, and ultimately secured at $250 million cash settlement for Alibaba investors, pending court approval. *See Khunt v. Alibaba Group Holding Limited, et al.*, Case No. 1:15CV00759 (E.D.N.Y.) (Dkt. No. 77) (order preliminarily approving settlement). In short, the Rosen Law Firm is more than qualified to lead this case.

## CONCLUSION

For the foregoing reasons, Mr. Mundy respectfully requests the Court issue an Order: (1) consolidating the related actions; (2) appointing Mr. Mundy as Lead Plaintiff of the Class; (3) approving the Mr. Mundy's selection of Rosen Law. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

---

[4] *E.g., Munoz v. China Expert Technology, Inc.*, 2011 WL 5346323 (S.D.N.Y. Nov. 7, 2011) (issues concerning Chinese State Secrecy laws and discovery in China); *Rose v. Deer Consumer Products, Inc.*, 2011 WL 6951969 (C.D. Cal. Dec. 29, 2011) (service of process issues relating to PRC defendants). Reported cases include: *Ho v. Duoyuan Global Water, Inc.*, 887 F. Supp. 2d 547 (S.D.N.Y. 2012); *In re Fuwei Films Sec. Litig.*, 634 F.Supp.2d 419 (S.D.N.Y. 2009); *Lewy v. SkyPeople Fruit Juice, Inc.*, 2012 WL 3957916 (S.D.N.Y. Sept. 10, 2012); *Perry v. Duoyuan Printing, Inc.*, 2013 WL 4505199 (S.D.N.Y. Aug. 22, 2013); *Yang v. Tibet Pharms.*, 2015 WL 730036 (D.N.J. Feb. 20, 2015); *Omanoff v. Patrizio & Zhao LLC*, 2015 WL 1472566 (D.N.J. Mar. 31, 2015); *Hufnagle v. RINO International Corp.*, 2013 WL 3976833 (C.D. Cal. Aug. 1, 2013); *In re Montage Tech. Group Limited Sec. Litig.*, 78 F.Supp.3d 125 (N.D. Cal. 2015); *In re Montage Tech. Group Limited Sec. Litig.*, 2016 WL 1598666 (N.D. Cal. April 21, 2016); *Desta v. WINS Finance Holdings, Inc.*, 2018 WL 7458639 (C.D. Cal. November 9, 2018); *In re China Educ. Alliance, Inc. Sec. Litig.* 2011 WL 4978483 (C.D. Cal. Oct. 11, 2011); *Henning v. Orient Paper, Inc.*, 2011 WL 2909322 (C.D. Cal. July 20, 2011); *Snellink v. Gulf Resources, Inc.,* 870 F.Supp.2d 930 (C.D. Cal. 2012); *Vanleeuwen v. Keyuan Petrochemicals, Inc.*, 2013 WL 2247394 (C.D. Cal May 9, 2013); *Dean v. China Agritech, Inc.*, 2011 WL 5148598 (C.D. Cal. Oct. 27, 2011); *Miller Investment Trust v. Morgan Stanley & Co., Inc.*, 879 F.Supp.2d 158 (D. Mass. 2012).

[5] *Christine Asia Co. v. Ma*, 718 F. App'x 20 (2d Cir. 2017).

7

Dated: May 28, 2019                     Respectfully submitted,

                                        **THE ROSEN LAW FIRM, P.A.**

                                        /s/ Phillip Kim
                                        Phillip Kim, Esq. (PK 9384)
                                        Laurence M. Rosen, Esq. (LR 5733)
                                        275 Madison Avenue, 34th Floor
                                        New York, New York 10016
                                        Telephone: (212) 686-1060
                                        Fax: (212) 202-3827
                                        Email: pkim@rosenlegal.com
                                        Email: lrosen@rosenlegal.com

                                        *[Proposed] Lead Counsel for Plaintiff and Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of May 2019, a true and correct copy of the foregoing **MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS** was served by CM/ECF to the parties registered to the Court's CM/ECF system.


/s/ Phillip Kim