# EXHIBIT 1

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SIDOLI, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>NIO INC., BIN "WILLIAM" LI, and LOUIS T. HSIEH a/k/a TUNG-JUNG HSIEH,<br><br>        Defendants. | Case No. 3:19-cv-01320-WHO<br><br>**NOTICE OF ERRATA RE: DKT. # 27**<br><br><u>CLASS ACTION</u> |
| MARKUS JEON, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>NIO INC., BIN "WILLIAM" LI, and LOUIS T. HSIEH a/k/a TUNG-JUNG HSIEH,<br><br>        Defendants. | Case No. 3:19-cv-01644-WHO<br><br>Hon. William H. Orrick |

1

Movant Mark Mundy respectfully submits this Notice of Errata Re: Dkt. # 27 to his Motion to Consolidate Cases and For Appointment as Lead Plaintiff and Approval of Selection of Counsel. Due to an inadvertent error in his Motion on page 7, line 1, footnote no. 2 was mistakenly included stating in relevant part that "Movant acknowledges that he was convicted of Bankruptcy Fraud, a felony, in 2001. He served 15 months in jail satisfied the terms of his supervised release. He has put the past behind him and is ready to proceed as lead plaintiff." *See* Declaration of Phillip Kim, filed herewith ("Kim Decl."), ¶2. Mr. Mundy was never convicted of bankruptcy fraud and was not incarcerated. *Id.*

In drafting this motion, we inadvertently used as a template motion papers from different Northern District of California filing that included this bankruptcy fraud footnote concerning a different client. Kim Decl. ¶2. We ultimately did not file that motion. *Id.*

A corrected copy of the aforementioned documents is submitted herewith.

We apologize to the Court for this inadvertent error.

2

NOTICE OF ERRATA RE: DKT. # 27 –3:19-cv-01320-WHO

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071. I am over the age of eighteen.

On May 29, 2019 I electronically filed the following **NOTICE OF ERRATA RE: DKT # 27** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on May 29, 2019.

/s/ Laurence M. Rosen
Laurence M. Rosen

3

NOTICE OF ERRATA RE: DKT. # 27 –3:19-cv-01320-WHO

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SIDOLI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> NIO INC., BIN "WILLIAM" LI, and LOUIS T. HSIEH a/k/a TUNG-JUNG HSIEH, <br><br> Defendants. | Case No. 3:19-cv-01320-WHO <br><br> **NOTICE OF MOTION AND MOTION OF MARK MUNDY TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> <u>CLASS ACTION</u> <br><br> Judge: William H. Orrick <br> Hearing Date: June 19, 2019 <br> Time: 2:00 p.m. <br> Ctrm: 2-17th Floor (San Francisco)) |
| MARKUS JEON, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> NIO INC., BIN "WILLIAM" LI, and LOUIS T. HSIEH a/k/a TUNG-JUNG HSIEH, <br><br> Defendants. | Case No. 3:19-cv-01644-WHO <br><br> Hon. William H. Orrick |

NOT. OF MTN. AND MTN. OF MARK MUNDY TO CONSOLIDATE RELATED ACTIONS, FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF –3:19-cv-01320-WHO

**PLEASE TAKE NOTICE** that on June 19, 2019 at 2:00 p.m. before the William H. Orrick  in Courtroom 2-17th Floor, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Mark Mundy ("Movant") will, and does move this Court for an order granting the Motion: (a) consolidating the related actions, (b) appointing Movant as Lead Plaintiff; and (c) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel.

This Motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B) and Federal Rule of Civil Procedure 42(a), on the grounds that: (1) the related actions should be consolidated as they involve common questions of law and fact and consolidation would promote judicial economy; (2) Movant should be appointed as Lead Plaintiff for the class of securities purchasers of NIO Inc. ("NIO" or the "Company") between September 12, 2018 and March 5, 2019, inclusive, as Movant timely made this Motion, has the largest financial interest and otherwise satisfies the pertinent requirements of Federal Rule of Civil Procedure 23; and (3) that Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel should be approved as the firm is well-qualified with extensive experience in cases of this type.

In support of this Motion, Movant files herewith a memorandum of points and authorities, the Declaration of Laurence M. Rosen, the certification of Laurence M. Rosen pursuant to LR 3-7(d), a certification pursuant to LR 3-15, and a proposed order.

