**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JONATHAN TAN, Individually and On Behalf of All Others Similarly Situated, | Civil Action No.: 1:19-cv-01424-NCG |
| Plaintiff, | |
| v. | |
| NIO INC., BIN LI, and LOUIS T. HSIEH, | |
| Defendants. | |
| BABULAL TARAPARA, Individually and On Behalf of All Others Similarly Situated, | Civil Action No.: 1:19-cv-02777-ERK |
| Plaintiff, | |
| v. | |
| NIO INC., BIN LI, LOUIS T. HSIEH, LIHONG QIN, PADMASREE WARRIOR, TIAN CHENG, XIANG LI, HAI WU, YAQIN ZHANG, XIANPING ZHONG, ZHAOHUI LI, MORGAN STANLEY & CO. LLC, GOLDMAN SACHS (ASIA) L.L.C., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, DEUTSCHE BANK SECURITIES INC., CITIGROUP GLOBAL MARKETS INC., CREDIT SUISSE SECURITIES (USA) LLC, UBS SECURITIES LLC, and WR SECURITIES, LLC, | |
| Defendants. | |

**THE NIO INVESTOR GROUP'S OBJECTION TO**
**MARK MUNDY'S REQUEST TO FILE SUR-REPLY**

Lead Plaintiff movants Gary Leung, Stephen Pandur ("Pandur"), David Ge, Erik De La Cruz, and Mario Castorena ("Castorena") (collectively, the "NIO Investor Group" or the "Group") respectfully object to competing movant Mark Mundy's ("Mundy") letter request for Leave to File a Sur-Reply in Further Support of Mark Mundy's Lead Plaintiff Motion (ECF Nos. 40, 40-1) (the "Sur-Reply"). Mundy's letter request is procedurally improper because it was required to be made by motion with an accompanying memorandum of law containing a detailed explanation of the grounds for the sur-reply as supported by relevant authority. Mundy's letter request was neither. The Sur-Reply also lacks merit because it is based entirely on speculation and asserts arguments that have been routinely rejected by courts. Finally, the Sur-Reply should be stricken to the extent it rehashes prior arguments relating to the sufficiency of the Group's joint declarations already made in Munday's opposition and reply briefing.

## I.    LEGAL STANDARD

Neither the Federal Rules of Civil Procedure nor the Local Rules for the Eastern District of New York or this Court's individual rules expressly permit the filing of a sur-reply. *Guity v. Uniondale Union Free Sch. Dist.*, 2017 U.S. Dist. LEXIS 51964, at *6 (E.D.N.Y. Mar. 31, 2017) ("Local Civil Rule 6.1 does not contemplate the submission of a sur-reply in further opposition to a motion"); *Clark v. City of Oswego*, No. 5:03-CV-202, 2007 WL 925724, at *7 n. 9 (N.D.N.Y. Mar. 26, 2006) ("Neither the Federal Rules of Civil Procedure nor the Local Rules permit such a surreply, and the Court is under no obligation to give plaintiff another chance to make his arguments."). "A sur-reply is appropriate only where the party against whom the sur-reply will be filed raises new arguments in its reply." *Ramon v. Corporate City of N.Y.*, 2019 U.S. Dist. LEXIS 47406, at *4 (E.D.N.Y. Mar. 21, 2019). Such a request must also be accompanied by a detailed recital of the necessity of the proposed sur-reply—something more than a conclusory assertion

that new arguments were raised in the reply, as Mundy has done here. *See In re Bello*, 528 B.R. 562, 569 (Bankr. E.D.N.Y. 2015) (denying motion for leave to file a sur-reply where litigant had "not stated grounds to permit" one). "Allowing parties to submit surreplies is not a regular practice that courts follow, because such a procedure has the potential for placing a court in the position of refereeing an endless volley of briefs." *Kapti v. Kelly*, 2008 U.S. Dist. LEXIS 20135, at *4 n.1 (S.D.N.Y. Mar. 12, 2008) (internal citation omitted); *Genova v. City of Glen Cove*, 2017 U.S. Dist. LEXIS 74615, at *9-10 (E.D.N.Y. May 15, 2017) (same).

As discussed below, Mundy's letter request to file a sur-reply should be rejected because it: (A) is procedurally improper because it fails to comport with the federal or local rules of court; (B) lacks merit; and (C) rehashes previous arguments.

## II.    ARGUMENT

### A.    Mundy's Sur-Reply Letter is Procedurally Improper

Mundy's "request[] to file a short sur-reply brief" by letter request (*see* ECF No. 40 at 1) is procedurally improper because it fails to comply with Local Rules 6.1 and 7.1, which require that such a request be made by motion accompanied by a detailed recital of the reason(s) for the sur-reply and a supporting memorandum of law.

