**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JONATHAN TAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NIO INC., BIN LI, and LOUIS T. HSIEH,<br><br>Defendants. | **CASE No.: 1:19-cv-01424-NGG-VMS**<br><br>**MARK MUNDY'S NOTICE OF SUPPLEMENTAL AUTHORITY RE: MOTION TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL (DKT. NO. 19)**<br><br><u>**CLASS ACTION**</u> |

[Caption continues on following page]

|  |  |
|---|---|
| BABULAL TARAPARA, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>NIO INC., BIN LI, LOUIS T. HSIEH, LIHONG QIN, PADMASREE WARRIOR, TIAN CHENG, XIANG LI, HAI WU, YAQIN ZHANG, XIANPING ZHONG, ZHAOHUI LI, MORGAN STANLEY & CO. LLC, GOLDMAN SACHS (ASIA) L.L.C., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, DEUTSCHE BANK SECURITIES INC., CITIGROUP GLOBAL MARKETS INC., CREDIT SUISSE SECURITIES (USA) LLC, UBS SECURITIES LLC, and WR SECURITIES, LLC,<br><br>    Defendants. | **CASE No.: 1:19-cv-02777**<br><br>**CLASS ACTION** |

PLEASE TAKE NOTICE that Movant Mark Mundy ("Mundy") hereby submits as supplemental authority the recent decision denying reconsideration of *Takata v. Riot Blockchain, Inc.*, 2018 WL 5801379 (D.N.J. Nov. 6, 2018) attached hereto as Exhibit A.

Mundy cited *Takata* in his opposition and reply as it was persuasive authority right on point. *Takata* involved an unrelated group of investors and a joint declaration proffered by the NIO Investor Group's counsel.

The attached order denying reconsideration further confirms that the court acted properly when it considered and rejected many of the same arguments that the NIO Investor Group makes here. There, the court appointed a single lead plaintiff with the largest individual loss rather than a lawyer-driven group of unrelated investors that had larger losses only when aggregated. In particular, the court in *Takata* rejected a joint declaration similarly-worded to that submitted by

1

the NIO Investor Group.[1] Furthermore, that the group in *Takata* engaged in two conference calls prior to filing its lead plaintiff motion "did not allay the Court's concern that the group was created by the efforts of lawyers hoping to ensure their eventual appointment as lead counsel." Ex. A at 5 (internal quotations omitted).[2]

Dated: June 28, 2019                                    Respectfully submitted,

                                                        **THE ROSEN LAW FIRM, P.A.**

                                                        /s/ Phillip Kim
                                                        Phillip Kim, Esq. (PK 9384)
                                                        Laurence M. Rosen, Esq. (LR 5733)
                                                        275 Madison Avenue, 34th Floor
                                                        New York, New York 10016
                                                        Telephone: (212) 686-1060
                                                        Fax: (212) 202-3827
                                                        Email: pkim@rosenlegal.com
                                                        Email: lrosen@rosenlegal.com

                                                        *[Proposed] Lead Counsel for Plaintiff and Class*

---

[1]  The joint declaration rejected in Takata is a "better" declaration, since the joint declaration here omits a group member on a key paragraph referring to the decision made by the group members to move together. Dkt. No. 20-3, ¶11.

[2]  The Takata court also noted a pattern of untimely filings, similar to untimely filing of the revised certification and loss chart for Mr. Pandur, here.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of June 2019, a true and correct copy of the foregoing **MARK MUNDY'S NOTICE OF SUPPLEMENTAL AUTHORITY RE: MOTION TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL (DKT. NO. 19)** was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Phillip Kim