**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| *In re NIO, Inc. Securities Litigation* | Case No: 1:19-cv-01424-NGG-VMS<br><br>CLASS ACTION |

**PLAINTIFFS' RESPONSE TO INDIVIDUAL DEFENDANTS'**
**JOINDER IN PENDING MOTION TO DISMISS**

For the reasons set forth in Plaintiffs' Memorandum of Law in Opposition to Defendants' Joint Motion to Dismiss the Second Amended Class Action Complaint (Dkt. No. 71) and below, the Court should deny motion to dismiss as to the Individual Defendants.[1]

The Individual Defendants' Joinder raises additional arguments concerning scienter. As an initial matter, Plaintiffs' Complaint pleads claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act Claims"), as well as claims under Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act Claims"). While the Exchange Act Claims require Plaintiffs to plead scienter, scienter is not an element of the Securities Act Claims. *Rombach v. Chang*, 355 F.3d 164, 169 n.4 (2d Cir. 2004). Hence even if the Court were to find that the Complaint did not adequately pled scienter as to the Individual Defendants, the Individual Defendants are still liable under the Securities Act Claims, which do not require scienter.

---

[1] The Individual Defendants are Bin Li, Lihong Qin, Yaqin Zhang, Tian Cheng, Hai Wu, Xiang Li, Zhaohui Li, and Xiangping Zhong. On December 23, 2020, the Individual Defendants joined in the motion to dismiss by Defendants NIO Inc., Padmasree Warrior, and the Underwriter Defendants. *See* Dkt. No. 74 (the "Individual Defendants' Joinder").

Nevertheless, the Complaint pleads a strong inference of scienter as to the Individual Defendants. The Individual Defendants, each of whom signed NIO's Registration Statement[2] falsely stating that construction of the Shanghai Facility was underway, had scienter if they "knew facts or had access to information suggesting that their public statements were not accurate" or "failed to check information they had a duty to monitor." *Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc.*, 531 F.3d 190, 194 (2d Cir. 2008).

At minimum, the Individual Defendants had access to information indicating that the Shanghai Facility was not already under construction at the time of NIO's IPO. *First*, the Shanghai Facility construction site was in Shanghai, where NIO's headquarters were located; in fact, they were in the same district of Shanghai – a mere 15 miles apart. ¶145.[3] As such, the Individual Defendants had access to the Shanghai Facility construction site and could see for themselves that construction had not commenced. This is particularly true for Defendant Bin Li, NIO's Chief Executive Officer who was based in NIO's headquarters in Shanghai. The importance of the Shanghai Facility – as NIO's first and only manufacturing facility, the completion of which would transform NIO's business model – also supports the inference that the Individual Defendants knew about the status of its construction. *City of Omaha Police and Fire Retirement System v. Evoqua Water Technologies Corp.,* 450 F.Supp.3d 379, 423-24 (S.D.N.Y. Mar. 30, 2020) ("a court may infer that a company and its senior executives have knowledge of information concerning the core operations of a business.") (internal citations and quotations omitted). *Second*, the Individual Defendants were aware that a construction planning permit and environmental impact approval

---

[2] Unless defined otherwise herein, all capitalized terms have the same meaning as defined in Plaintiffs' Memorandum of Law in Opposition to Defendants' Joint Motion to Dismiss the Second Amended Class Action Complaint (Dkt. No. 71).

[3] All citations to "¶_" refer to paragraphs of the Second Amended Class Action Complaint For Violation of the Federal Securities Laws (Dkt. No. 67) (the "Complaint").

were required before the Shanghai Facility could begin construction. ¶144. Yet neither was ever issued for the Shanghai Facility, indicating that construction could not have begun. As senior officers and directors of NIO, the Individual Defendants had access to this information.

Indeed, as signatories to the Registration Statement, the Individual Defendants had a duty to familiarize themselves with factual representations made in the Registration Statement. It was at least reckless for the Individual Defendants to tell investors that construction of the Shanghai Facility had begun without confirming that fact. *See e.g., Howard v. Everex Systems, Inc.,* 228 F.3d 1057, 1062 (9th Cir. 2000) ("Key corporate officers should not be allowed to make important false financial statements knowingly or recklessly, yet still shield themselves from liability to investors simply by failing to be involved in the preparation of those statements. Otherwise, the securities laws would be significantly weakened, because corporate officers could stay out of the loop[.]").[4]

Dated: December 29, 2020                      Respectfully submitted,

                                              **THE ROSEN LAW FIRM, P.A.**

                                              By: /s/Laurence Rosen
                                              Laurence Rosen
                                              Yu Shi
                                              275 Madison Ave, 40th Floor
                                              New York, NY 10016
                                              Telephone: (212) 686-1060
                                              Fax: (212) 202-3827
                                              Email: lrosen@rosenlegal.com
                                                       yshi@rosenlegal.com

                                              *Counsel for Plaintiffs and the Putative Class*

---

[4] The Individual Defendants' Joinder contends that because Plaintiffs also allege that the Individual Defendants were negligent for failing to confirm the status of the construction of the Shanghai Facility (*see* ¶113), then that absolves them of scienter. But Plaintiffs' negligence allegations were in the Securities Act portion of the Complaint and were in support of the Securities Act Claims, for which scienter is not required.

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2020, a true and correct copy of the foregoing

document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Laurence Rosen*
Laurence Rosen