UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                                     :   19-cv-1424 (NGG) (VMS)

                                     :

*In re NIO, Inc. Securities Litigation*        :   **ECF Case**

                                     :   **Electronically Filed**

                                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### INDIVIDUAL DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR JOINDER IN PENDING MOTION TO DISMISS

Plaintiffs' response to the Individual Defendants' joinder in the pending motion to dismiss (ECF No. 75) (the "Joinder Opp.") fails to rebut the fatal pleading deficiencies demonstrated in the Motion to Dismiss (ECF Nos. 68-70, 72) and does not even substantively address the supplemental scienter arguments raised in the Individual Defendants' joinder (ECF No. 74) (the "Joinder"). Indeed, Plaintiffs ignore the Individual Defendants' threshold argument that all of Plaintiffs' scienter allegations are improperly based on group pleading that fails to distinguish among any of the Individual Defendants. This alone warrants dismissal of Plaintiffs' Section 10(b) claims. (*See* Joinder at 2 (colleting cases).)

Additionally, Plaintiffs do not dispute—and thus concede—that they have not alleged that any of the Individual Defendants had a motive and opportunity to commit securities fraud. (*See* Joinder at 3.) Accordingly, Plaintiffs' allegations of recklessness must be "correspondingly greater" to satisfy the PSLRA's high bar for pleading a strong inference of scienter as to *each* Individual Defendant. *ECA, Local 134 IBEW Joint Pension Trust of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 198-99 (2d Cir. 2009). This means Plaintiffs "'must *specifically identify* the reports or statements that are contradictory to the statements made,' or must 'provide specific instances in which Defendants received information that was contrary to their public

declarations.'"  *Glaser v. The9, Ltd.*, 772 F. Supp. 2d 573, 587–88 (S.D.N.Y. 2011) (citation omitted).  Here, Plaintiffs have not even attempted to do so.

Plaintiffs effectively admit that they have not alleged that any of the Individual Defendants actually knew or recklessly disregarded information contrary to NIO's offering documents (i.e., information allegedly showing that the Shanghai government had not yet begun construction on the Shanghai Facility).  Instead, they argue only that the Individual Defendants supposedly "had access" to such information.  (Joinder Opp. at 2.)  As an initial matter, "conclusory allegations that a corporate officer had 'access' to information that contradicted the alleged misstatements are insufficient to raise a strong inference of recklessness."  *Kinsey v. Cendant Corp.*, No. 04 Civ.0582 RWS, 2005 WL 1907678, at *5 (S.D.N.Y. Aug. 10, 2005).

In any event, Plaintiffs' access allegations also fail on their own terms.  First, Plaintiffs argue that because the construction site was "a mere 15 miles" from NIO's headquarters, the Individual Defendants "could see for themselves that construction had not commenced."  (Joinder Opp. at 2.)  But it is unreasonable to assume that someone has first-hand knowledge of what is going on 15 miles away—more than the distance from the E.D.N.Y. to Newark International Airport.  Plaintiffs also fail to allege anything about what the construction site would have looked like to a passerby at the time of the IPO, such as whether the site had been cleared or whether construction equipment was present.   Finally, as noted in the Joinder, Plaintiffs do not allege that NIO's outside directors work at its headquarters, so the relative proximity of the construction site does not support an inference that they even had access to the site.  Indeed, Plaintiffs do not allege anything about where the outside directors work or live.  (*See* SAC ¶¶ 28-33.)

Second, Plaintiffs argue that "the Individual Defendants were aware that a construction planning permit and environmental impact approval were required before the Shanghai Facility

2

could begin construction." (Joinder Opp. at 2-3.) But merely alleging knowledge of those requirements does not give rise to an inference (much less the requisite strong inference) that the Individual Defendants had access to information regarding whether those permits and approvals had been received or whether construction had begun pending such permits and approvals—particularly considering the Shanghai government, not NIO, was responsible for those requirements and construction, and Plaintiffs concede that an environmental assessment was completed (*see* SAC ¶ 84).[1]

Lastly, Plaintiffs argue "[i]t was at least reckless for the Individual Defendants to tell investors that construction of the Shanghai Facility had begun without confirming that fact." (Joinder Opp. at 3.) Yet Plaintiffs still fail to identify any reason for the Individual Defendants to have doubted the accuracy of the offering documents. (*See* Joinder at 5.)

For all of these reasons, as well as those in the Joinder and the Motion to Dismiss, the Section 10(b) claims against each Individual Defendant should be dismissed with prejudice.

---

[1]   Plaintiffs' passing reference to the core operations doctrine (*see* Joinder Opp. at 2) fails for a similar reason: constructing the Shanghai Facility was not NIO's operation at all, let alone its core operation.

Dated:  New York, New York
        January 5, 2021

Respectfully submitted,

/s/ Robert A. Fumerton
Scott D. Musoff
Robert A. Fumerton
Michael C. Griffin
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Phone:  (212) 735-3000
Fax:     (212) 735-2000
scott.musoff@skadden.com
robert.fumerton@skadden.com
michael.griffin@skadden.com

*Attorneys for Defendants NIO Inc.,
Padmasree Warrior, Bin Li, Lihong Qin, Yaqin
Zhang, Tian Cheng, Hai Wu and Xiang Li*


/s/ Richard A. Rosen
Richard A. Rosen
PAUL, WEISS, RIFKIND, WHARTON &
   GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Phone:  (212) 373-3000
Fax:     (212) 757-3990
rrosen@paulweiss.com

*Attorney for Defendants Zhaohui Li and
Xiangping Zhong*