# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| *In re NIO, Inc. Securities Litigation* | 1:19-cv-01424-NGG-JRC |

### THE TENCENT DIRECTOR DEFENDANTS' ANSWER
### TO THE SECOND AMENDED CLASS ACTION COMPLAINT
### FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

Defendants Zhaohui Li and Xiangping Zhong (the "Tencent Director Defendants"), by their undersigned attorneys, respond as follows to the allegations in the Second Amended Class Action Complaint (the "Second Amended Complaint").

### GENERAL DENIALS

The Tencent Director Defendants incorporate into each response below a denial of all allegations in the Second Amended Complaint to the extent they suggest that the Tencent Director Defendants made any materially false or misleading statement or omission for which they may be liable, or that Plaintiffs suffered any damages as a consequence of any challenged conduct of the Tencent Director Defendants.

Except as otherwise expressly admitted herein, the Tencent Director Defendants deny each and every allegation set forth in the Second Amended Complaint, including, without limitation, any allegations contained in the preamble, headings, subheadings, or footnotes of the Second Amended Complaint, and specifically deny any liability to Plaintiffs or to any members of the putative class that Plaintiffs purport to represent. The Tencent Director Defendants object to the section headings and subheadings as argumentative; insofar as those headings and subheadings purport to state factual allegations, the Tencent Director Defendants deny each of them. Pursuant

to Rule 8(b) of the Federal Rules of Civil Procedure, averments in the Second Amended Complaint to which no responsive pleading is required shall be deemed denied.  To the extent that the Second Amended Complaint references excerpts from documents and third-party publications, the Tencent Director Defendants deny any characterization of such document in the Second Amended Complaint, and further deny that any quotation from such document by Plaintiffs accurately states or reflects the full contents of such document.  As stated herein, the Tencent Director Defendants respectfully refer the Court to the original source or document for a complete and accurate statement of the contents referenced therein.

Paragraph numbers in this Answer correspond to paragraph numbers in the Second Amended Complaint and respond to the allegations in each such paragraph.  Capitalized terms used herein have the definitions set forth in the Second Amended Complaint, but the Tencent Director Defendants do not admit that those definitions are proper.

## RESPONSE TO SPECIFIC ALLEGATIONS

AND NOW, incorporating the foregoing, the Tencent Director Defendants further answer the specific allegations in the Second Amended Complaint as follows:

The Tencent Director Defendants deny the allegations in the introductory materials in the unnumbered paragraphs on Page 1 of the Second Amended Complaint, except admit that Plaintiffs purport to describe the nature of this action and the claims set forth in the Second Amended Complaint.

1.      The Tencent Director Defendants deny the allegations in Paragraph 1, except admit that Plaintiffs purport to describe the nature of this action.

2.      The Tencent Director Defendants deny the allegations in Paragraph 2, except admit that Plaintiffs purport to describe the claims set forth in the Second Amended Complaint.

3.      The Tencent Director Defendants deny the allegations in Paragraph 3, except admit that NIO is a company with principal executive offices in China and it develops electric vehicles ("EVs"), and the Registration Statement states that, at the time of the IPO, NIO offered EVs at lower prices than certain imported premium models manufactured by Tesla, Audi, and Mercedes-Benz.

4.      The Tencent Director Defendants deny the allegations in Paragraph 4, except admit that the Registration Statement discloses that, at the time of the IPO, NIO's locally manufactured EVs had several structural advantages over imported models, including the absence of customs duty, lower manufacturing costs, and the availability of government subsidies.

5.      The Tencent Director Defendants deny the allegations in the first sentence of Paragraph 5.  The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 5, except admit that, during the time the Tencent Director Defendants served on NIO's board, NIO jointly manufactured its vehicles with Jianghuai Automobile Group Co. Ltd. ("JAC Motors"), a major state-owned automobile manufacturer in China, and that at the time of the IPO, NIO had entered into an arrangement with JAC Motors for the manufacture of EVs for five years starting from May 2016.

6.      The Tencent Director Defendants deny the allegations in Paragraph 6, and respectfully refer the Court to the Registration Statement for a complete and accurate description of the manufacturing cooperation agreement with JAC Motors.

7.      The Tencent Director Defendants deny the allegations in Paragraph 7, except admit that the Registration Statement discloses that, at the time of the IPO: (i) NIO's collaboration with JAC Motors was subject to risks, including delays, potential disputes, adverse publicity related to JAC Motors, effect of perceptions about the quality of JAC Motors' vehicles on NIO's ability to build a premium brand, and failure to maintain quality standards; and (ii) NIO's strategies included building its own manufacturing capacity.  The Tencent Director Defendants further respectfully refer the Court to the cited Registration Statement for the complete and accurate text of the disclosures.

8.      The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9.      The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph 9, except admit that NIO launched its IPO in the U.S. in September 2019.

10.      The Tencent Director Defendants deny the allegations in Paragraph 10, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding "three former NIO employees" and allegations regarding the construction planning permit and environmental impact assessment, and respectfully refer the Court to the cited Registration Statement for its complete and accurate contents.

11.      The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15.     The Tencent Director Defendants deny the allegations in Paragraph 15 and respectfully refer the Court to the Registration Statement for its complete and accurate text.

16.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17.     The allegations in Paragraph 17 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny the allegations in Paragraph 17.

18.     The allegations in Paragraph 18 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny the allegations in Paragraph 18.

