UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :    19-cv-1424 (NGG) (JRC)
                                              :
*In re NIO, Inc. Securities Litigation*       :    **ECF CASE**
                                              :    **Electronically Filed**
                                              :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANSWER OF DEFENDANTS NIO INC., BIN LI, LIHONG QIN, YAQIN ZHANG, TIAN CHENG, HAI WU, XIANG LI, AND PADMASREE WARRIOR, TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**

Defendants NIO Inc. ("NIO"), Bin Li, Lihong Qin, Yaqin Zhang, Tian Cheng, Hai Wu, Xiang Li, and Padmasree Warrior (collectively, "Defendants"), through their undersigned counsel, respectfully submit this answer to Plaintiffs' Second Amended Class Action Complaint for Violation of the Federal Securities Laws (the "Complaint"). Defendants deny all of the Complaint's allegations unless expressly admitted herein. The first non-numbered paragraph of the Complaint reflects Plaintiffs' characterization of their own allegations for which no response is required. To the extent a response is required, Defendants deny those allegations. To the extent any headings in the Complaint contain any factual allegations or legal conclusions, Defendants deny those allegations or legal conclusions. Defendants answer the allegations contained in the like-numbered paragraphs of the Complaint as follows:

## NATURE OF THE ACTION

1.      Defendants deny the allegations contained in paragraph 1 of the Complaint, except state that Plaintiffs purport to bring this action as a putative securities class action on behalf of all those who purchased or otherwise acquired the American Depositary Shares

("ADS") of NIO between September 12, 2018 and March 5, 2019 (the "Class Period"). Defendants deny that they have violated any law or that Plaintiffs have suffered any damages.

2.      Defendants deny the allegations contained in paragraph 2 of the Complaint, except state that Plaintiffs purport to bring this action (I) on behalf of all purchasers of NIO ADSs pursuant and/or traceable to the Registration Statement and Prospectus (collectively, the "Registration Statement"), as amended, in connection with NIO's September 12, 2018 initial public offering (the "IPO"), to pursue remedies under Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act"); and (II) on behalf of all purchasers of NIO ADSs during the Class Period, except persons who purchased directly from the Underwriters (as defined in the Complaint) at the offering price in the IPO, to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").  Defendants deny that they have violated any law or that Plaintiffs have suffered any damages.

3.      Defendants deny the allegations contained in paragraph 3 of the Complaint, but state that NIO is headquartered in the People's Republic of China ("PRC" or "China") and designs, jointly manufactures, and sells premium electric vehicles ("EVs").  Defendants state that NIO's place of incorporation is the Cayman Islands.  Defendants refer to the Registration Statement for an accurate description of NIO's business.  Defendants further deny any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

4.      Defendants deny the allegations contained in paragraph 4 of the Complaint, and refer to the Registration Statement for an accurate description of NIO's business and its competitive strengths at the time of the IPO.  Defendants further deny any paraphrasing,

2

summarizing or characterization of NIO's statements in the Registration Statement and other

public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those

filings.

5. Defendants deny the allegations contained in paragraph 5 of the Complaint, and

refer to the Registration Statement for an accurate description of NIO's business model, NIO's

manufacturing model, and NIO's cooperation with Jianghuai Automobile Group, Co. Ltd.

("JAC") at the time of the IPO. Defendants further deny any paraphrasing, summarizing or

characterization of NIO's statements in the Registration Statement and other public filings, and

further deny any factual inferences or legal conclusions made by Plaintiffs based on those filings.

Defendants further deny any paraphrasing, summarizing or characterization of any third-party

statements, analyses, reports, or other documents referenced in the third sentence of paragraph 5

of the Complaint, and deny any factual inferences or legal conclusions made by Plaintiffs based

on those filings, statements, analyses, reports, or documents.

6. Defendants deny the allegations contained in paragraph 6 of the Complaint, and

refer to the Registration Statement for an accurate description of NIO's cooperation with JAC for

the manufacturing of NIO's EVs at the time of the IPO. Defendants further deny any

paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement

and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based

on those filings.

7. Defendants deny the allegations contained in paragraph 7 of the Complaint, and

refer to the Registration Statement for an accurate description of NIO's cooperation with JAC for

the manufacturing of EVs, the risks relating to such cooperation with JAC, and NIO's plans to

build its own manufacturing facility at the time of the IPO. Defendants further deny any

3

paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

8.      Defendants deny the allegations contained in paragraph 8 of the Complaint, and further deny any paraphrasing, summarizing or characterization of any third-party statements, analyses, reports, or other documents referenced in paragraph 8 of the Complaint, and further deny any factual inferences or legal conclusions made by Plaintiffs based on those statements, analyses, reports, or documents.  Defendants refer to the Registration Statement for an accurate description of NIO's business and manufacturing model at the time of the IPO.

