**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re NIO, Inc. Securities Litigation* | Case No: 1:19-cv-01424-NGG-JRC |

## [PROPOSED]
## CONFIDENTIALITY ORDER

It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings:

(a)     The following documents and information may be designated as "confidential," provided such documents are not public and have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it [check all that apply]:

    __x__ Sensitive Commercial Data, such as confidential or proprietary research, development, manufacturing, or commercial or business information, trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and pricing data.

    __x__ Sensitive Personal Data, such as personal identifiers, financial information, tax records, and employer personnel records.

    __x__ Medical and Legal Records, including medical files and reports.

    _____ Non-public criminal history.

(b)     If any party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make application to the Court. Such application shall only be granted for good cause shown.

(c)     No information that is in the public domain or which is already known by the receiving party through proper means on a non-confidential basis, or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be confidential under this Order.

(d)     An attorney for the producing party may designate documents or parts thereof as

confidential by stamping the word "confidential" on each page.

If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices "confidential," and incorporate by reference the appended material into the responses.

At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph (a) above.  This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information.  Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Order.  The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential Information" by the reporter.

(e)     Documents designated "confidential" shall be shown only to the attorneys, parties, experts, actual or proposed witnesses, court personnel and other persons necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidential designation. The parties agree that any confidential discovery material producedin this litigation may only be used in connection with this litigation.

(f)     Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(g)     The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as "confidential," the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this Order.

(h)     If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

(i)     Counsel for any party may designate any document or information, in whole or in part, as attorney eyes only ("Attorneys Eyes Only Information") if counsel

determines, in good faith, that such designation is necessary. Information and documents designated by a party as attorney eyes only will be stamped "ATTORNEY EYES ONLY." All documents designated as "ATTORNEY EYES ONLY" shall not be disclosed to any person, except:

- Outside counsel;

- The Court (including the mediator, other person having access to any Confidential Information by virtue of his or her position with the Court, or a court of competent jurisdiction in a proceeding by a party or non-party in connection with this action (*e.g.*, in connection with a subpoena or similar discovery request made to obtain discovery material for use in this action), provided that the disclosing party submits the same under seal);

- Court reporters, videographer, and their staff engaged for depositions;

- The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

- Any person expressly named and agreed to in writing by the Producing Party or by Order of the Court

(j)    Notwithstanding the designation of information as "confidential" or "ATTORNEY EYES ONLY" in discovery, there is no presumption that such information shall be filed with the Court under seal.

(k)    The parties shall comply with the Eastern District of New York's Steps for E-Filing Sealed Documents in Civil cases, located at https://www.nyed.uscourts.gov/sites/default/files/forms/EfilingSealedCV.pdf, if they wish to move to file a document under seal.

(l)    Nothing herein shall preclude the parties from disclosing materials designated to be "confidential" or "ATTORNEYS EYES ONLY" if otherwise required by law or pursuant to a valid subpoena. However, the receiver of the subpoena must promptly provide written notice to the producing party and refrain from producing the designated materials until receipt of written notice from the producing party that such party does not object to production or resolution of any objection asserted by the producing party, unless ordered otherwise by a court of competent jurisdiction.

(m)    In the event additional parties join or are joined in this litigation, the newly-joined parties shall not have access to materials designated as "confidential" or "ATTORNEY EYES ONLY" until their counsel has executed and, at the request of any party, filed with the Court their agreement to be fully bound by this Order.

(n)    Within a reasonable period after the conclusion of the litigation, all confidential material shall be returned to the respective producing parties or destroyed by the recipients.

3

(o)     In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

(p)     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

(q)     The production of privileged or work-product protected documents, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other proceeding, including a litigation in federal or state court. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

4

CONSENTED TO BY:

*Attorney for Plaintiffs:*

Laurence Rosen
Yu Shi
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10016
(212) 686-1060
lrosen@rosenlegal.com
yshi@rosenlegal.com

*Attorney for Defendants:*

Scott D. Musoff
Robert A. Fumerton
Michael C. Griffin
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
(212) 735-3000
scott.musoff@skadden.com
robert.fumerton@skadden.com
michael.griffin@skadden.com

Scott Edelman
Jed Schwartz
Micaela Manley
MILBANK LLP
55 Hudson Yards
New York, New York 10001
(212) 530-5000
sedelman@milbank.com
jschwartz@milbank.com
mmanley@milbank.com

Andrew J. Ehrlich
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000
aehrlich@paulweiss.com

Jane B. O'Brien
PAUL, WEISS, RIFKIND, WHARTON

& GARRISON LLP
2001 K Street, NW
Washington, DC 20006
(202) 223-7300
jobrien@paulweiss.com


SO ORDERED:

s/ James R. Cho
_____
JAMES R. CHO
United States Magistrate Judge

Dated:___1/19/2022_____