NOT. OF MTN. AND MTN. OF MARK MUNDY TO CONSOLIDATE RELATED ACTIONS, FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF –3:19-cv-01320-WHO

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Mark Mundy ("Movant"), respectfully submits this memorandum in support of its motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1)    consolidating the above-captioned related actions;

(2)    appointing Movant as Lead Plaintiff for all persons other than defendants who purchased the securities of NIO between September 12, 2018 and March 5, 2019,[1] inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(3)    appointing The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## I.    PERTINENT BACKGROUND

On March 12, 2019, the first action was commenced by The Rosen Law Firm, P.A. against Defendants for claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder in the District Court for the Eastern District of New York. *See Tan v. NIO Inc., et al.*, No. 1:19-cv-01424 (E.D.N.Y.) (the "*Tan* Action"). That same day, The Rosen Law Firm, P.A. issued a PSLRA early notice advising potential Class members of, among other things, the claims alleged in the action and the 60-day deadline for Class members to move to be appointed as lead plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration"). The above-captioned related action styled as *Sidoli v. NIO Inc., et al.,* No. 3:19-cv-01320-WHO (N.D. Cal.), was filed on that same day asserting similar facts and claims as the *Tan* Action. A related action captioned *Jeon v. v. NIO Inc., et al*, No. 3:19-cv-01644-WHO (the "*Jeon* Action") was

---

[1] This is the class period in the *Jeon* Action. The class period in this action is January 10, 2019 through March 5, 2019. A more inclusive class period is favored at the lead plaintiff stage. *Deering v. Galena Biopharma, Inc.*, 2014 WL 4954398, at *10 (D. Or. Oct. 3, 2014) (recognizing that courts commonly select "most inclusive class period" at lead plaintiff stage); *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113- 114 (E.D.N.Y. 2012) (court favoring a broader class which "encompasses more potential class members" early in the litigation at the lead plaintiff stage).

NOT. OF MTN. AND MTN. OF MARK MUNDY TO CONSOLIDATE RELATED ACTIONS, FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF –3:19-cv-01320-WHO

subsequently filed in this Court asserting substantially similar facts and claims. Movant intends to file a similar lead plaintiff motion in the *Tan* Action in the Eastern District of New York.

The Complaints allege that during the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) NIO would not be building its own manufacturing plant and would instead continue to rely on JAC Auto to manufacture its vehicles; (2) reductions in government subsidies for electric cars would materially impact NIO's sales; (3) the Chinese government indicated that it would start to reduce the subsidies in 2019; (4) NIO ES8 deliveries were not growing, but, in fact, had materially declined; (5) the Company was experiencing material negative trends that would negatively impact NIO vehicle sales and revenues through at least the second quarter of 2019; (6) the Company's "made-to-order" model of business had experienced material manufacturing difficulties for at least six months; and, (7) as a result, NIO's public statements were materially false and misleading at all relevant times.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a); *see also Richardson v. TVIA*, 2007 WL 112344, at *2 (N.D. Cal. Apr. 16, 2007).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned related actions in this District allege similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act by the Defendants arising from the public dissemination of false and misleading information to

NOT. OF MTN. AND MTN. OF MARK MUNDY TO CONSOLIDATE RELATED ACTIONS, FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF –3:19-cv-01320-WHO

investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies the above criteria, having the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

### A. Movant Is Willing to Serve as Class Representative

Movant timely filed the instant motion in response to a PSLRA early notice, and filed herewith a PSLRA certification attesting that Movant is willing to serve as a representative of the Class and is willing to provide testimony at deposition and trial, if necessary. *See* Rosen Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group . . . that . . . has the largest financial interest in the relief sought

by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest," the movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA, Inc.*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant lost approximately $718,000 in connection with purchases of NIO securities during the Class Period. *See* Rosen Decl., Ex. 3 (Movant's Loss Chart). Movant is not aware of any other movant that has suffered greater losses in NIO securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

**C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all of the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the Class, and Movant's claims are typical of the members of the Class. Movant and all members of the Class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about NIO and its business. Movant, as did all of the members of the Class, purchased NIO securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the Class.