Contrary to this Court's local rules, Mundy submitted his request for sur-reply by letter, rather than motion, without any accompanying factual recital or memorandum of law. Rather, Mundy's letter request simply asserts with no basis that there are "new facts and arguments raised in the NIO Investor Group's reply memorandum." Sur-reply letter request at 1. Mundy's failure to comply with this Court's local rules, alone, is grounds to reject the request to sur-reply. *See Bank of America v. Fischer*, 927 F. Supp. 2d 15, 2013 WL 685614, at *2 (E.D.N.Y. 2013) (noting that defendant's failure to comply with Local Rule 56.1 was "inexcusable as he was represented by

2

counsel"); *Tylicki v. Ryan*, 244 F.R.D. 146, 148 (N.D.N.Y. Aug. 2006) (dismissing complaint for failing to comply with local rule).

### B.        The Sur-Reply Motion Lacks Merit

Even if the Court considers the Sur-Reply (it should not), Mundy's arguments lack merit. Mundy speculates that Mr. Pandur's mistaken belief that he was only required to include transactions in his PSLRA certification for which he incurred losses, is the result of his ignorance about the case and the documents he signed. Sur-reply at 2. But Mundy's counsel, The Rosen Law Firm, P.A. ("Rosen"), knows better. In *Silver Wheaton*, Rosen encountered this same issue with its own client, Mr. Borowczyk, who filed a PSLRA certification with the court in connection with his complaint that included only two trades in Silver Wheaton stock. *See In re Silver Wheaton Corp. Sec. Litig.*, No. 2:15-cv-05146-CAS-JEM, 2017 U.S. Dist. LEXIS 72787, at *27 n.5 (C.D. Cal. May 11, 2017). In his reply brief in support of class certification, Borowczyk submitted a corrected certification that included ***120 additional*** trades, explaining these trades were excluded from his original certification because "it was my understanding because the market remained ignorant of Defendants' misleading statements until Silver Wheaton announce[d] the proposed Reassessment . . . I believed that I could not recover for my losses from the 2012-2013 Transactions and therefore these earlier transactions were not relevant to the class action or the complaint." *Id.* Rosen contended that Borowczyk was adequate and the court ultimately certified Mr. Borowczyk as a class representative. *Id.* at *30. A similar result should follow here. In fact, Mr. Pandur has demonstrated a higher degree of knowledge and diligence than Borowczyk by identifying and correcting his certification *before* a decision on lead plaintiff and well before the filing of the plaintiff's class certification *reply* brief.

3

Courts routinely find an inadvertent mistake in a certification "fall[s] well short of 'proof' that the [movant] 'will not fairly and adequately protect the interests of the class.'" *Hansen v. Ferrellgas Partners, L.P.*, No. 16-cv-7840 (RJS), 2017 U.S. Dist. LEXIS 8145, at \*20 (S.D.N.Y. Jan. 19, 2017). *See also Rao v. Quorum Health Corp.*, 221 F. Supp. 3d 987, 989 (M.D. Tenn. 2016) ("courts have allowed lead plaintiff movants to amend their certifications if issues arose") (collecting cases); *In re Williams Sec. Litig.*, No. 02-CV-72-H(M), 2002 U.S. Dist. LEXIS 29738, at \*33 n.8 (N.D. Okla. July 8, 2002) ("corrected errors in [movant]'s certification and loss calculation do not provide a sufficient basis for denying his motion to be appointed lead plaintiff").[1]

In fact, the same argument Mundy makes against the Group could be said for him. In his initial lead plaintiff application filed in the Northern District of California, Mundy claimed he was incarcerated for a Bankruptcy Fraud conviction—a crime he did not actually commit. *See* Dkt. No. 34 (referring to and attaching the Notice of Errata re: Dkt. 27 filed in *Sidoli v. NIO Inc., et al.*, Case No. 3:19-CV-01320 (N.D. Cal.)). Mundy subsequently filed an errata to correct his brief. *Id*. Thus, using Mundy (or, more likely his counsel's logic), either Mundy "does not care about the accuracy of his submissions or more likely [] he lacks any real understanding of the case and the documents" being filed on his behalf. Sur-reply at 2. Indeed, had Mundy reviewed his lead plaintiff motion, he presumably would have noticed such a wild accusation. In fact, that this error went

---

[1] Notably, in the *Silver Wheaton* case, Rosen agreed with this authority. *Silver Wheaton* Reply at 21-23 (Dkt. No. 135). Therein, Rosen stated: "'Inadvertent mistakes made in the sworn certification that do not strike at the heart of the proposed plaintiff's ability to be truthful in representing the class generally do not serve as a basis for disqualification.' *City of Marysville Gen. Employees Ret. Sys. v. Nighthawk Radiology Holdings, Inc.*, No. CV 09-659-EJLCWD, 2010 WL 2000040, at \*6 (D. Idaho May 19, 2010). In complex actions like this one, mistakes are 'likely' and do not disqualify class representatives. *In re Initial Pub. Offering Sec. Litig.*, 227 F.R.D. 65, 79, 98 (S.D.N.Y. 2004) (reversed on other grounds) (plaintiff whose certification omitted 13 of 17 trades – some of which resulted in profits – found adequate)."