19.     The allegations in Paragraph 19 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny the allegations in Paragraph 19.

20.     The allegations in Paragraph 20 state legal conclusions to which no response is required. To the extent a response is required, the Tencent Director Defendants deny the allegations in Paragraph 20.

21.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, except admit that Lead Plaintiff filed a certification (ECF No. 21-2) stating that Lead Plaintiff purchased NIO ADs during the class period.

22.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, except admit that Plaintiff Eva Huang filed a certification (ECF No. 48-1) stating that she purchased NIO ADs during the class period.

23.     The allegations in Paragraph 23 are not directed at the Tencent Director Defendants, and the Tencent Director Defendants are not required to answer such allegations.  To the extent a response is required, the Tencent Director Defendants admit that NIO is headquartered in Shanghai, China, its ADSs trade on the New York Stock Exchange ("NYSE") under the ticker "NIO," and the Registration Statement states that NIO is "a pioneer in China's premium electric vehicle market" and "design[s], jointly manufacture[s], and sell[s] smart and connected premium electric vehicles."

24.     The allegations in Paragraph 24 are not directed at the Tencent Director Defendants, and the Tencent Director Defendants are not required to answer such allegations.  To the extent a response is required, the Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, except admit that: (i) Bin Li is NIO's founder and was NIO's CEO and chairman of the board when the Tencent Director Defendants were directors of NIO; (ii) he held 17.2% of NIO's stock prior to the IPO; and (iii) upon completion of the IPO, he would hold 48.3% of the aggregate voting power of NIO through

his beneficial ownership of Class C shares, each of which was entitled to eight votes, if the underwriters did not exercise their over-allotment option.

25.     The allegations in Paragraph 25 are not directed at the Tencent Director Defendants, and the Tencent Director Defendants are not required to answer such allegations.  To the extent a response is required, the Tencent Director Defendants admit that Louis T. Hsieh was NIO's Chief Financial Officer when the Tencent Director Defendants were directors of NIO.

26.     The allegations in Paragraph 26 are not directed at the Tencent Director Defendants, and the Tencent Director Defendants are not required to answer such allegations.  To the extent a response is required, the Tencent Director Defendants admit that Lihong Qin is NIO's co-founder and was the president and director of NIO when the Tencent Director Defendants were directors of NIO.

27.     The allegations in Paragraph 27 are not directed at the Tencent Director Defendants, and the Tencent Director Defendants are not required to answer such allegations.  To the extent a response is required, the Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, except admit that Padmasree Warrior was NIO's chief development officer, NIO USA's chief executive officer, and a member of NIO's Board when the Tencent Director Defendants served as directors of NIO.

28.     The allegations in Paragraph 28 are not directed at the Tencent Director Defendants, and the Tencent Director Defendants are not required to answer such allegations.  To the extent a response is required, the Tencent Director Defendants admit that Tian Cheng was a director of NIO when the Tencent Director Defendants were directors of NIO.

29.     The allegations in Paragraph 29 are not directed at the Tencent Director Defendants, and the Tencent Director Defendants are not required to answer such allegations.  To the extent a response is required, the Tencent Director Defendants admit that Xiang Li was a director of NIO when the Tencent Director Defendants were directors of NIO.

30.     The allegations in Paragraph 30 are not directed at the Tencent Director Defendants, and the Tencent Director Defendants are not required to answer such allegations.  To the extent a response is required, the Tencent Director Defendants admit that Hai Wu was a director of NIO when the Tencent Director Defendants were directors of NIO.

31.     The allegations in Paragraph 31 are not directed at the Tencent Director Defendants, and the Tencent Director Defendants are not required to answer such allegations.  To the extent a response is required, the Tencent Director Defendants admit that Yaqin Zhang was a director of NIO when the Tencent Director Defendants were directors of NIO.

32.     The Tencent Director Defendants admit that Xiangping Zhong was a director of NIO from April 2018 to September 11, 2018.

33.     The Tencent Director Defendants admit that Zhaohui Li was a director of NIO from January 2018 to September 11, 2018.

34.     Paragraph 34 purports to define a term, which does not require a response.

35.     The Tencent Director Defendants each admit the allegations in Paragraph 35 as it pertains to themselves, except deny knowledge and information sufficient to form a belief as to other Individual Defendants.

36.     The Tencent Director Defendants admit the allegations in Paragraph 36, except deny knowledge and information sufficient to form a belief as to Morgan Stanley's resale of NIO's ADSs to the investing public.

37.     The Tencent Director Defendants admit the allegations in Paragraph 37, except deny knowledge and information sufficient to form a belief as to Goldman Sachs' resale of NIO's ADSs to the investing public.

38.     The Tencent Director Defendants admit the allegations in Paragraph 38, except deny knowledge and information sufficient to form a belief as to JP Morgan's resale of NIO's ADSs to the investing public.

39.     The Tencent Director Defendants admit the allegations in Paragraph 39, except deny knowledge and information sufficient to form a belief as to Merrill Lynch's resale of NIO's ADSs to the investing public.

40.     The Tencent Director Defendants admit the allegations in Paragraph 40, except deny knowledge and information sufficient to form a belief as to Deutsche's resale of NIO's ADSs to the investing public.

41.     The Tencent Director Defendants admit the allegations in Paragraph 41, except deny knowledge and information sufficient to form a belief as to Citigroup's resale of NIO's ADSs to the investing public.