9.      Defendants admit the allegations contained in the first sentence of paragraph 9 of the Complaint.  Defendants deny the allegations contained in the second sentence of paragraph 9, and refer to the Registration Statement for an accurate description of the purposes of NIO's IPO and the expected use of the IPO proceeds.  Defendants further deny any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

10.      The allegations contained in paragraph 10 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny all of the allegations contained in paragraph 10 of the Complaint and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "three former NIO employees" referenced in paragraph 10 of the Complaint.  Defendants further refer to the Registration Statement for an accurate description of NIO's plans to build a manufacturing facility in Shanghai (the "Shanghai Facility"), the progress of such construction, and the

4

associated risks, and further deny any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

11.     Defendants deny the allegations contained in paragraph 11 of the Complaint, except admit that NIO's Form 6-K, filed on March 6, 2019, stated that NIO had agreed in principle with its contractual counterparties to terminate the plan to build a manufacturing plant in Shanghai, pending the signing of a definitive termination agreement, and on the same date, representatives from NIO, including Defendant Bin Li, discussed the same, among other matters, on an earnings call.  Defendants refer to the Form 6-K filed on March 6, 2019, and the earnings call on March 6, 2019, for their complete and accurate contents.  Defendants further deny any paraphrasing, summarizing or characterization of NIO's statements in NIO's March 6, 2019 Form 6-K and the subsequent earnings call, and any factual inferences or legal conclusions made by Plaintiffs based on those statements.

12.     Defendants deny the allegations contained in paragraph 12 of the Complaint, and state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding investors' perceptions of Defendants' statements on March 6, 2019.

13.     Defendants deny the allegations contained in paragraph 13 of the Complaint. Defendants further deny any paraphrasing, summarizing or characterization of any third-party statements, analyses, reports, or other documents referenced in paragraph 13 of the Complaint, and deny any factual inferences or legal conclusions made by Plaintiffs based on those filings, statements, analyses, reports, or documents.

14.     Defendants deny the allegations contained in paragraph 14 of the Complaint, and state that they lack knowledge or information sufficient to form a belief as to the truth of the

allegations regarding the statements attributed to a purported former NIO employee quoted in paragraph 14 of the Complaint.

15.     The allegations contained in paragraph 15 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 15 of the Complaint, and refer to the Registration Statement for its full and accurate contents.  Defendants further deny any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

16.     The allegations contained in paragraph 16 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 16 of the Complaint.

## JURISDICTION AND VENUE

17.     The allegations contained in paragraph 17 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations, including that they have violated any law or that Plaintiffs have suffered any damages, but state that the Complaint purports to assert claims under Sections 11 and 15 of the Securities Act, Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder by the SEC.

18.     The allegations contained in paragraph 18 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations, but admit that the Court has jurisdiction over this action pursuant to the referenced statutes.

19.     The allegations contained in paragraph 19 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations, but admit that Plaintiffs allege certain acts and conduct taking place in this District.

20.     The allegations contained in paragraph 20 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

## PARTIES

21.     Defendants deny that Lead Plaintiff has suffered any damages.  Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 of the Complaint.

22.     Defendants deny that the named plaintiff Eva Huang has suffered any damages. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in paragraph 23 of the Complaint, but state that NIO is a company incorporated in the Cayman Islands that is headquartered in Shanghai, China, that designs, jointly manufactures, and sells electric vehicles, and that NIO's ADSs trade on the NYSE under the ticker "NIO."  Defendants refer to the Registration Statement and other SEC filings for their complete and accurate contents.

24.     Defendants deny the allegations contained in paragraph 24 of the Complaint, except admit that Defendant Bin Li is NIO's founder; that Mr. Li was, at the time of the IPO, NIO's Chief Executive Officer ("CEO") and chairman of NIO's board of directors; that prior to the IPO, Mr. Li held 17.2% of NIO's stock; that immediately after the IPO, Mr. Li beneficially

owned 48.3% of the aggregate voting power of NIO; and that Mr. Li is also known as William Li. Defendants further deny any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

25.    Defendants deny the allegations contained in paragraph 25 of the Complaint, except admit that Louis T. Hsieh was NIO's Chief Financial Officer ("CFO") at the time of the IPO, and that Mr. Hsieh resigned from his position at NIO on October 30, 2019.[1]

26.    Defendants deny the allegations contained in paragraph 26 of the Complaint, except admit that Defendant Lihong Qin is NIO's co-founder and that Mr. Qin was NIO's president and a director of NIO at the time of the IPO.

27.    Defendants deny the allegations contained in paragraph 27 of the Complaint, but state that beginning in December 2015, Defendant Padmasree Warrior was the chief development officer of NIO and the CEO of NIO USA, Inc. ("NIO USA"); that Ms. Warrior was a director of NIO from March 2016; and that Ms. Warrior resigned from her positions with NIO and NIO USA in December 2018.

28.    Defendants deny the allegations contained in paragraph 28 of the Complaint, except admit that Defendant Tian Cheng was a director of NIO at the time of the IPO.

29.    Defendants deny the allegations contained in paragraph 29 of the Complaint, except admit that Defendant Xiang Li was a director of NIO at the time of the IPO.

30.    Defendants deny the allegations contained in paragraph 30 of the Complaint, except admit that Defendant Hai Wu was a director of NIO at the time of the IPO.

---

[1] Based on the undersigned counsel's information and belief, Louis T. Hsieh was not served in this action.

31.     Defendants deny the allegations contained in paragraph 31 of the Complaint, except admit that Defendant Yaqin Zhang was a director of NIO at the time of the IPO.

32.     Defendants deny the allegations contained in paragraph 32 of the Complaint, except admit that Defendant Xiangping Zhong was a director of NIO at the time of the IPO.

33.     Defendants deny the allegations contained in paragraph 33 of the Complaint, except admit that Defendant Zhaohui Li was a director of NIO at the time of the IPO.

34.     Paragraph 34 of the Complaint reflects Plaintiffs' characterization of their own allegations for which no response is required.  To the extent a response is required, Defendants deny those allegations.