Thus, the close alignment of interests between Movant and other Class members, and Movant's desire to prosecute this action on behalf of the Class, provides ample reason to appoint Movant as Lead Plaintiff.

**D. Movant Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the Class has been discussed above. Movant is not aware of any unique defenses that Defendants could raise against Movant that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

**III. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with

Case 1:19-cv-01424-NGG-JRC Document 34-17-1 Filed 05/29/19 Page 12 of 17 PageID
Case 3:19-cv-01320-WHO Document 47-1 Filed 05/29/19 Page 8 of 10 PageID
#: 816

the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching the Class' and the Movant's claims – reviewing publicly available financial and other documents and gathering information in support of the claims against the Defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in numerous courts throughout the nation. The Rosen Law Firm, P.A. has prosecuted securities fraud class actions and other complex litigation and has obtained substantial recoveries on behalf of investors. The resume of the firm is attached as Exhibit 4 to the Rosen Declaration.

As a result of the firm's experiences in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable it to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of counsel, the members of the Class will receive the best legal representation available.

## IV. CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidating the related actions; (2) appointing Movant as Lead Plaintiff of the Class; (3) approving The Rosen Law Firm, P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: May 13, 2019                 Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

8

Case 3:19-cv-01320-WHO   Document 47-1   Filed 05/29/19   Page 9 of 10
#: 817

NOT. OF MTN. AND MTN. OF MARK MUNDY TO CONSOLIDATE RELATED ACTIONS, FOR APPT. AS LEAD
PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF –3:19-cv-01320-WHO

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On May 13, 2019 I electronically filed the following **NOTICE OF MOTION AND MOTION OF MARK MUNDY TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on May 13, 2019.

/s/ Laurence M. Rosen
Laurence M. Rosen

10

NOT. OF MTN. AND MTN. OF MARK MUNDY TO CONSOLIDATE RELATED ACTIONS, FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF –3:19-cv-01320-WHO

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SIDOLI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NIO INC., BIN "WILLIAM" LI, and LOUIS T. HSIEH a/k/a TUNG-JUNG HSIEH,<br><br>Defendants. | Case No. 3:19-cv-01320-WHO<br><br>**DECLARATION OF PHILLIP KIM**<br><br><u>CLASS ACTION</u> |
| MARKUS JEON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NIO INC., BIN "WILLIAM" LI, and LOUIS T. HSIEH a/k/a TUNG-JUNG HSIEH,<br><br>Defendants. | Case No. 3:19-cv-01644-WHO<br><br>Hon. William H. Orrick |

1

I, Phillip Kim, declare:

1.      I am an attorney duly licensed to practice in the New York. I am a Partner at The Rosen Law Firm, P.A., attorneys for movant Mark Mundy. I submit this Declaration in connection with the Notice of Errata Re Dkt. # 27 herewith.

2.      To prepare the motion papers for Mr. Mundy's lead plaintiff motion, we used as a template draft motion papers my firm prepared for another case, *Lu v. Align Technology, et al.,* Case No. 5:18-cv-06720-LHK (N.D. Cal.), involving a different movant that had the bankruptcy fraud conviction and incarceration noted on footnote no. 2 on page 7, line 1 of the Memorandum of Points and Authorities, dkt. # 27. Ultimately, we did not file the *Align* lead plaintiff motion. We mistakenly did not remove footnote no. 2 when comporting the motion papers for this matter. Mr. Mundy has no previous conviction of bankruptcy fraud and incarceration.

3.      I reviewed the motion prior to its filing on my cell phone. It appears that footnote no 2 did appear on my phone.

4.      The related lead plaintiff motion papers filed by Mr. Mundy in the U.S. District Court for the Eastern District of New York, correctly omits any such footnote.

5.      I apologize to the Court for this inadvertent mistake. A corrected motion document omitting footnote no. 2 is also filed along with this Declaration.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 29th of May 2019.

THE ROSEN LAW FIRM, P.A.

*Phillip Kim*

Phillip Kim

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071. I am over the age of eighteen.

On May 29, 2019, I electronically filed the following **DECLARATION OF PHILLIP KIM** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on May 29, 2019.

/s/ Laurence M. Rosen
Laurence M. Rosen