4

unnoticed indicates Mundy likely never even saw his lead plaintiff motion and his counsel may have simply filed it without his knowledge.

Finally, Mundy's contention that the Group invites the court to eliminate Mr. Pandur from the group (Sur-reply at 3-4) is false. In fact, just the opposite. The Group merely stated that it has the largest loss even without Mr. Pandur and, thus, the Group was not formed to, as Mundy claims, "create the largest financial interest" (Mundy Br. at 2). *In re Initial Public Offering Sec. Litig.*, 227 F.R.D. 65, 98 (S.D.N.Y. Oct. 13, 2004) ("Furthermore, none of the inconsistencies or omissions complained of by defendants, such as failing to disclose certain specific transactions, affect the merits of the class representatives' manipulation claims."); *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 538-39 (S.D.N.Y. 2015) (finding presumptive lead plaintiff adequate despite "failure to correct obvious or inconsequential clerical errors").[2]

### C.    Mundy's Letter Request to File a Sur-Reply Should Be Stricken to the Extent it Rehashes Arguments from His Opposition and Reply

In his Sur-Reply, Mundy rehashes arguments made in his opposition and reply regarding the Group's purported lack of cohesion and being an improper group. Dkt. No. 32, Mundy Opp. Br. at 1-6; Dkt. No. 37, Mundy Reply at 3. Such arguments are inappropriate. *See Lefevre v. Rosen*, 2015 U.S. Dist. LEXIS 167207, at *1-2 n.1 (N.D.N.Y. Dec. 15, 2015) (denying request for leave to file a sur-reply, noting that defendant "did not raise a new argument in his reply papers, but

---

[2] Mundy makes much of the fact that the Group's Joint Declaration inadvertently did not include Mr. Castorena's name in paragraph 11. Mundy Sur-reply at 2. The omission of Mr. Castorena's name in paragraph 11 was an inadvertent typographical error. Mr. Castorena is listed in paragraph 1 as having decided to join the Group in this lead plaintiff application, is described in paragraph 6, and signed the Joint Declaration attesting that he read and agreed with its contents.  Dkt. No. 20-3 at 12. Moreover, Mr. Castorena joined in the submission of the Supplemental Joint Declaration, further evidencing his awareness and commitment to moving for lead plaintiff as a member of the Group. Mundy's speculation that Mr. Castorena was not involved in the decision to move with the other members of the NIO Investor Group is simply false and is not supported by the required "proof" to rebut the presumption that the NIO Investor Group is the most adequate plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *Jiehua Huang v. Airmedia Grp., Inc.*, 2015 U.S. Dist. LEXIS 178083, at *6-7 (S.D.N.Y. Nov. 10, 2015) ("speculative and hypothetical allegations should not prevent the appointment of a lead plaintiff.").

rather 'cited a new case in response to [Lefevre's] opposition and in further support of the same arguments raised in the motion to dismiss.'"); *Duncan v. Crowell*, 2017 U.S. Dist. LEXIS 166677, at \*1 n.1 (W.D.N.Y. Oct. 4, 2017) ("to the extent that the sur-reply repeats arguments, those arguments are already before the Court by nature of Plaintiff's previous filings in this case"); *Miller v. IBM World Trade Corp.*, 2007 U.S. Dist. LEXIS 16120, at \*6 n.4 (S.D.N.Y. Mar. 8, 2007) (rejecting request to file sur-reply because reply did not raise any new arguments and sur-reply "merely repeats the arguments already made in [the] opposition").

## III.    CONCLUSION

For the foregoing reasons the NIO Investor Group respectfully requests the Court deny Mundy's Motion, and/or strike its Sur-Reply.

DATED: June 17, 2019                        Respectfully Submitted,

                                            **LEVI & KORSINSKY, LLP**

                                            */s/ Shannon L. Hopkins*
                                            Shannon L. Hopkins (SH-1887)
                                            1111 Summer Street, Suite 403
                                            Stamford, CT 06905
                                            Tel.: (203) 992-4523
                                            Fax: (212) 363-7171
                                            Email: shopkins@zlk.com

                                            **BRAGAR EAGEL & SQUIRE, P.C.**
                                            Lawrence P. Eagel (LE4505)
                                            885 Third Avenue, Suite 3040
                                            New York, NY 10022
                                            Tel.: (212) 308-5858
                                            Fax: (212) 214-0506
                                            Email: eagel@bespc.com

                                            -and-

                                            Melissa A. Fortunato (MF7182)
                                            101 California Street, Suite 2710
                                            San Francisco, California 94111
                                            Telephone:  (415) 365-7149
                                            Email:  *fortunato@bespc.com*


                                            *Counsel for Movant and [Proposed] Lead Counsel
                                            for the Class*

7