42.     The Tencent Director Defendants admit the allegations in Paragraph 42, except deny knowledge and information sufficient to form a belief as to Credit Suisse's resale of NIO's ADSs to the investing public.

43.     The Tencent Director Defendants admit the allegations in Paragraph 43, except deny knowledge and information sufficient to form a belief as to UBS's resale of NIO's ADSs to the investing public.

44.     The Tencent Director Defendants admit the allegations in Paragraph 44, except deny knowledge and information sufficient to form a belief as to WR's resale of NIO's ADSs to the investing public.

45.     Paragraph 45 purports to define a term, which does not require a response.

46.     Paragraph 46 purports to define a term, which does not require a response.

47.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47, except admit that NIO develops and markets EVs to Chinese consumers, it was founded in 2014 as Nextev Inc., which changed its name to NIO Inc. in July 2017, and that NIO's global headquarters is in Shanghai, China.

48.     The Tencent Director Defendants deny the allegations in Paragraph 48, except admit that, according to the Registration Statement, NIO offered premium EVs at lower price than certain imported models from Tesla, Audi, and Mercedes-Benz at the time of the IPO.

49.     The Tencent Director Defendants deny the allegations in Paragraph 49, except admit that, as stated in the Registration Statement, (i) there was an unserved premium EV market in China in 2017, (ii) NIO offered premium EVs at lower price than certain imported models at the time of the IPO, and (iii) the graph is duplicated from the Registration Statement.

50.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50, except admit that, at the time of the IPO, NIO was able to achieve a pricing advantage in part "due to local manufacturing subsidies and the absence of customs duties and purchasing taxes," as stated in the Registration Statement.

51.     The Tencent Director Defendants deny the allegations in Paragraph 51 except admit that, at the time of the IPO, NIO had entered into an arrangement with JAC Motors, a major state-owned automobile manufacturer, for the manufacture of EVs for five years starting from May 2016, and respectfully refer the Court to the Registration Statement for a complete and accurate description of  NIO's partnership with JAC Motors.

52.     The Tencent Director Defendants deny the allegations in Paragraph 52, and respectfully refer the Court to the Registration Statement for a complete and accurate description of the manufacturing cooperation agreement with JAC Motors.

53.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53.

54.     The Tencent Director Defendants admit the allegations in Paragraph 54.

55.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55, except admit that (i) NIO offered 160,000,000 ADS at a price of $6.26 per ADS in the IPO on September 12, 2018, (ii) NIO granted to the underwriters an option to purchase up to an aggregate of 24,000,000 additional ADSs, and (iii) NIO expected to receive net proceeds of approximately $954.9 million from the IPO, or approximately $1.099 billion if the underwriters exercised their over-allotment option in full.

56.     The Tencent Director Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence in Paragraph 56. The Tencent Director Defendants deny the remaining allegations in Paragraph 56, except admit that NIO sells premium EVs.

57.     The Tencent Director Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 57.

58.     The Tencent Director Defendants deny the allegations in Paragraph 58, except admit that the Registration Statement discloses that, at the time of the IPO: (i) NIO's collaboration with JAC Motors was subject to risks, including delays, potential disputes, adverse publicity related to JAC Motors, effect of perceptions about the quality of JAC Motors' vehicles on NIO's ability to build a premium brand, and failure to maintain quality standards; and (ii) NIO's strategies included building its own manufacturing capacity.  The Tencent Director Defendants further respectfully refer the Court to the cited Registration Statement for the complete and accurate text of the disclosures.

59.     The Tencent Director Defendants deny the allegations in Paragraph 59, except admit that the Registration Statement discloses that, at the time of the IPO, NIO's strategies included building its own manufacturing capacity.

60.     The Tencent Director Defendants deny the allegations in Paragraph 60, except admit that NIO stated in the Registration Statement that "[w]e are developing our own manufacturing facility in Shanghai which we expect to be ready by the end of 2020," and respectfully refer the Court to the cited Registration Statement for its complete and accurate text.

61.     The Tencent Director Defendants deny the allegations in Paragraph 61, except admit that the Registration Statement states that "[c]onstruction has started on our own manufacturing facility in Shanghai," and respectfully refer the Court to the cited Registration Statement for its complete and accurate text.

62.     The Tencent Director Defendants deny the allegations in Paragraph 62, except admit that the Registration Statement states that "[o]ur own manufacturing facility in Shanghai is currently under construction by certain Shanghai government entities" and that "[w]e are developing our own manufacturing facility in Shanghai which we expect to be ready by the end of 2020.  Such manufacturing facility is currently being constructed by relevant Shanghai authorities," and respectfully refer the Court to the cited Registration Statement for its complete and accurate text.

63.     The Tencent Director Defendants deny the allegations in Paragraph 63, except admit that NIO stated in the Registration Statement that, at the time of the IPO, it planned to use "25% of the net proceeds (approximately US$276.7 million) for the development of our manufacturing facilities and the roll-out of our supply chain," and respectfully refer the Court to the cited Registration Statement for its complete and accurate text.

64.     The Tencent Director Defendants deny the allegations in Paragraph 64, except admit that the Registration Statement states that, at the time of the IPO,  (i) NIO "estimate[d] that total capital expenditures in connection with the improvements and installation of equipment at our Shanghai manufacturing facility will be approximately US$650 million.  Half of such expenditures are expected to be financed through net proceeds from this offering, cash on hand obtained through prior equity financing and cash from sales of vehicles, and the other half are expected to be financed through interest-free or low-interest debt financing supported by the relevant Shanghai governmental entities," and (ii) certain Shanghai governmental entities "[were] constructing the Shanghai manufacturing facility" and NIO "plan[ned] to purchase and procure our equipment and make improvements to the factory," and respectfully refer the Court to the cited Registration Statement for its complete and accurate text.