35.     Defendants admit that Defendants Bin Li, Lihong Qin, Yaqin Zhang, Tian Cheng, Hai Wu, Xiang Li, and Padmasree Warrior each reviewed and signed the Registration Statement, but state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35 of the Complaint pertaining to Xiangping Zhong and Zhaohui Li, who are separately represented, and Louis T. Hsieh, who, based on the undersigned counsel's information and belief, has not been served in this action.

36.     Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint, except admit that Morgan Stanley & Co. LLC served as an underwriter for NIO's IPO.

37.     Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint, except admit that Goldman Sachs (Asia) L.L.C. served as an underwriter for NIO's IPO.

38.   Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint, except admit that J.P. Morgan Securities LLC served as an underwriter for NIO's IPO.

39.   Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint, except admit that Merrill Lynch, Pierce, Fenner & Smith Incorporated served as an underwriter for NIO's IPO.

40.   Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint, except admit that Deutsche Bank Securities Inc. served as an underwriter for NIO's IPO.

41.   Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint, except admit that Citigroup Global Markets Inc. served as an underwriter for NIO's IPO.

42.   Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint, except admit that Credit Suisse Securities (USA) LLC served as an underwriter for NIO's IPO.

43.   Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint, except admit that UBS Securities LLC served as an underwriter for NIO's IPO.

44.   Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint, except admit that WR Securities, LLC served as an underwriter for NIO's IPO.

45. Paragraph 45 of the Complaint reflects Plaintiffs' characterization of their own allegations for which no response is required. To the extent a response is required, Defendants deny those allegations.

46. Paragraph 46 of the Complaint reflects Plaintiffs' characterization of their own allegations for which no response is required. To the extent a response is required, Defendants deny those allegations.

### ANSWER TO SUBSTANTIVE ALLEGATIONS

47. Defendants deny the allegations contained in paragraph 47 of the Complaint, except admit that NIO was founded in 2014 and is headquartered in Shanghai, China. Defendants refer to the Registration Statement for its complete and accurate contents. Defendants further deny any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint. Defendants refer to the Registration Statement for an accurate description of NIO's business and competitive strengths at the time of the IPO. Defendants further deny any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint, except admit that the referenced graph was included in NIO's Registration Statement to illustrate China's battery electric vehicle ("BEV") SUV market landscape and the ES8's price advantages at the time of NIO's IPO. Defendants refer to the Registration Statement for an accurate

11

description of NIO's business and competitive strengths at the time of the IPO.  Defendants further deny any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

50.    Defendants deny the allegations contained in paragraph 50 of the Complaint. Defendants refer to the Registration Statement for an accurate description of NIO's business model and competitive strengths at the time of the IPO.  Defendants further deny any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

51.    Defendants deny the allegations contained in paragraph 51 of the Complaint, except admit that at the time of its IPO, NIO manufactured the ES8 in partnership with JAC. Defendants refer to the Registration Statement for an accurate description of NIO's partnership with JAC at the time of the IPO.  Defendants further deny any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

52.    Defendants deny the allegations contained in paragraph 52 of the Complaint, except admit that NIO entered into an arrangement with JAC for the manufacture of the ES8 for five years beginning May 2016.  Defendants refer to the Registration Statement for an accurate description of NIO's partnership with JAC at the time of the IPO.  Defendants further deny any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

53.    Defendants deny the allegations contained in paragraph 53 of the Complaint. Defendants further deny any paraphrasing, summarizing or characterization of any third-party statements, analyses, reports, or other documents referenced in paragraph 53 of the Complaint, and further deny any factual inferences or legal conclusions made by Plaintiffs based on those filings, statements, analyses, reports, or documents.

54.    Defendants admit the allegations contained in paragraph 54 of the Complaint.

55.    Defendants admit the allegations contained in paragraph 55 of the Complaint.

### ANSWER TO SECURITIES ACT CLAIMS

56.    Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 56 of the Complaint.  Defendants deny the remaining allegations contained in paragraph 56 of the Complaint.

57.    Defendants deny the allegations contained in paragraph 57 of the Complaint, and further deny any paraphrasing, summarizing or characterization of any third-party statements, analyses, reports, or other documents referenced in paragraph 57 of the Complaint, and deny any factual inferences or legal conclusions made by Plaintiffs based on those filings, statements, analyses, reports, or documents.

58.    Defendants deny the allegations contained in paragraph 58 of the Complaint, but state that the Registration Statement contains the selectively quoted language, and refer to the Registration Statement for an accurate recitation of its contents.  Defendants deny any paraphrasing, summarizing, or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

59.    Defendants deny the allegations contained in paragraph 59 of the Complaint.

60.	Defendants deny the allegations contained in paragraph 60 of the Complaint, but state that the Registration Statement contains the selectively quoted language, and refer to the Registration Statement for an accurate recitation of its contents.  Defendants deny any paraphrasing, summarizing, or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

61.	Defendants deny the allegations contained in paragraph 61 of the Complaint, but state that the Registration Statement contains the selectively quoted language, with the exception of the added emphasis, and refer to the Registration Statement for an accurate recitation of its contents.  Defendants deny any paraphrasing, summarizing, or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

62.	Defendants deny the allegations contained in paragraph 62 of the Complaint, but state that the Registration Statement contains the selectively quoted language, with the exception of the added emphasis, and refer to the Registration Statement for an accurate recitation of its contents.  Defendants deny any paraphrasing, summarizing, or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

63.	Defendants deny the allegations contained in paragraph 63 of the Complaint, and refer to the Registration Statement for an accurate description of the purposes of NIO's IPO and the expected use of the IPO proceeds.  Defendants further deny any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