65.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65, except admit that Plaintiffs purport to describe NIO's Form 6-K dated March 6, 2019, and respectfully refer the Court to the cited Form 6-K for its complete and accurate text.

66.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66.

67.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67.

68.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68.

69.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69.

70.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70.

71.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71, except admit that Plaintiffs purport to paraphrase Deutsche Bank's research report dated March 19, 2019, and respectfully refer the Court to the cited report for its complete and accurate text.

72.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, except admit that Plaintiffs purport to quote from an article titled "Chinese Electric Vehicle Maker NIO Scraps Shanghai Factory Plan After Losses Double to US$1.4 Billion" from the South China Morning Post, and respectfully refer the Court to the cited article for its complete and accurate text.

73.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, except admit that Plaintiffs purport to quote from an article titled "NIO Terminates Plan for Shanghai Manufacturing Plant" written by Mark Kane, and respectfully refer the Court to the cited article for its complete and accurate text.

74.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74.

75.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75.

76.     The Tencent Director Defendants deny the allegations in Paragraph 76.

77.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77.

78.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78.

79.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79.

80.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80.

81.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81.

82.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82.

83.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83.

84.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84.

85.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85.

86.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86.

87.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87.

88.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88.

89.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89.

90.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90.

91.     The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91.

92.     The Tencent Director Defendants deny the allegations in Paragraph 92, and respectfully refer the Court to the Registration Statement for its complete and accurate text.

93.     The Tencent Director Defendants deny the allegations in Paragraph 93, except admit that the Registration Statement discloses that the Shanghai Facility was being constructed by relevant Shanghai authorities at the time of the IPO, and respectfully refer the Court to the cited Registration Statement for its complete and accurate text.

94.     The allegations in Paragraph 94 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants admit that Plaintiffs purport to quote from *S.E.C. Release No. 6835*, which interprets a previous version of 17 C.F.R. § 229.303, and respectfully refer the Court to *S.E.C. Release No. 6835*, 1989 WL 1092885, at *4, for their complete and accurate texts.

95.     The allegations in Paragraph 95 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants admit that Plaintiffs purport to quote from *S.E.C. Release No. 6835*, which interprets a previous version of 17 C.F.R. § 229.303, and respectfully refer the Court to *S.E.C. Release No. 6835*, 1989 WL 1092885, at *3, for its complete and accurate text.

96.     The Tencent Director Defendants deny the allegations in Paragraph 96, except admit that NIO's Registration Statement discloses that, at the time of the IPO, construction of the Shanghai Facility had started and was expected to be completed by the end of 2020.

97.     The allegations in Paragraph 97 state legal conclusions to which no response is required. To the extent a response is required, the Tencent Director Defendants admit that Plaintiffs purport to quote from Securities Offering Reform, and respectfully refer the Court to *Sec. Offering Reform*, S.E.C. Release No. 8501, 2004 WL 2610458, at *6 (Nov. 3, 2004), for its complete and accurate text.

98.     The allegations in Paragraph 98 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny the allegations in Paragraph 98, except admit that Plaintiffs purport to quote from 17 C.F.R. §229.503(c) (which has been superseded by 17 C.F.R. § 229.105) and paraphrase *Statement of the Comm'n Regarding Disclosure of Year 2000 Issues and Consequences by Pub. Cos., Inv. Advisers, Inv. Cos., & Mun. Sec. Issuers*, 1998 WL 425894, and respectfully refer the Court to 17 C.F.R. §229.503(c) and *Statement of the Comm'n Regarding Disclosure of Year 2000 Issues and Consequences by Pub. Cos., Inv. Advisers, Inv. Cos., & Mun. Sec. Issuers*, 1998 WL 425894, at *14 (July 29, 1998), for their complete and accurate texts.

99.     The Tencent Director Defendants deny the allegations in Paragraph 99, except admit that NIO's Registration Statement discloses that, at the time of the IPO, construction of the Shanghai Facility had started, and NIO expected that the Shanghai Facility would expand its manufacturing capacity and facilitate its ability to obtain its own EV manufacturing license and potentially benefit from the NEV credit score system in the future, and respectfully refer the Court to the cited Registration Statement for its complete and accurate text.

100.    The allegations in Paragraph 100 state legal conclusions and are not directed at the Tencent Director Defendants, and the Tencent Director Defendants are not required to answer such allegations.

101.    The allegations in Paragraph 101 state legal conclusions and are not directed at the Tencent Director Defendants, and the Tencent Director Defendants are not required to answer such allegations.

102.    The allegations in Paragraph 102 state legal conclusions and are not directed at the Tencent Director Defendants, and the Tencent Director Defendants are not required to answer such allegations.

103.    The allegations in Paragraph 103 state legal conclusions and are not directed at the Tencent Director Defendants, and the Tencent Director Defendants are not required to answer such allegations.

104.    The allegations in Paragraph 104 state legal conclusions and are not directed at the Tencent Director Defendants, and the Tencent Director Defendants are not required to answer such allegations.