64.	Defendants deny the allegations contained in paragraph 64 of the Complaint, and refer to the Registration Statement for an accurate description of the purposes of NIO's IPO, the expected use of the IPO proceeds, and the financing, planning, and construction of the Shanghai

Facility.  Defendants further deny any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

65.    Defendants admit the allegations contained in the first sentence of paragraph 65 of the Complaint.  Defendants deny the allegations contained in the second sentence of paragraph 65 of the Complaint, except admit that NIO's Form 6-K filed on March 6, 2019 stated, among other things, that NIO had agreed in principle with its contractual counterparties to terminate the plan to build a manufacturing plant in Shanghai, pending the signing of a definitive termination agreement.  Defendants refer to the Form 6-K filed on March 6, 2019 for its complete and accurate contents.  Defendants further deny any paraphrasing, summarizing or characterization of NIO's statements in NIO's March 6, 2019 Form 6-K, and any factual inferences or legal conclusions made by Plaintiffs based on those statements.

66.    Defendants deny the allegations contained in paragraph 66 of the Complaint, and refer to the Registration Statement for an accurate description of the purposes of NIO's IPO, the expected use of the IPO proceeds, and the financing, planning, and construction of the Shanghai Facility.  Defendants further deny any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.  Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegation that "[t]his news caught investors by surprise."

67.    Defendants deny the allegations contained in paragraph 67 of the Complaint, except admit that on March 6, 2019, representatives from NIO, including Defendant Bin Li, held a conference call to discuss NIO's 4Q18 earnings results, and discussed, among other things, that

15

the Chinese government had recently endorsed the cooperation between car R&D companies like NIO and manufacturing companies or manufacturing plants, and that the details and implications of the new policy directive were yet to be finalized.  Defendants refer to the earnings call on March 6, 2019 for its complete and accurate contents.  Defendants further deny any paraphrasing, summarizing or characterization of NIO's statements during the March 6, 2019 earnings call, and any factual inferences or legal conclusions made by Plaintiffs based on those statements.

68.     Defendants deny the allegations contained in paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained in paragraph 69 of the Complaint.

70.     Defendants deny the allegations contained in paragraph 70 of the Complaint. Defendants further state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint regarding investors' perceptions of or beliefs regarding NIO's statements about the Shanghai Facility.

71.     Defendants deny the allegations contained in paragraph 71 of the Complaint. Defendants further deny any paraphrasing, summarizing or characterization of any third-party statements, analyses, reports, or other documents referenced in paragraph 71 of the Complaint, and deny any factual inferences or legal conclusions made by Plaintiffs based on those filings, statements, analyses, reports, or documents.

72.     Defendants deny the allegations contained in paragraph 72 of the Complaint. Defendants further deny any paraphrasing, summarizing or characterization of any third-party statements, analyses, reports, or other documents referenced in paragraph 72 of the Complaint, and deny any factual inferences or legal conclusions made by Plaintiffs based on those filings, statements, analyses, reports, or documents.  Defendants state that they lack knowledge or

16

information sufficient to form a belief as to the truth of the allegations contained in the final sentence of paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in paragraph 73 of the Complaint. Defendants further deny any paraphrasing, summarizing or characterization of any third-party statements, analyses, reports, or other documents referenced in paragraph 73 of the Complaint, and deny any factual inferences or legal conclusions made by Plaintiffs based on those filings, statements, analyses, reports, or documents.

74.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint regarding Plaintiffs' investigation or the alleged statements of FE2.  Defendants deny the remaining allegations contained in paragraph 74 of the Complaint.

75.     Defendants deny the allegations contained in paragraph 75 of the Complaint, but state that the selectively quoted figures appeared in NIO's Form 6-Ks filed on January 10, 2019 and March 6, 2019, among other places, and refer to such filings for an accurate recitation of their contents.  Defendants deny any paraphrasing, summarizing, or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

76.     Defendants deny the allegations contained in paragraph 76 of the Complaint.

77.     Defendants deny the allegations contained in the first and last sentences in paragraph 77 of the Complaint.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 77 of the Complaint.

78.     Defendants deny the allegation contained in the first sentence in paragraph 78 of the Complaint.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 78 of the Complaint.

17

79.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint.

80.    Defendants deny the allegations contained in paragraph 80 of the Complaint.

81.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint.

82.    Defendants deny the allegations contained in paragraph 82 of the Complaint.

83.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint.

84.    Defendants deny the allegations contained in paragraph 84 of the Complaint, except state that an environmental impact assessment was completed for the Shanghai Facility.

85.    Defendants deny the allegations contained in paragraph 85 of the Complaint.

86.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint.

87.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint.

88.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint.

89.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged statements of FE1 contained in paragraph 89 of the Complaint.

90.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged statements of FE2 contained in paragraph 90 of the Complaint.

91.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged statements of FE3 contained in paragraph 91 of the Complaint.

92.     Defendants deny the allegations contained in paragraph 92 of the Complaint. Defendants refer to the Registration Statement for an accurate description of the plan to build the Shanghai Facility and the relevant risks.  Defendants further deny any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

93.     Defendants deny the allegations contained in paragraph 93 of the Complaint. Defendants refer to the Registration Statement for an accurate description of the plan to build the Shanghai Facility and the relevant risks.  Defendants further deny any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

94.     The allegations contained in paragraph 94 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 94 of the Complaint, but state that the selectively quoted language appears in the cited SEC interpretation of a previous version of Item 303(a)(3)(ii) of SEC Regulation S-K, 17 C.F.R. § 229.303(a)(3)(ii).  Defendants refer to the applicable version of 17 C.F.R. § 229.303(a)(3)(ii) for an accurate recitation of its contents. Defendants deny any paraphrasing, summarizing, or characterization of Item 303 and any factual inferences or legal conclusions made by Plaintiffs based on Item 303.