105.    The allegations in Paragraph 105 state legal conclusions and are not directed at the Tencent Director Defendants, and the Tencent Director Defendants are not required to answer such allegations.

106.    The allegations in Paragraph 106 state legal conclusions and are not directed at the Tencent Director Defendants, and the Tencent Director Defendants are not required to answer such allegations.

107.    The allegations in Paragraph 107 state legal conclusions and are not directed at the Tencent Director Defendants, and the Tencent Director Defendants are not required to answer such allegations.

108.    The allegations in Paragraph 108 state legal conclusions and are not directed at the Tencent Director Defendants, and the Tencent Director Defendants are not required to answer such allegations.

109.     The allegations in Paragraph 109 state legal conclusions and are not directed at the Tencent Director Defendants, and the Tencent Director Defendants are not required to answer such allegations.

110.     The allegations in Paragraph 110 state legal conclusions and are not directed at the Tencent Director Defendants, and the Tencent Director Defendants are not required to answer such allegations.

111.     The allegations in Paragraph 111 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny the allegations in Paragraph 111, except admit that they were directors of NIO at the time of the IPO and signed the Registration Statement.  The Tencent Director Defendants further answer that after reasonable investigation, they had reasonable ground to believe and did believe, at the time they signed the Registration Statement, that both the expertized statements and the non-expertized statements therein were true and correct, and there was no omission to state a material fact required to be stated therein to render any part of the Registration Statement not misleading.

112.     The Tencent Director Defendants deny the allegations in Paragraph 112 as it pertains to them.

113.     The allegations in Paragraph 113 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny the allegations in Paragraph 113 as it pertains to them.

114.     The allegations in Paragraph 114 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114.

115.    The allegations in Paragraph 115 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115.

116.    The allegations in Paragraph 116 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116.

117.    The allegations in Paragraph 117 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117.

118.    The allegations in Paragraph 118 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny the allegations in Paragraph 118.

119.    The allegations in Paragraph 119 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny the allegations in Paragraph 119.

120.    The allegations in Paragraph 120 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny the allegations in Paragraph 120.

121.    The allegations in Paragraph 121 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny the allegations in Paragraph 121.

122.    The allegations in Paragraph 122 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122.

123.    The Tencent Director Defendants repeat and incorporate by reference herein their responses to each and every paragraph contained above, except responses to any allegation of fraud, recklessness or intentional misconduct.

124.    The allegations in Paragraph 124 state legal conclusions to which no response is required. To the extent a response is required, the Tencent Director Defendants deny the allegations in Paragraph 124.

125.    The Tencent Director Defendants deny the allegations in Paragraph 125.

126.    The Tencent Director Defendants deny the allegations in Paragraph 126, except admit that the Defendants named in this Count signed the Registration Statement and/or were directors of NIO at the time they signed the Registration Statement, or were underwriters of NIO's IPO.

127.    The allegations in Paragraph 127 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny the allegations in Paragraph 127.

128.    The allegations in Paragraph 128 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny the allegations in Paragraph 128.

129.    The allegations in Paragraph 129 state legal conclusions to which no response is required.  To the extent a response is required, allegations of paragraph 129 are not directed at the Tencent Director Defendants, and the Tencent Director Defendants are not required to answer such allegations.  To the extent a response is otherwise required, the Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129.

130.    The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130.

131.    The Tencent Director Defendants deny knowledge or information sufficient to form a belief about the knowledge of the Plaintiffs and members of the Class.  The Tencent Director Defendants otherwise deny the allegations in Paragraph 131.

132.    The allegations in Paragraph 132 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny the allegations in Paragraph 132, except admit that this claim is brought within three years of the effective date of the Registration Statement.

133.    The Tencent Director Defendants repeat and incorporate by reference herein their responses to each and every paragraph contained above, except responses to any allegation of fraud, recklessness or intentional misconduct.

134.    The allegations in Paragraph 134 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny the allegations in Paragraph 134 as it pertains to them.

135.    The allegations in Paragraph 135 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny the allegations in Paragraph 135 as it pertains to them.

136.    The allegations in Paragraph 136 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny the allegations in Paragraph 136 as it pertains to them.

137.    The Tencent Director Defendants deny the allegations in Paragraph 137.

138.    The allegations in Paragraph 138 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny the allegations in Paragraph 138, except admit that this claim is brought within three years of the effective date of the Registration Statement.

139.    The Tencent Director Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 139, except admit that JAC Motors is a Chinese state-owned enterprise.

140.    The Tencent Director Defendants deny the allegations in Paragraph 140.

141.    The Tencent Director Defendants deny the allegations in Paragraph 141.

142.    The allegations in Paragraph 142 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny the allegations in Paragraph 142.  The Tencent Director Defendants further answer that after reasonable investigation, they had reasonable ground to believe and did believe, at the time they signed the Registration Statement, that statements in the Registration Statement were true and correct, and there was no omission to state a material fact required to be stated therein to render any part of the Registration Statement not misleading.

143.    The allegations in Paragraph 143 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny the allegations in Paragraph 143 as it pertains to them.

144.    The allegations in Paragraph 144 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny the allegations in Paragraph 144, except admit that the Registration Statement states that, at the time of the IPO, Chinese regulations on planning construction project require construction land planning permit, construction work planning permit and, subject to certain exceptions, construction work commencement permit, and respectfully refer the Court to the cited Registration Statement for its complete and accurate text.