95.     The allegations contained in paragraph 95 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 95 of the Complaint, but state that the selectively quoted language appears in the cited SEC interpretation of a previous version of Item 303(a)(3)(ii) of SEC Regulation S-K, 17 C.F.R. § 229.303(a)(3)(ii).  Defendants refer to the applicable version of 17 C.F.R. § 229.303(a)(3)(ii) for an accurate recitation of its contents.  Defendants deny any paraphrasing, summarizing, or characterization of Item 303 and any factual inferences or legal conclusions made by Plaintiffs based on Item 303.

96.     Defendants deny the allegations contained in the first, second and third sentences of paragraph 96 of the Complaint.  Defendants refer to the Registration Statement for an accurate description of the plan to build the Shanghai Facility and the relevant risks.  Defendants further deny any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.  The allegations contained in the last sentence of paragraph 96 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny those allegations.

97.     The allegations contained in paragraph 97 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 97 of the Complaint, but state that the selectively quoted language appears in the cited SEC memorandum regarding a previous proposed version of Item 503 of SEC Regulation S-K, 17 C.F.R. § 229.503 (since superseded by Item 105 of SEC Regulation S-K, 17 C.F.R. § 229.105).  Defendants refer to the applicable versions of 17 C.F.R. § 229.503/17 C.F.R. § 229.105 for accurate recitations of the contents of each.  Defendants deny

any paraphrasing, summarizing, or characterization of Item 503/105 and any factual inferences or legal conclusions made by Plaintiffs based thereon.

98.    The allegations contained in paragraph 98 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 98 of the Complaint, but state that the selectively quoted language appears in a previous version of Item 503 of SEC Regulation S-K, 17 C.F.R. § 229.503 (since superseded by Item 105 of SEC Regulation S-K, 17 C.F.R. § 229.105). Defendants refer to the applicable versions of 17 C.F.R. § 229.503/17 C.F.R. § 229.105 for accurate recitations of the contents of each.  Defendants deny any paraphrasing, summarizing, or characterization of Item 503/105 and any factual inferences or legal conclusions made by Plaintiffs based thereon.

99.    Defendants deny the allegations contained in paragraph 99, and refer to the Registration Statement for an accurate description of the plan to build the Shanghai Facility and the relevant risks.  Defendants further deny any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

### ANSWER TO CLAIMS OF THE UNDERWRITERS' VIOLATIONS OF THE SECURITIES ACT

100.    The allegations contained in paragraph 100 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 100 of the Complaint, and further deny that they have violated any law or that Plaintiffs have suffered any damages.

101.    The allegations contained in paragraph 101 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants

deny the allegations contained in paragraph 101 of the Complaint, and further deny that they have violated any law or that Plaintiffs have suffered any damages.

102. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Complaint.

103. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Complaint.

104. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Complaint.

105. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the Complaint.

106. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the Complaint.

107. The allegations contained in paragraph 107 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the Complaint.

108. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of the Complaint.

109. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the Complaint.

110. The allegations contained in paragraph 110 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants

22

deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of the Complaint.

### ANSWER TO CLAIMS OF THE DIRECTORS' AND OFFICERS' DUE DILIGENCE OBLIGATIONS

111.   The allegations contained in paragraph 111 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 111 of the Complaint.  Defendants further refer to the Registration Statement for an accurate recitation of its contents.  Defendants deny any paraphrasing, summarizing, or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on those filings.  The Defendants who signed the Registration Statement further answer that, before they signed the Registration Statement and after reasonable investigation, they had reasonable ground to believe and did believe that both the expertized statements and the non-expertized statements therein were true and correct, and there was no omission to state a material fact required to be stated therein to render any part of the Registration Statement not misleading.

112.   Defendants deny the allegations contained in paragraph 112 of the Complaint.

113.   The allegations contained in paragraph 113 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 113 of the Complaint.

### ANSWER TO PLAINTIFFS' CLASS ACTION ALLEGATIONS

114.   The allegations contained in paragraph 114 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 114 of the Complaint, except state that Plaintiffs purport to bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil

Procedure on behalf of themselves and all persons or entities that purchased NIO ADSs from September 12, 2018 through March 5, 2019, inclusive.  Defendants deny that they have violated any law or that Plaintiffs have suffered any damages.

115.    The allegations contained in paragraph 115 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115 of the Complaint.

116.    The allegations contained in paragraph 116 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 of the Complaint.  Defendants further deny that they have violated any law or that Plaintiffs have suffered any damages.

117.    The allegations contained in paragraph 117 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 of the Complaint.

118.    The allegations contained in paragraph 118 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 118 of the Complaint.  Defendants further deny that they have violated any law or that Plaintiffs have suffered any damages.

119.    The allegations contained in paragraph 119 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants

24

deny the allegations contained in paragraph 119 of the Complaint.  Defendants further deny that they have violated any law or that Plaintiffs have suffered any damages.

120.    The allegations contained in paragraph 120 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 120 of the Complaint.  Defendants further refer to the Registration Statement for an accurate recitation of its contents.  Defendants deny any paraphrasing, summarizing, or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on those filings.  Defendants further deny that they have violated any law or that Plaintiffs have suffered any damages.