145.    The Tencent Director Defendants deny the allegations in Paragraph 145 as it pertains to them, except admit that the proposed site for the Shanghai Facility was located in Waigang Town, Jiading District, Shanghai.

146.    The Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146.

147.    The allegations in Paragraph 147 state legal conclusions and are not directed at the Tencent Director Defendants, and the Tencent Director Defendants are not required to answer such allegations.  To the extent a response is required, the Tencent Director Defendants deny the allegations in Paragraph 147.

148.    The allegations in Paragraph 148 state legal conclusions and are not directed at the Tencent Director Defendants, and the Tencent Director Defendants are not required to answer such allegations.  To the extent a response is required, the Tencent Director Defendants deny the allegations in Paragraph 148.

149.    The allegations in Paragraph 149 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149.

150.    The allegations in Paragraph 150 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150, except admit that NIO traded ADSs on the NYSE and was a public issuer required to file periodic reports with the SEC.

151.    The allegations in Paragraph 151 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151.

152.    The allegations in Paragraph 152 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152.

153.    The Tencent Director Defendants repeat and incorporate by reference herein their responses to each and every paragraph contained above.

154.    The allegations in Paragraph 154 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny the allegations in Paragraph 154.

155.    The allegations in Paragraph 155 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny the allegations in Paragraph 155 as it pertains to them.

156.    The allegations in Paragraph 156 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny the allegations in Paragraph 156 as it pertains to them.

157.    The allegations in Paragraph 157 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny the allegations in Paragraph 157 as it pertains to them.

158.    The allegations in Paragraph 158 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny the allegations in Paragraph 158 as it pertains to them.

159.    The allegations in Paragraph 159 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny knowledge or information sufficient to form a belief about Plaintiffs and other members of the Class, and otherwise deny the allegations in Paragraph 159.

160.    The allegations in Paragraph 160 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160.

161.    The allegations in Paragraph 161 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny the allegations in Paragraph 161.

162.    The allegations in Paragraph 162 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny the allegations in Paragraph 162.

163.    The Tencent Director Defendants repeat and incorporate by reference herein their responses to each and every paragraph contained above.

164.    The Tencent Director Defendants deny the allegations in Paragraph 164 as it pertains to them.

165.    The allegations in Paragraph 165 state legal conclusions to which no response is required.  To the extent a response is required, the Tencent Director Defendants deny the allegations in Paragraph 165 as it pertains to them.

166.    The allegations in Paragraph 166 state legal conclusions to which no response is required. To the extent a response is required, the Tencent Director Defendants deny the allegations in Paragraph 166 as it pertains to them.

167.    The allegations in Paragraph 167 state legal conclusions to which no response is required. To the extent a response is required, the Tencent Director Defendants deny the allegations in Paragraph 167 as it pertains to them.

168.    The allegations in Paragraph 168 state legal conclusions to which no response is required. To the extent a response is required, the Tencent Director Defendants deny the allegations in Paragraph 168 as it pertains to them.

### Response to Prayer for Relief

The Tencent Director Defendants deny that Plaintiffs or members of the putative class are entitled to the requested relief, or any relief, against the Tencent Director Defendants, and request that the Court dismiss all claims against them with prejudice and order such further relief as the Court deems just and proper.

### Response to Jury Demand

The Tencent Director Defendants admit that the Plaintiffs purport to demand a jury trial.

### <u>AFFIRMATIVE AND OTHER DEFENSES</u>

Without admitting any wrongful conduct, and without admitting that Plaintiffs or the members of the purported class have suffered any loss, damage, or injury, the Tencent Director Defendants allege the following affirmative and other defenses to the allegations set forth in the Second Amended Complaint.  By designating the following affirmative and other defenses, the Tencent Director Defendants do not in any way waive or limit any defenses raised by the denials, allegations, and averments set forth elsewhere in this Answer.  The Tencent Director Defendants

also do not, by alleging any affirmative or other defenses, admit that Plaintiffs do not have the burden of proof as to those defenses, and the statement of any defense hereinafter does not assume the burden of proof for any issue as to which applicable law places the burden upon Plaintiffs. These defenses are pleaded in the alternative, are raised to preserve the Tencent Director Defendants' right to assert such defenses, and are without prejudice to the Tencent Director Defendants' ability to raise other and further defenses. The Tencent Director Defendants expressly reserve the right to amend and/or supplement their defenses as may be necessary.

Where the Tencent Director Defendants' defenses are based on actions or omissions by a plaintiff or plaintiffs, the Tencent Director Defendants refer for present purposes to "Plaintiffs." If a class were later to be certified in this matter, these defenses would apply equally to any future class members.

## FIRST DEFENSE

Plaintiffs' Second Amended Complaint and each purported claim for relief stated therein fails to state a claim on which relief can be granted against the Tencent Director Defendants or either of them.

## SECOND DEFENSE

The Tencent Director Defendants are not liable on the claims alleged by Plaintiffs because the Tencent Director Defendants made no actionably false or misleading statement or omission of material fact.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Tencent Director Defendants had no duty to disclose to Plaintiffs the information allegedly omitted in any statement made by the Tencent Director Defendants.

## FOURTH DEFENSE

The statements Plaintiffs challenge were not material to the investment decisions of a reasonable investor in view of, *inter alia*, the total mix of available information.