121.    The allegations contained in paragraph 121 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 121 of the Complaint.  Defendants further deny that they have violated any law or that Plaintiffs have suffered any damages.

122.    The allegations contained in paragraph 122 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 122 of the Complaint.  Defendants further deny that they have violated any law or that Plaintiffs have suffered any damages.

### <u>ANSWER TO COUNT I</u>

123.    In response to paragraph 123 of the Complaint, Defendants repeat each of the above responses as though fully set forth here.

124.    The allegations contained in paragraph 124 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 124 of the Complaint.

125.    The allegations contained in paragraph 125 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 125 of the Complaint.

126.    The allegations contained in paragraph 126 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 126 of the Complaint, but state that Defendants Bin Li, Lihong Qin, Yaqin Zhang, Tian Cheng, Hai Wu, Xiang Li, and Padmasree Warrior each signed the Registration Statement.

127.    The allegations contained in paragraph 127 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 127 of the Complaint.

128.    The allegations contained in paragraph 128 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 128 of the Complaint.

129.    The allegations contained in paragraph 129 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129 of the Complaint.

130.    The allegations contained in paragraph 130 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130 of the Complaint.

131.     The allegations contained in paragraph 131 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 131 of the Complaint.  Defendants further deny that they have violated any law or that Plaintiffs have suffered any damages.

132.     The allegations contained in paragraph 132 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 132 of the Complaint, but state that the Complaint was filed within three years of the effective date of the Registration Statement.

## ANSWER TO COUNT II

133.     In response to paragraph 133 of the Complaint, Defendants repeat each of the above responses as though fully set forth here.

134.     The allegations contained in paragraph 134 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 134 of the Complaint.

135.     The allegations contained in paragraph 135 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 135 of the Complaint.  Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 135 of the Complaint pertaining to Xiangping Zhong and Zhaohui Li, who are separately represented, and Louis T. Hsieh, who, based on the undersigned counsel's information and belief, has not been served in this action.

136.    The allegations contained in paragraph 136 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 136 of the Complaint.  Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 136 of the Complaint pertaining to Xiangping Zhong and Zhaohui Li, who are separately represented, and Louis T. Hsieh, who, based on the undersigned counsel's information and belief, has not been served in this action.

137.    The allegations contained in paragraph 137 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 137 of the Complaint.  Defendants further deny that they have violated any law or that Plaintiffs have suffered any damages.

138.    The allegations contained in paragraph 138 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 138 of the Complaint, but state that the Complaint was filed within three years of the effective date of the Registration Statement.

### ANSWER TO PLAINTIFFS' ADDITIONAL ALLEGATIONS IN SUPPORT OF EXCHANGE ACT CLAIMS

139.    Defendants deny the allegations contained in paragraph 139 of the Complaint.

140.    Defendants deny the allegations contained in paragraph 140 of the Complaint.

141.    The allegations contained in paragraph 141 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 141 of the Complaint.

142.    The allegations contained in paragraph 142 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants

28

deny the allegations contained in paragraph 142 of the Complaint. The Defendants who signed the Registration Statement further answer that, before they signed the Registration Statement and after reasonable investigation, they had reasonable ground to believe and did believe that both the expertized statements and the non-expertized statements therein were true and correct, and there was no omission to state a material fact required to be stated therein to render any part of the Registration Statement not misleading.

143. The allegations contained in paragraph 143 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 143 of the Complaint.

144. The allegations contained in paragraph 144 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 144 of the Complaint. Defendants further refer to the Registration Statement for an accurate recitation of its contents. Defendants deny any paraphrasing, summarizing, or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

145. The allegations contained in paragraph 145 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 145 of the Complaint, except state that the proposed site for the Shanghai Facility was located in Waigang Town, in Shanghai's Jiading District.

146. Defendants deny the allegations in paragraph 146 of the Complaint, but state that the closing price of NIO's ADSs was $10.16 per ADS on March 5, 2019, $8.01 per ADS on March 6, 2019, and $7.09 per ADS on March 7, 2019.

29

147.    The allegations contained in paragraph 147 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 147 of the Complaint.

148.    The allegations contained in paragraph 148 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 148 of the Complaint.

149.    The allegations contained in paragraph 149 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 149 of the Complaint.

150.    The allegations contained in paragraph 150 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 150 of the Complaint.

151.    The allegations contained in paragraph 151 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 151 of the Complaint.

152.    The allegations contained in paragraph 152 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 152 of the Complaint.

## ANSWER TO COUNT III

153.    In response to paragraph 153 of the Complaint, Defendants repeat each of the above responses as though fully set forth here.

154.     The allegations contained in paragraph 154 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 154 of the Complaint.

155.     The allegations contained in paragraph 155 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 155 of the Complaint.  Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 155 of the Complaint pertaining to Xiangping Zhong and Zhaohui Li, who are separately represented, and Louis T. Hsieh, who, based on the undersigned counsel's information and belief, has not been served in this action.

156.     The allegations contained in paragraph 156 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 156 of the Complaint.  Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 156 of the Complaint pertaining to Xiangping Zhong and Zhaohui Li, who are separately represented, and Louis T. Hsieh, who, based on the undersigned counsel's information and belief, has not been served in this action.

157.     The allegations contained in paragraph 157 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 157 of the Complaint.  Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 157 of the Complaint pertaining to Xiangping Zhong and

Zhaohui Li, who are separately represented, and Louis T. Hsieh, who, based on the undersigned counsel's information and belief, has not been served in this action.