## FIFTH DEFENSE

The claims alleged by Plaintiffs cannot be maintained, in whole or in part, because the Tencent Director Defendants at all times acted in good faith and with good cause, the Tencent Director Defendants' decisions at all times were consistent with a good faith exercise of business judgment, and the Tencent Director Defendants were not negligent in not knowing that any alleged misstatement or omission was false or misleading.

## SIXTH DEFENSE

The claims alleged by Plaintiffs are based on predictions and forward-looking statements.  Plaintiffs' claims are accordingly barred, in whole or in part, by the safe harbor provisions of the Private Securities Litigation Reform Act of 1995 and the bespeaks caution doctrine, and cannot be the basis for liability by virtue of Section 21E of the Securities Exchange Act of 1934.

## SEVENTH DEFENSE

The claims alleged by Plaintiffs are based on opinion statements.  Plaintiffs are accordingly barred, in whole or in part, from recovery under the framework set forth in *Omnicare, Inc.* v. *Laborers District Council Constr. Indus. Pension Fund*, 135 S. Ct. 1318 (2015).

## EIGHTH DEFENSE

Plaintiffs' claims barred, in whole or in part, because the statements challenged constitute immaterial puffery or corporate optimism that are not actionable.

**NINTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of contributory negligence, comparative negligence and/or assumption of risk because Plaintiffs knew, or in the exercise of reasonable care should have known, the risks inherent in investing in the securities described in the Second Amended Complaint, and Plaintiffs assumed the risk of a decline in the value of their investments when purchasing the securities.

**TENTH DEFENSE**

The claims alleged by Plaintiffs are barred, in whole or in part, because Plaintiffs did not rely on any allegedly false or misleading statement made by the Tencent Director Defendants.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs did not acquire their shares pursuant or traceable to the Registration Statement at issue.

**TWELFTH DEFENSE**

The claims alleged by Plaintiffs are barred, in whole or in part, on the ground that information alleged to be the subject of false or misleading statements was publicly disclosed or was in the public domain, and thus was available to Plaintiffs and to the market.

**THIRTEENTH DEFENSE**

The claims alleged by Plaintiffs are barred, in whole or in part, because the Tencent Director Defendants conducted adequate due diligence and a reasonable investigation, and had a good-faith basis and reasonable grounds to believe, and did believe at the time the statements were made, that such statements were true and not misleading.

## FOURTEENTH DEFENSE

The claims alleged by Plaintiffs are barred, in whole or in part, because the Tencent Director Defendants did not know, and in the exercise of reasonable care could not have known, that any of the challenged statements contained an untrue statement of material fact or an omission of a material fact necessary in order to make the statements, in light of the circumstances under which they were made, not misleading.

## FIFTEENTH DEFENSE

The claims alleged by Plaintiffs are barred, in whole or in part, because at all relevant times, the Tencent Director Defendants reasonably relied in good faith on the representations, reports, expert opinions, and advice of others upon whom the Tencent Director Defendants were entitled to rely.

## SIXTEENTH DEFENSE

The Tencent Director Defendants are not liable to Plaintiffs because, at all relevant times, they reasonably relied on senior management of NIO.

## SEVENTEENTH DEFENSE

The claims alleged by Plaintiffs are barred in whole or in part, because, as to the "nonexpertized" portions of the Registration Statement, Prospectus, or any documents purportedly incorporated by reference therein, the Tencent Director Defendants had, after reasonable investigation, reasonable ground to believe and did believe, at the time such part of the Registration Statement or Prospectus became effective, that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

## EIGHTEENTH DEFENSE

The claims alleged by Plaintiffs are barred in whole or in part because, as to the "expertized" portions of the Registration Statement, Prospectus, or any documents purportedly incorporated by reference therein, the Tencent Director Defendants had no reasonable ground to believe and did not believe, at the time such part of the Registration Statement or Prospectus became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, or that such part of the Registration Statement or Prospectus did not fairly represent the statement of the expert or was not a fair copy of or extract from the report or valuation of the expert.

## NINETEENTH DEFENSE

The Tencent Director Defendants are not controlling persons of any of the alleged primary violators and, in any event, acted at all times in good faith and had no knowledge of, or reasonable grounds to believe that, any alleged statement or omission made by any person over whom they allegedly exercised control was false or misleading.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred under Section 15 of the Securities Act of 1933 because Plaintiffs cannot establish the primary liability necessary to assert a claim for control person liability.

## TWENTY-FIRST DEFENSE

The Tencent Director Defendants had no knowledge of, or reasonable grounds to believe in, the existence of facts alleged to support liability of the allegedly controlled persons.

## TWENTY-SECOND DEFENSE

The Tencent Director Defendants are not liable for Plaintiffs' claims under the Securities Exchange Act of 1934 because the Tencent Director Defendants did not make any challenged statements and/or omissions with the necessary scienter.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims alleged under the Securities Exchange Act of 1934 cannot be maintained, in whole or in part, because Plaintiffs cannot plead or prove fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and the Private Litigation Securities Reform Act of 1995, 15 U.S.C. § 78u-4(b)(1).

## TWENTY-FOURTH DEFENSE

The claims alleged by Plaintiffs are barred, in whole or in part, to the extent that (i) the market price of NIO's ADSs was not inflated as a result of any alleged misrepresentation or omission made by Defendants; (ii) there was no price impact from the alleged misrepresentations; (iii) the allegedly false or misleading statements asserted in the Second Amended Complaint were not immediately assimilated into the market; (iv) no efficient market existed for the trading of NIO's ADSs; and (v) a "fraud on the market" presumption is not legally or factually proper. The claims alleged by Plaintiffs are also barred, in whole or in part, for lack of actual reliance by Plaintiffs on any of the alleged misrepresentations or omissions.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred under Section 20(a) of the Securities Exchange Act of 1934 because Plaintiffs cannot establish the primary liability necessary to assert a claim for control person liability.