158. The allegations contained in paragraph 158 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 158 of the Complaint. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 158 of the Complaint pertaining to Xiangping Zhong and Zhaohui Li, who are separately represented, and Louis T. Hsieh, who, based on the undersigned counsel's information and belief, has not been served in this action.

159. The allegations contained in paragraph 159 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 159 of the Complaint.

160. The allegations contained in paragraph 160 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 160 of the Complaint.

161. The allegations contained in paragraph 161 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 161 of the Complaint. Defendants further deny that Plaintiffs have suffered any damages.

162. The allegations contained in paragraph 162 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 162 of the Complaint. Defendants further deny that they have violated any law or that Plaintiffs have suffered any damages.

**ANSWER TO COUNT IV**

163.    In response to paragraph 163 of the Complaint, Defendants repeat each of the above responses as though fully set forth here.

164.    Defendants deny the allegations contained in paragraph 164 of the Complaint and refer to the Registration Statement for accurate descriptions of the roles and responsibilities of the Individual Defendants.  Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 164 of the Complaint pertaining to Xiangping Zhong and Zhaohui Li, who are separately represented, and Louis T. Hsieh, who, based on the undersigned counsel's information and belief, has not been served in this action.

165.    The allegations contained in paragraph 165 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 165 of the Complaint.  Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 165 of the Complaint pertaining to Xiangping Zhong and Zhaohui Li, who are separately represented, and Louis T. Hsieh, who, based on the undersigned counsel's information and belief, has not been served in this action.

166.    The allegations contained in paragraph 166 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 166 of the Complaint.  Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 166 of the Complaint pertaining to Xiangping Zhong and Zhaohui Li, who are separately represented, and Louis T. Hsieh, who, based on the undersigned

33

counsel's information and belief, has not been served in this action. Defendants further deny that they have violated any law or that Plaintiffs have suffered any damages.

167. The allegations contained in paragraph 167 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 167 of the Complaint. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 167 of the Complaint pertaining to Xiangping Zhong and Zhaohui Li, who are separately represented, and Louis T. Hsieh, who, based on the undersigned counsel's information and belief, has not been served in this action. Defendants further deny that they have violated any law or that Plaintiffs have suffered any damages.

168. The allegations contained in paragraph 168 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 168 of the Complaint. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 168 of the Complaint pertaining to Xiangping Zhong and Zhaohui Li, who are separately represented, and Louis T. Hsieh, who, based on the undersigned counsel's information and belief, has not been served in this action. Defendants further deny that they have violated any law or that Plaintiffs have suffered any damages.

## ANSWER TO PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to relief, and respectfully request that the Court dismiss all claims against Defendants with prejudice and order such further relief for Defendants as the Court deems just and proper. Defendants further deny that this action is appropriate for class action treatment.

34

## ANSWER TO JURY TRIAL DEMANDED

Defendants deny the allegations of Plaintiffs' demand for a jury trial, but state that Plaintiffs purport to demand a jury trial. Defendants reserve the right to challenge this demand.

## AFFIRMATIVE AND OTHER DEFENSES

As separate and distinct affirmative defenses, Defendants allege as follows: By alleging the matters set forth below, Defendants do not thereby allege or admit that Defendants have the burden of proof or the burden of persuasion with respect to any of these matters. Furthermore, Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserve their rights to amend their answer and assert all such defenses.

### First Defense

This action is barred, in whole or in part, because Plaintiffs fail to state a claim upon which relief may be granted.

### Second Defense

This action is barred, in whole or in part, because the statements Plaintiffs challenge were not false or misleading.

### Third Defense

This action is barred, in whole or in part, because Defendants neither had a duty nor breached a duty to disclose any facts allegedly not disclosed.

### Fourth Defense

This action is barred, in whole or in part, because Defendants did not omit to state any material facts necessary in order to make any statement made by Defendants not false or misleading.

### Fifth Defense

This action is barred, in whole or in part, because any alleged misrepresentations or omissions for which Defendants are allegedly responsible were not material.

### Sixth Defense

This action is barred, in whole or in part, because Defendants are immune from liability for certain statements complained of in the Complaint under the safe harbor provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-5, and/or the bespeaks caution doctrine.

### Seventh Defense

This action is barred, in whole or in part, because certain statements complained of in the Complaint are non-actionable statements of opinion or statements of puffery.

### Eighth Defense

This action is barred, in whole or in part, because the information that Plaintiffs allege to have been omitted or misrepresented was in fact publicly available and/or widely known to the market and to the investing community.

### Ninth Defense

This action is barred, in whole or in part, by the doctrines of contributory negligence, comparative negligence and/or assumption of risk because Plaintiffs and the putative class knew, or in the exercise of reasonable care should have known, the risks inherent in investing in the securities at issue and they assumed the risk of a decline in the value of their investments.

### Tenth Defense

This action is barred, in whole or in part, because Defendants were not the actual or proximate cause of any injury to Plaintiffs or the putative class.

**Eleventh Defense**

This action is barred, in whole or in part, to the extent there are intervening and superseding causes of alleged harm, if any, suffered by Plaintiffs or the putative class.

**Twelfth Defense**

This action is barred, in whole or in part, because Plaintiffs' and the putative class's damages, if any, are speculative and thus are not recoverable.

**Thirteenth Defense**

This action is barred, in whole or in part, to the extent Plaintiffs and the putative class seek damages that exceed those permitted under the federal securities laws and other applicable laws.