## TWENTY-SIXTH DEFENSE

The Tencent Director Defendants are not liable under Section 20(a) of the Securities Exchange Act of 1934 because they acted in good faith and did not disseminate, culpably participate in, nor directly or indirectly induce, the making of any false or misleading statements or omissions.

## TWENTY-SEVENTH DEFENSE

Any damage, loss, or injury allegedly sustained by Plaintiffs was not directly or proximately caused, in whole or in part, by any purported misstatement or omission by the Tencent Director Defendants.

## TWENTY-EIGHTH DEFENSE

The claims alleged by Plaintiffs are barred, in whole or in part, because no material misstatement of fact, omission to state a required fact, or omission to state a material fact necessary to make a statement not misleading caused, in whole, in part, or at all, any diminution in the value of the NIO securities allegedly purchased by Plaintiffs.

## TWENTY-NINTH DEFENSE

Plaintiffs' losses, if any, were caused by market factors, superseding or intervening causes, or other factors for which the Tencent Director Defendants are not responsible, or acts and/or omissions of other persons or entities for whom the Tencent Director Defendants are not responsible, and did not result from any act or omission of the Tencent Director Defendants.

## THIRTIETH DEFENSE

The claims alleged by Plaintiffs are barred, in whole or in part, because Plaintiffs have suffered no damages.

## THIRTY-FIRST DEFENSE

Plaintiffs' alleged damages, if any, are speculative and thus not recoverable.

## THIRTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the failure of Plaintiffs to take appropriate steps to mitigate, reduce, or otherwise avoid their alleged damages.

## THIRTY-THIRD DEFENSE

The Tencent Director Defendants are entitled to offset damages, if any, by benefits received by Plaintiffs through their investments in NIO, in accordance with the Private Securities Litigation Reform Act, common law, or any other applicable statute, rule, or regulation.

## THIRTY-FOURTH DEFENSE

The claims alleged by Plaintiffs are barred, in whole or in part, to the extent that the damages sought exceed those permitted under the Private Securities Litigation Reform Act, common law, or any other applicable statute, rule, or regulation.

## THIRTY-FIFTH DEFENSE

To the extent Plaintiffs purport to request injunctive relief, any such claim is barred because Plaintiffs have an adequate remedy at law.

## THIRTY-SIXTH DEFENSE

To the extent asserted by a putative class, Plaintiffs' claims against Tencent Director Defendants are barred, in whole or in part, because they cannot satisfy any of the requirements for certification of a class under Federal Rule of Civil Procedure 23.

## THIRTY-SEVENTH DEFENSE

Plaintiffs and members of the putative class lack standing to maintain their claims against the Tencent Director Defendants.

### THIRTY-EIGHTH DEFENSE

This action is barred, in whole or in part, because the Court lacks jurisdiction of the claims of any members of the putative class who do not reside in New York.

### THIRTY-NINTH DEFENSE

This action is barred, in whole or in part, because the putative class period is overbroad and, therefore, many of the putative class members are not entitled to any recovery.

### FORTIETH DEFENSE

To the extent either or both of the Tencent Director Defendants is found liable to Plaintiffs, any such liability is capped at the portion of the judgment that corresponds to the percentage of responsibility of such Tencent Director Defendant, and the Tencent Director Defendants are each entitled to receive contribution and/or indemnity from others for any liability they incur.

### FORTY-FIRST DEFENSE

The Tencent Director Defendants hereby adopt and incorporate by reference any and all other defenses asserted or to be asserted by any of the other defendants to the extent that the Tencent Director Defendants may share in such a defense.  The Tencent Director Defendants reserve and reassert all affirmative defenses available under any applicable federal and/or state law.  The Tencent Defendants further reserve the right to assert and pursue any additional defenses, cross-claims, and third-party claims not asserted herein of which each may become aware through discovery or other investigation.

WHEREFORE, the Tencent Director Defendants respectfully request that the Court dismiss the Second Amended Complaint with prejudice, with costs and disbursements to the

Tencent Director Defendants, and seek such other legal and equitable relief, including an award of attorneys' fees, as the Court may deem just and proper.

Dated: October 25, 2021                    Respectfully submitted,


                                           By:   */s/ Andrew J. Ehrlich*
                                                 Andrew J. Ehrlich
                                                 PAUL, WEISS, RIFKIND, WHARTON
                                                 & GARRISON LLP
                                                 1285 Avenue of the Americas
                                                 New York, New York  10019-6064
                                                 Tel: (212) 373-3000
                                                 aehrlich@paulweiss.com

                                                 Jane B. O'Brien
                                                 PAUL, WEISS, RIFKIND, WHARTON
                                                 & GARRISON LLP
                                                 2001 K Street, NW
                                                 Washington, DC  20006-1047
                                                 Tel: (202) 223-7300
                                                 jobrien@paulweiss.com

                                                 *Attorneys for Defendants Xiangping Zhong and Zhaohui Li*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 25, 2021, a true and correct copy of the foregoing

document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


<u>/s/ Andrew J. Ehrlich</u>
Andrew J. Ehrlich