**Fourteenth Defense**

This action is barred, in whole or in part, because it is "without merit" within the meaning of the last sentence of Section 11(e) of the Securities Act.  Defendants also reserve the right to assert an affirmative claim against Plaintiffs on this basis.

**Fifteenth Defense**

This action is barred, in whole or in part, because to the extent it is or may be determined that any person is alleged to have been acting as an agent for Defendants in violation of the Securities Act, the Exchange Act or any rules of the Securities and Exchange Commission, with respect to any of the alleged conduct on which the Complaint is based, those actions cannot be imputed to Defendants.

**Sixteenth Defense**

This action is barred, in whole or in part, because it is not maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because the requirements of Rule 23 are not met.

**Seventeenth Defense**

This action is barred, in whole or in part, because Plaintiffs and the putative class lack standing.

**Eighteenth Defense**

This action is barred, in whole or in part, to the extent that Plaintiffs and the putative class did not acquire their shares pursuant or traceable to the Registration Statement at issue.

**Nineteenth Defense**

This action is barred, in whole or in part, because Defendants acted in good faith and did not directly or indirectly induce any acts constituting the alleged violations and causes of action.

**Twentieth Defense**

Plaintiffs' cause of action under Section 10(b) of the Exchange Act is barred, in whole or in part, because no Defendant acted with scienter.

**Twenty-First Defense**

Plaintiffs' cause of action under Section 10(b) of the Exchange Act is barred, in whole or in part, due to the absence of loss causation.

**Twenty-Second Defense**

Plaintiffs' cause of action under Section 10(b) of the Exchange Act is barred, in whole or in part, because the fraud on the market theory does not apply.

38

**Twenty-Third Defense**

Plaintiffs' cause of action under Section 10(b) of the Exchange Act is barred, in whole or in part, because the *Affiliated Ute* presumption does not apply.

**Twenty-Fourth Defense**

Plaintiffs' cause of action under Section 10(b) of the Exchange Act is barred, in whole or in part, because NIO securities were not traded on an efficient market.

**Twenty-Fifth Defense**

Plaintiffs' cause of action under Section 15 of the Securities Act is barred, in whole or in part, because Plaintiffs and the putative class cannot establish the primary liability necessary to assert a claim for control person liability.

**Twenty-Sixth Defense**

Plaintiffs' cause of action under Section 20(a) of the Exchange Act is barred, in whole or in part, because Plaintiffs and the putative class cannot establish the primary liability necessary to assert a claim for control person liability.

**Twenty-Seventh Defense**

This action is barred, in whole or in part, because the Court lacks jurisdiction of the claims of any members of the putative class who do not reside in New York.

**Twenty-Eighth Defense**

This action is barred, in whole or in part, because Plaintiffs are not entitled to any recovery from Defendants because, at the time Plaintiffs acquired NIO's ADSs, Plaintiffs and members of the putative class knew or should have known of any alleged untrue statement of material fact in the offering documents or of any omission of a material fact required to be stated therein or necessary to make the statements therein not misleading.

**Twenty-Ninth Defense**

This action is barred, in whole or in part, because Plaintiffs and members of the putative class are not entitled to any recovery from Defendants because Plaintiffs and members of the putative class did not acquire NIO's ADSs relying on any alleged untrue statement of material fact in the offering documents or relying upon the offering documents and not knowing of any alleged omission of a material fact required to be stated therein or necessary to make the statements therein not misleading.

**Thirtieth Defense**

This action is barred, in whole or in part, because the putative class period is overbroad and, therefore, many of the putative class members are not entitled to any recovery.

**Thirty-First Defense**

This action is barred, in whole or in part, because Plaintiffs and members of the putative class have no compensable damages.

**Thirty-Second Defense**

This action is barred, in whole or in part, because some or all of Plaintiffs and the members of the putative class would be unjustly enriched if they were permitted to obtain any recovery in this action.

**Thirty-Third Defense**

This action is barred, in whole or in part, because some or all of Plaintiffs and the members of the putative class have failed to mitigate damages and have failed to exercise due diligence in an effort to mitigate their damages (to which, in any event, they are not entitled).

## Thirty-Fourth Defense

Any recovery for damages allegedly incurred by Plaintiffs, if any, is limited to the percentage of responsibility of Defendants in proportion of the total fault of all persons, whether or not named as parties to this action, who may have caused or contributed to Plaintiffs' alleged damages, if any, pursuant to the proportionate liability provisions of the PSLRA, as codified at 15 U.S.C. § 78u-4(f)(3)(A).

## Thirty-Fifth Defense

Defendants adopt and incorporate by reference herein any applicable affirmative or other defenses asserted or to be asserted by any of the other defendants to the extent that Defendants may share in such a defense.

WHEREFORE, Defendants respectfully request that the Complaint be dismissed with prejudice and that the Court award Defendants their costs and attorneys' fees and any other relief deemed just and proper.

Dated: New York, New York
       October 25, 2021

/s/ Robert A. Fumerton
Scott D. Musoff
(scott.musoff@skadden.com)
Robert A. Fumerton
(robert.fumerton@skadden.com)
Michael C. Griffin
(michael.griffin@skadden.com)
**SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP**
One Manhattan West
New York, New York 10001
Phone: (212) 735-3000
Fax:    (212) 735-2000

*Attorneys for Defendants NIO Inc., Bin Li,
Lihong Qin, Yaqin Zhang, Tian Cheng, Hai
Wu, Xiang Li and Padmasree Warrior*

41