UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
| --- | --- |
|  | :   19-cv-1424 (NGG) (JRC) |
|  | : |
| *In re NIO, Inc. Securities Litigation* | :   **ECF CASE** |
|  | :   **Electronically Filed** |
|  | : |
|  | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANSWER OF DEFENDANT LOUIS HSIEH
TO SECOND AMENDED CLASS ACTION COMPLAINT
<u>FOR VIOLATION OF THE FEDERAL SECURITIES LAWS</u>**

Pursuant to the parties' stipulation dated April 28, 2022 (ECF No. 103), Defendant Louis

Hsieh ("Defendant"), through his undersigned counsel, respectfully submits this answer to

Plaintiffs' Second Amended Class Action Complaint for Violation of the Federal Securities

Laws (the "Complaint"). Defendant denies all of the Complaint's allegations unless expressly

admitted herein. The first non-numbered paragraph of the Complaint reflects Plaintiffs'

characterization of their own allegations for which no response is required. To the extent a

response is required, Defendant denies those allegations. To the extent any headings in the

Complaint contain any factual allegations or legal conclusions, Defendant denies those

allegations or legal conclusions. Defendant answers the allegations contained in the like-

numbered paragraphs of the Complaint as follows:

<u>NATURE OF THE ACTION</u>

1.      Defendant denies the allegations contained in paragraph 1 of the Complaint,

except states that Plaintiffs purport to bring this action as a putative securities class action on

behalf of all those who purchased or otherwise acquired the American Depositary Shares

("ADS") of NIO Inc. ("NIO") between September 12, 2018 and March 5, 2019 (the "Class

Period"). Defendant denies that he has violated any law or that Plaintiffs have suffered any damages.

2. Defendant denies the allegations contained in paragraph 2 of the Complaint, except states that Plaintiffs purport to bring this action (I) on behalf of all purchasers of NIO ADSs pursuant and/or traceable to the Registration Statement and Prospectus (collectively, the "Registration Statement"), as amended, in connection with NIO's September 12, 2018 initial public offering (the "IPO"), to pursue remedies under Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act"); and (II) on behalf of all purchasers of NIO ADSs during the Class Period, except persons who purchased directly from the Underwriters (as defined in the Complaint) at the offering price in the IPO, to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). Defendant denies that he has violated any law or that Plaintiffs have suffered any damages.

3. Defendant denies the allegations contained in paragraph 3 of the Complaint, but states that NIO is headquartered in the People's Republic of China ("PRC" or "China") and designs, jointly manufactures, and sells premium electric vehicles ("EVs"). Defendant states that NIO's place of incorporation is the Cayman Islands. Defendant refers to the Registration Statement for an accurate description of NIO's business. Defendant further denies any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

4. Defendant denies the allegations contained in paragraph 4 of the Complaint, and refers to the Registration Statement for an accurate description of NIO's business and its competitive strengths at the time of the IPO. Defendant further denies any paraphrasing,

summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

5.    Defendant denies the allegations contained in paragraph 5 of the Complaint, and refers to the Registration Statement for an accurate description of NIO's business model, NIO's manufacturing model, and NIO's cooperation with Jianghuai Automobile Group, Co. Ltd. ("JAC") at the time of the IPO.  Defendant further denies any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and denies any factual inferences or legal conclusions made by Plaintiffs based on those filings. Defendant further denies any paraphrasing, summarizing or characterization of any third-party statements, analyses, reports, or other documents referenced in the third sentence of paragraph 5 of the Complaint, and denies any factual inferences or legal conclusions made by Plaintiffs based on those filings, statements, analyses, reports, or documents.

6.    Defendant denies the allegations contained in paragraph 6 of the Complaint, and refers to the Registration Statement for an accurate description of NIO's cooperation with JAC for the manufacturing of NIO's EVs at the time of the IPO.  Defendant further denies any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

7.    Defendant denies the allegations contained in paragraph 7 of the Complaint, and refers to the Registration Statement for an accurate description of NIO's cooperation with JAC for the manufacturing of EVs, the risks relating to such cooperation with JAC, and NIO's plans to build its own manufacturing facility at the time of the IPO.  Defendant further denies any

3

paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

8.    Defendant denies the allegations contained in paragraph 8 of the Complaint, and further denies any paraphrasing, summarizing or characterization of any third-party statements, analyses, reports, or other documents referenced in paragraph 8 of the Complaint, and further denies any factual inferences or legal conclusions made by Plaintiffs based on those statements, analyses, reports, or documents.  Defendant refers to the Registration Statement for an accurate description of NIO's business and manufacturing model at the time of the IPO.

9.    Defendant admits the allegations contained in the first sentence of paragraph 9 of the Complaint.  Defendant denies the allegations contained in the second sentence of paragraph 9, and refers to the Registration Statement for an accurate description of the purposes of NIO's IPO and the expected use of the IPO proceeds.  Defendant further denies any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

10.    The allegations contained in paragraph 10 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies all of the allegations contained in paragraph 10 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "three former NIO employees" referenced in paragraph 10 of the Complaint.  Defendant further refers to the Registration Statement for an accurate description of NIO's plans to build a manufacturing facility in Shanghai (the "Shanghai Facility"), the progress of such construction, and the

4

associated risks, and further denies any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

11.     Defendant denies the allegations contained in paragraph 11 of the Complaint, except admits that NIO's Form 6-K, filed on March 6, 2019, stated that NIO had agreed in principle with its contractual counterparties to terminate the plan to build a manufacturing plant in Shanghai, pending the signing of a definitive termination agreement, and on the same date, representatives from NIO, including Bin Li, discussed the same, among other matters, on an earnings call.  Defendant refers to the Form 6-K filed on March 6, 2019, and the earnings call on March 6, 2019, for their complete and accurate contents.  Defendant further denies any paraphrasing, summarizing or characterization of NIO's statements in NIO's March 6, 2019 Form 6-K and the subsequent earnings call, and any factual inferences or legal conclusions made by Plaintiffs based on those statements.

12.     Defendant denies the allegations contained in paragraph 12 of the Complaint, and states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding investors' perceptions of NIO or Bin Li's statements on March 6, 2019.

13.     Defendant denies the allegations contained in paragraph 13 of the Complaint. Defendant further denies any paraphrasing, summarizing or characterization of any third-party statements, analyses, reports, or other documents referenced in paragraph 13 of the Complaint, and denies any factual inferences or legal conclusions made by Plaintiffs based on those filings, statements, analyses, reports, or documents.

14.     Defendant denies the allegations contained in paragraph 14 of the Complaint, and states that he lacks knowledge or information sufficient to form a belief as to the truth of the

5

allegations regarding the statements attributed to a purported former NIO employee quoted in paragraph 14 of the Complaint.

15. The allegations contained in paragraph 15 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 15 of the Complaint, and refers to the Registration Statement for its full and accurate contents. Defendant further denies any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

16. The allegations contained in paragraph 16 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 16 of the Complaint.

## **JURISDICTION AND VENUE**

17. The allegations contained in paragraph 17 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies such allegations, including that he has violated any law or that Plaintiffs have suffered any damages, but states that the Complaint purports to assert claims under Sections 11 and 15 of the Securities Act, Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder by the SEC.

18. The allegations contained in paragraph 18 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies such allegations, but admits that the Court has jurisdiction over this action pursuant to the referenced statutes.

19. The allegations contained in paragraph 19 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies such allegations, but admits that Plaintiffs allege certain acts and conduct taking place in this District.

20. The allegations contained in paragraph 20 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies such allegations.

## PARTIES

21. Defendant denies that Lead Plaintiff has suffered any damages.  Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 of the Complaint.

22. Defendant denies that the named plaintiff Eva Huang has suffered any damages. Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint, but states that NIO is a company incorporated in the Cayman Islands that is headquartered in Shanghai, China, that designs, jointly manufactures, and sells electric vehicles, and that NIO's ADSs trade on the NYSE under the ticker "NIO."  Defendant refers to the Registration Statement and other SEC filings for their complete and accurate contents.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint, except admits that Defendant Bin Li is NIO's founder; that Mr. Li was, at the time of the IPO, NIO's Chief Executive Officer ("CEO") and chairman of NIO's board of directors; that prior to the IPO, Mr. Li held 17.2% of NIO's stock; that immediately after the IPO, Mr. Li beneficially

7

owned 48.3% of the aggregate voting power of NIO; and that Mr. Li is also known as William Li. Defendant further denies any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint, except admits that he was NIO's Chief Financial Officer ("CFO") at the time of the IPO, and that he resigned from his position at NIO on or about October 30, 2019.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint, except admits that Defendant Lihong Qin is NIO's co-founder and that Mr. Qin was NIO's president and a director of NIO at the time of the IPO.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint, but states that beginning in December 2015, Defendant Padmasree Warrior was the chief development officer of NIO and the CEO of NIO USA, Inc. ("NIO USA"); that Ms. Warrior was a director of NIO from March 2016; and that Ms. Warrior resigned from her positions with NIO and NIO USA in December 2018.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint, except admits that Defendant Tian Cheng was a director of NIO at the time of the IPO.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint, except admits that Defendant Xiang Li was a director of NIO at the time of the IPO.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint, except admits that Defendant Hai Wu was a director of NIO at the time of the IPO.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint, except admits that Defendant Yaqin Zhang was a director of NIO at the time of the IPO.

8

32.     Defendant denies the allegations contained in paragraph 32 of the Complaint, except admits that Defendant Xiangping Zhong was a director of NIO at the time of the IPO.

33.     Defendant denies the allegations contained in paragraph 33 of the Complaint, except admits that Defendant Zhaohui Li was a director of NIO at the time of the IPO.

34.     Paragraph 34 of the Complaint reflects Plaintiffs' characterization of their own allegations for which no response is required.  To the extent a response is required, Defendant denies those allegations.

35.     Defendant admits the allegations in paragraph 35 with respect to himself, but states that he lacks knowledge and information sufficient to form a belief as to other Individual Defendants.

36.     Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint, except admits that Morgan Stanley & Co. LLC served as an underwriter for NIO's IPO.

37.     Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint, except admits that Goldman Sachs (Asia) L.L.C. served as an underwriter for NIO's IPO.

38.     Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint, except admits that J.P. Morgan Securities LLC served as an underwriter for NIO's IPO.

39.     Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint, except admits that Merrill Lynch, Pierce, Fenner & Smith Incorporated served as an underwriter for NIO's IPO.

40. Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint, except admits that Deutsche Bank Securities Inc. served as an underwriter for NIO's IPO.

41. Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint, except admits that Citigroup Global Markets Inc. served as an underwriter for NIO's IPO.

42. Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint, except admits that Credit Suisse Securities (USA) LLC served as an underwriter for NIO's IPO.

43. Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint, except admits that UBS Securities LLC served as an underwriter for NIO's IPO.

44. Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint, except admits that WR Securities, LLC served as an underwriter for NIO's IPO.

45. Paragraph 45 of the Complaint reflects Plaintiffs' characterization of their own allegations for which no response is required. To the extent a response is required, Defendant denies those allegations.

46. Paragraph 46 of the Complaint reflects Plaintiffs' characterization of their own allegations for which no response is required. To the extent a response is required, Defendant denies those allegations.

## ANSWER TO SUBSTANTIVE ALLEGATIONS

47.     Defendant denies the allegations contained in paragraph 47 of the Complaint, except admits that NIO was founded in 2014 and is headquartered in Shanghai, China. Defendant refers to the Registration Statement for its complete and accurate contents.  Defendant further denies any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

48.     Defendant denies the allegations contained in paragraph 48 of the Complaint. Defendant refers to the Registration Statement for an accurate description of NIO's business and competitive strengths at the time of the IPO.  Defendant further denies any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

49.     Defendant denies the allegations contained in paragraph 49 of the Complaint, except admits that the referenced graph was included in NIO's Registration Statement to illustrate China's battery electric vehicle ("BEV") SUV market landscape and the ES8's price advantages at the time of NIO's IPO.  Defendant refers to the Registration Statement for an accurate description of NIO's business and competitive strengths at the time of the IPO. Defendant further denies any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

50.     Defendant denies the allegations contained in paragraph 50 of the Complaint. Defendant refers to the Registration Statement for an accurate description of NIO's business

11

model and competitive strengths at the time of the IPO.  Defendant further denies any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

51.    Defendant denies the allegations contained in paragraph 51 of the Complaint, except admits that at the time of its IPO, NIO manufactured the ES8 in partnership with JAC. Defendant refer to the Registration Statement for an accurate description of NIO's partnership with JAC at the time of the IPO.  Defendant further denies any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

52.    Defendant denies the allegations contained in paragraph 52 of the Complaint, except admits that NIO entered into an arrangement with JAC for the manufacture of the ES8 for five years beginning May 2016.  Defendant refers to the Registration Statement for an accurate description of NIO's partnership with JAC at the time of the IPO.  Defendant further denies any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

53.    Defendant denies the allegations contained in paragraph 53 of the Complaint. Defendant further denies any paraphrasing, summarizing or characterization of any third-party statements, analyses, reports, or other documents referenced in paragraph 53 of the Complaint, and further denies any factual inferences or legal conclusions made by Plaintiffs based on those filings, statements, analyses, reports, or documents.

54.    Defendant admits the allegations contained in paragraph 54 of the Complaint.

12

55.    Defendant admits the allegations contained in paragraph 55 of the Complaint.

## ANSWER TO SECURITIES ACT CLAIMS

56.    Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 56 of the Complaint.  Defendant denies the remaining allegations contained in paragraph 56 of the Complaint.

57.    Defendant denies the allegations contained in paragraph 57 of the Complaint, and further denies any paraphrasing, summarizing or characterization of any third-party statements, analyses, reports, or other documents referenced in paragraph 57 of the Complaint, and denies any factual inferences or legal conclusions made by Plaintiffs based on those filings, statements, analyses, reports, or documents.

58.    Defendant denies the allegations contained in paragraph 58 of the Complaint, but states that the Registration Statement contains the selectively quoted language, and refers to the Registration Statement for an accurate recitation of its contents.  Defendant denies any paraphrasing, summarizing, or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

59.    Defendant denies the allegations contained in paragraph 59 of the Complaint.

60.    Defendant denies the allegations contained in paragraph 60 of the Complaint, but states that the Registration Statement contains the selectively quoted language, and refers to the Registration Statement for an accurate recitation of its contents.  Defendant denies any paraphrasing, summarizing, or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

13

61.     Defendant denies the allegations contained in paragraph 61 of the Complaint, but states that the Registration Statement contains the selectively quoted language, with the exception of the added emphasis, and refers to the Registration Statement for an accurate recitation of its contents.  Defendant denies any paraphrasing, summarizing, or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

62.     Defendant denies the allegations contained in paragraph 62 of the Complaint, but states that the Registration Statement contains the selectively quoted language, with the exception of the added emphasis, and refers to the Registration Statement for an accurate recitation of its contents.  Defendant denies any paraphrasing, summarizing, or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

63.     Defendant denies the allegations contained in paragraph 63 of the Complaint, and refers to the Registration Statement for an accurate description of the purposes of NIO's IPO and the expected use of the IPO proceeds.  Defendant further denies any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

64.     Defendant denies the allegations contained in paragraph 64 of the Complaint, and refers to the Registration Statement for an accurate description of the purposes of NIO's IPO, the expected use of the IPO proceeds, and the financing, planning, and construction of the Shanghai Facility.  Defendant further denies any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

14

65.    Defendant admits the allegations contained in the first sentence of paragraph 65 of the Complaint.  Defendant denies the allegations contained in the second sentence of paragraph 65 of the Complaint, except admits that NIO's Form 6-K filed on March 6, 2019 stated, among other things, that NIO had agreed in principle with its contractual counterparties to terminate the plan to build a manufacturing plant in Shanghai, pending the signing of a definitive termination agreement.  Defendant refers to the Form 6-K filed on March 6, 2019 for its complete and accurate contents.  Defendant further denies any paraphrasing, summarizing or characterization of NIO's statements in NIO's March 6, 2019 Form 6-K, and any factual inferences or legal conclusions made by Plaintiffs based on those statements.

66.    Defendant denies the allegations contained in paragraph 66 of the Complaint, and refers to the Registration Statement for an accurate description of the purposes of NIO's IPO, the expected use of the IPO proceeds, and the financing, planning, and construction of the Shanghai Facility.  Defendant further denies any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.  Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "[t]his news caught investors by surprise."

67.    Defendant denies the allegations contained in paragraph 67 of the Complaint, except admits that on March 6, 2019, representatives from NIO, including Bin Li, held a conference call to discuss NIO's 4Q18 earnings results, and discussed, among other things, that the Chinese government had recently endorsed the cooperation between car R&D companies like NIO and manufacturing companies or manufacturing plants, and that the details and implications of the new policy directive were yet to be finalized.  Defendant refers to the earnings call on

15

March 6, 2019 for its complete and accurate contents.  Defendant further denies any paraphrasing, summarizing or characterization of NIO's statements during the March 6, 2019 earnings call, and any factual inferences or legal conclusions made by Plaintiffs based on those statements.

68.    Defendant denies the allegations contained in paragraph 68 of the Complaint.

69.    Defendant denies the allegations contained in paragraph 69 of the Complaint.

70.    Defendant denies the allegations contained in paragraph 70 of the Complaint. Defendant further states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint regarding investors' perceptions of or beliefs regarding NIO's statements about the Shanghai Facility.

71.    Defendant denies the allegations contained in paragraph 71 of the Complaint. Defendant further denies any paraphrasing, summarizing or characterization of any third-party statements, analyses, reports, or other documents referenced in paragraph 71 of the Complaint, and denies any factual inferences or legal conclusions made by Plaintiffs based on those filings, statements, analyses, reports, or documents.

72.    Defendant denies the allegations contained in paragraph 72 of the Complaint. Defendant further denies any paraphrasing, summarizing or characterization of any third-party statements, analyses, reports, or other documents referenced in paragraph 72 of the Complaint, and denies any factual inferences or legal conclusions made by Plaintiffs based on those filings, statements, analyses, reports, or documents.  Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the final sentence of paragraph 72 of the Complaint.

16

73. Defendant denies the allegations contained in paragraph 73 of the Complaint. Defendant further denies any paraphrasing, summarizing or characterization of any third-party statements, analyses, reports, or other documents referenced in paragraph 73 of the Complaint, and denies any factual inferences or legal conclusions made by Plaintiffs based on those filings, statements, analyses, reports, or documents.

74. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint regarding Plaintiffs' investigation or the alleged statements of FE2. Defendant denies the remaining allegations contained in paragraph 74 of the Complaint.

75. Defendant denies the allegations contained in paragraph 75 of the Complaint, but states that the selectively quoted figures appeared in NIO's Form 6-Ks filed on January 10, 2019 and March 6, 2019, among other places, and refers to such filings for an accurate recitation of their contents. Defendant denies any paraphrasing, summarizing, or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

76. Defendant denies the allegations contained in paragraph 76 of the Complaint.

77. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint.

78. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Complaint.

79. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint.

80. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Complaint.

81. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint.

82. Defendant denies the allegations contained in paragraph 82 of the Complaint.

83. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint.

84. Defendant denies the allegations contained in paragraph 84 of the Complaint, except states that an environmental impact assessment was completed for the Shanghai Facility.

85. Defendant denies the allegations contained in paragraph 85 of the Complaint.

86. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint.

87. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint.

88. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint.

89. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged statements of FE1 contained in paragraph 89 of the Complaint.

90. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged statements of FE2 contained in paragraph 90 of the Complaint.

91. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged statements of FE3 contained in paragraph 91 of the Complaint.

18

92. Defendant denies the allegations contained in paragraph 92 of the Complaint. Defendant refers to the Registration Statement for an accurate description of the plan to build the Shanghai Facility and the relevant risks. Defendant further denies any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

93. Defendant denies the allegations contained in paragraph 93 of the Complaint. Defendant refers to the Registration Statement for an accurate description of the plan to build the Shanghai Facility and the relevant risks. Defendant further denies any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

94. The allegations contained in paragraph 94 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 94 of the Complaint, but states that the selectively quoted language appears in the cited SEC interpretation of a previous version of Item 303(a)(3)(ii) of SEC Regulation S-K, 17 C.F.R. § 229.303(a)(3)(ii). Defendant refers to the applicable version of 17 C.F.R. § 229.303(a)(3)(ii) for an accurate recitation of its contents. Defendant denies any paraphrasing, summarizing, or characterization of Item 303 and any factual inferences or legal conclusions made by Plaintiffs based on Item 303.

95. The allegations contained in paragraph 95 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 95 of the Complaint, but states that the selectively

19

quoted language appears in the cited SEC interpretation of a previous version of Item 303(a)(3)(ii) of SEC Regulation S-K, 17 C.F.R. § 229.303(a)(3)(ii). Defendant refers to the applicable version of 17 C.F.R. § 229.303(a)(3)(ii) for an accurate recitation of its contents. Defendant denies any paraphrasing, summarizing, or characterization of Item 303 and any factual inferences or legal conclusions made by Plaintiffs based on Item 303.

96. Defendant denies the allegations contained in the first, second and third sentences of paragraph 96 of the Complaint. Defendant refers to the Registration Statement for an accurate description of the plan to build the Shanghai Facility and the relevant risks. Defendant further denies any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings. The allegations contained in the last sentence of paragraph 96 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies those allegations.

97. The allegations contained in paragraph 97 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 97 of the Complaint, but states that the selectively quoted language appears in the cited SEC memorandum regarding a previous proposed version of Item 503 of SEC Regulation S-K, 17 C.F.R. § 229.503 (since superseded by Item 105 of SEC Regulation S-K, 17 C.F.R. § 229.105). Defendant refers to the applicable versions of 17 C.F.R. § 229.503/17 C.F.R. § 229.105 for accurate recitations of the contents of each. Defendant denies any paraphrasing, summarizing, or characterization of Item 503/105 and any factual inferences or legal conclusions made by Plaintiffs based thereon.

20

98.    The allegations contained in paragraph 98 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 98 of the Complaint, but states that the selectively quoted language appears in a previous version of Item 503 of SEC Regulation S-K, 17 C.F.R. § 229.503 (since superseded by Item 105 of SEC Regulation S-K, 17 C.F.R. § 229.105). Defendant refers to the applicable versions of 17 C.F.R. § 229.503/17 C.F.R. § 229.105 for accurate recitations of the contents of each.  Defendant denies any paraphrasing, summarizing, or characterization of Item 503/105 and any factual inferences or legal conclusions made by Plaintiffs based thereon.

99.    Defendant denies the allegations contained in paragraph 99, and refers to the Registration Statement for an accurate description of the plan to build the Shanghai Facility and the relevant risks.  Defendant further denies any paraphrasing, summarizing or characterization of NIO's statements in the Registration Statement and other public filings, and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

### ANSWER TO CLAIMS OF THE UNDERWRITERS' VIOLATIONS OF THE SECURITIES ACT

100.    The allegations contained in paragraph 100 of the Complaint are not directed at Defendant and state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 100 of the Complaint, and further denies that he has violated any law or that Plaintiffs have suffered any damages.

101.    The allegations contained in paragraph 101 of the Complaint are not directed at Defendant and state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 101 of the

Complaint, and further denies that he has violated any law or that Plaintiffs have suffered any damages.

102. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Complaint.

103. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Complaint.

104. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Complaint.

105. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the Complaint.

106. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the Complaint.

107. The allegations contained in paragraph 107 of the Complaint are not directed at the Defendant and state legal conclusions for which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the Complaint.

108. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of the Complaint.

109. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the Complaint.

110. The allegations contained in paragraph 110 of the Complaint are not directed at the Defendant and state legal conclusions for which no response is required. To the extent a

22

response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of the Complaint.

### ANSWER TO CLAIMS OF THE DIRECTORS' AND OFFICERS' DUE DILIGENCE OBLIGATIONS

111.    The allegations contained in paragraph 111 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 111 of the Complaint, except states that he signed the Registration Statement.  Defendant further refers to the Registration Statement for an accurate recitation of its contents.  Defendant denies any paraphrasing, summarizing, or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on those filings.  Defendant further answers that, before he signed the Registration Statement and after reasonable investigation, he had reasonable ground to believe and did believe that both the expertized statements and the non-expertized statements therein were true and correct, and there was no omission to state a material fact required to be stated therein to render any part of the Registration Statement not misleading.

112.    Defendant denies the allegations contained in paragraph 112 of the Complaint as they pertain to him.  Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the Complaint pertaining to Bin Li, Lihong Qin, Yaqin Zhang, Tian Cheng, Hai Wu, Xiang Li, and Padmasree Warrior, who filed separate answers on October 25, 2021, and pertaining to Xiangping Zhong and Zhaohui Li, who are separately represented.

113.    The allegations contained in paragraph 113 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 113 of the Complaint as they pertain to him.

23

Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 of the Complaint pertaining to Bin Li, Lihong Qin, Yaqin Zhang, Tian Cheng, Hai Wu, Xiang Li, and Padmasree Warrior, who filed separate answers on October 25, 2021, and pertaining to Xiangping Zhong and Zhaohui Li, who are separately represented.

**ANSWER TO PLAINTIFFS' CLASS ACTION ALLEGATIONS**

114.    The allegations contained in paragraph 114 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 114 of the Complaint, except states that Plaintiffs purport to bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all persons or entities that purchased NIO ADSs from September 12, 2018 through March 5, 2019, inclusive.  Defendant denies that he has violated any law or that Plaintiffs have suffered any damages.

115.    The allegations contained in paragraph 115 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115 of the Complaint.

116.    The allegations contained in paragraph 116 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 of the Complaint.  Defendant further denies that he has violated any law or that Plaintiffs have suffered any damages.

117.    The allegations contained in paragraph 117 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 of the Complaint.

118.    The allegations contained in paragraph 118 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 118 of the Complaint.  Defendant further denies that he has violated any law or that Plaintiffs have suffered any damages.

119.    The allegations contained in paragraph 119 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 119 of the Complaint.  Defendant further denies that he has violated any law or that Plaintiffs have suffered any damages.

120.    The allegations contained in paragraph 120 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 120 of the Complaint.  Defendant further refers to the Registration Statement for an accurate recitation of its contents.  Defendant denies any paraphrasing, summarizing, or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on those filings.  Defendant further denies that he has violated any law or that Plaintiffs have suffered any damages.

121.    The allegations contained in paragraph 121 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 121 of the Complaint.  Defendant further denies that he has violated any law or that Plaintiffs have suffered any damages.

122.    The allegations contained in paragraph 122 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 122 of the Complaint.  Defendant further denies that he has violated any law or that Plaintiffs have suffered any damages.

## ANSWER TO COUNT I

123.    In response to paragraph 123 of the Complaint, Defendant repeats each of the above responses as though fully set forth here.

124.    The allegations contained in paragraph 124 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 124 of the Complaint.

125.    The allegations contained in paragraph 125 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 125 of the Complaint.

126.    The allegations contained in paragraph 126 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 126 of the Complaint, except states that he signed the Registration Statement.

127.    The allegations contained in paragraph 127 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 127 of the Complaint.

128.    The allegations contained in paragraph 128 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 128 of the Complaint.

129.    The allegations contained in paragraph 129 of the Complaint are not directed at the Defendant and state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129 of the Complaint.

130.    The allegations contained in paragraph 130 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130 of the Complaint.

131.    The allegations contained in paragraph 131 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 131 of the Complaint.  Defendant further denies that he has violated any law or that Plaintiffs have suffered any damages.

132.    The allegations contained in paragraph 132 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 132 of the Complaint, but states that the Complaint was filed within three years of the effective date of the Registration Statement.

**<u>ANSWER TO COUNT II</u>**

133.    In response to paragraph 133 of the Complaint, Defendant repeats each of the above responses as though fully set forth here.

134.    The allegations contained in paragraph 134 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 134 of the Complaint as they pertain to him.

135.    The allegations contained in paragraph 135 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 135 of the Complaint as they pertain to him. Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 135 of the Complaint pertaining to Bin Li, Lihong Qin, Yaqin Zhang, Tian Cheng, Hai Wu, Xiang Li, and Padmasree Warrior, who filed separate answers on October 25, 2021, and pertaining to Xiangping Zhong and Zhaohui Li, who are separately represented.

136.    The allegations contained in paragraph 136 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 136 of the Complaint as they pertain to him. Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 136 of the Complaint pertaining to Bin Li, Lihong Qin, Yaqin Zhang, Tian Cheng, Hai Wu, Xiang Li, and Padmasree Warrior, who filed separate answers on October 25, 2021, and pertaining to Xiangping Zhong and Zhaohui Li, who are separately represented.

137.    The allegations contained in paragraph 137 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 137 of the Complaint.  Defendant further denies that he has violated any law or that Plaintiffs have suffered any damages.

138.    The allegations contained in paragraph 138 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant

denies the allegations contained in paragraph 138 of the Complaint, but states that the Complaint was filed within three years of the effective date of the Registration Statement.

<u>**ANSWER TO PLAINTIFFS' ADDITIONAL ALLEGATIONS IN SUPPORT OF EXCHANGE ACT CLAIMS**</u>

139.    Defendant denies the allegations contained in paragraph 139 of the Complaint.

140.    Defendant denies the allegations contained in paragraph 140 of the Complaint.

141.    The allegations contained in paragraph 141 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 141 of the Complaint.

142.    The allegations contained in paragraph 142 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 142 of the Complaint.  Defendant further answers that, before he signed the Registration Statement and after reasonable investigation, he had reasonable ground to believe and did believe that both the expertized statements and the non-expertized statements therein were true and correct, and there was no omission to state a material fact required to be stated therein to render any part of the Registration Statement not misleading.

143.    The allegations contained in paragraph 143 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 143 of the Complaint.

144.    The allegations contained in paragraph 144 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 144 of the Complaint.  Defendant further refers to the Registration Statement for an accurate recitation of its contents.  Defendant denies any

paraphrasing, summarizing, or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

145. The allegations contained in paragraph 145 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 145 of the Complaint, except admits that the proposed site for the Shanghai Facility was located in Waigang Town, in Shanghai's Jiading District.

146. Defendant denies the allegations in paragraph 146 of the Complaint, but states that the closing price of NIO's ADSs was $10.16 per ADS on March 5, 2019, $8.01 per ADS on March 6, 2019, and $7.09 per ADS on March 7, 2019.

147. The allegations contained in paragraph 147 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 147 of the Complaint.

148. The allegations contained in paragraph 148 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 148 of the Complaint.

149. The allegations contained in paragraph 149 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 149 of the Complaint.

150. The allegations contained in paragraph 150 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 150 of the Complaint.

151.    The allegations contained in paragraph 151 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 151 of the Complaint.

152.    The allegations contained in paragraph 152 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 152 of the Complaint.

## ANSWER TO COUNT III

153.    In response to paragraph 153 of the Complaint, Defendant repeats each of the above responses as though fully set forth here.

154.    The allegations contained in paragraph 154 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 154 of the Complaint.

155.    The allegations contained in paragraph 155 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 155 of the Complaint as they pertain to him. Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 155 of the Complaint pertaining to Bin Li, Lihong Qin, Yaqin Zhang, Tian Cheng, Hai Wu, Xiang Li, and Padmasree Warrior, who filed separate answers on October 25, 2021, and pertaining to Xiangping Zhong and Zhaohui Li, who are separately represented.

156.    The allegations contained in paragraph 156 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 156 of the Complaint as they pertain to him.

Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 156 of the Complaint pertaining to Bin Li, Lihong Qin, Yaqin Zhang, Tian Cheng, Hai Wu, Xiang Li, and Padmasree Warrior, who filed separate answers on October 25, 2021, and pertaining to Xiangping Zhong and Zhaohui Li, who are separately represented.

157. The allegations contained in paragraph 157 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 157 of the Complaint as they pertain to him. Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 157 of the Complaint pertaining to Bin Li, Lihong Qin, Yaqin Zhang, Tian Cheng, Hai Wu, Xiang Li, and Padmasree Warrior, who filed separate answers on October 25, 2021, and pertaining to Xiangping Zhong and Zhaohui Li, who are separately represented.

158. The allegations contained in paragraph 158 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 158 of the Complaint as they pertain to him. Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 158 of the Complaint pertaining to Bin Li, Lihong Qin, Yaqin Zhang, Tian Cheng, Hai Wu, Xiang Li, and Padmasree Warrior, who filed separate answers on October 25, 2021, and pertaining to Xiangping Zhong and Zhaohui Li, who are separately represented.

32

159.    The allegations contained in paragraph 159 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 159 of the Complaint.

160.    The allegations contained in paragraph 160 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 160 of the Complaint.

161.    The allegations contained in paragraph 161 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 161 of the Complaint. Defendant further denies that Plaintiffs have suffered any damages.

162.    The allegations contained in paragraph 162 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 162 of the Complaint.  Defendant further denies that he has violated any law or that Plaintiffs have suffered any damages.

## ANSWER TO COUNT IV

163.    In response to paragraph 163 of the Complaint, Defendant repeats each of the above responses as though fully set forth here.

164.    Defendant denies the allegations contained in paragraph 164 of the Complaint as they pertain to him, and refers to the Registration Statement for accurate descriptions of the roles and responsibilities of the Individual Defendants.  Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 164 of the Complaint pertaining to Bin Li, Lihong Qin, Yaqin Zhang, Tian Cheng, Hai

33

Wu, Xiang Li, and Padmasree Warrior, who filed separate answers on October 25, 2021, and pertaining to Xiangping Zhong and Zhaohui Li, who are separately represented.

165. The allegations contained in paragraph 165 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 165 of the Complaint as they pertain to him. Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 165 of the Complaint pertaining to Bin Li, Lihong Qin, Yaqin Zhang, Tian Cheng, Hai Wu, Xiang Li, and Padmasree Warrior, who filed separate answers on October 25, 2021, and pertaining to Xiangping Zhong and Zhaohui Li, who are separately represented

166. The allegations contained in paragraph 166 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 166 of the Complaint as they pertain to him. Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 166 of the Complaint pertaining to Bin Li, Lihong Qin, Yaqin Zhang, Tian Cheng, Hai Wu, Xiang Li, and Padmasree Warrior, who filed separate answers on October 25, 2021, and pertaining to Xiangping Zhong and Zhaohui Li, who are separately represented.

167. The allegations contained in paragraph 167 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 167 of the Complaint as they pertain to him. Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 167 of the Complaint pertaining to Bin Li,

Lihong Qin, Yaqin Zhang, Tian Cheng, Hai Wu, Xiang Li, and Padmasree Warrior, who filed separate answers on October 25, 2021, and pertaining to Xiangping Zhong and Zhaohui Li, who are separately represented

168.    The allegations contained in paragraph 168 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 168 of the Complaint as they pertain to him. Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 168 of the Complaint pertaining to Bin Li, Lihong Qin, Yaqin Zhang, Tian Cheng, Hai Wu, Xiang Li, and Padmasree Warrior, who filed separate answers on October 25, 2021, and pertaining to Xiangping Zhong and Zhaohui Li, who are separately represented

## ANSWER TO PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to relief, and respectfully requests that the Court dismiss all claims against Defendant with prejudice and order such further relief for Defendant as the Court deems just and proper.  Defendant further denies that this action is appropriate for class action treatment.

## ANSWER TO JURY TRIAL DEMANDED

Defendant denies the allegations of Plaintiffs' demand for a jury trial, but states that Plaintiffs purport to demand a jury trial.  Defendant reserves the right to challenge this demand.

## AFFIRMATIVE AND OTHER DEFENSES

As separate and distinct affirmative defenses, Defendant allege as follows:  By alleging the matters set forth below, Defendant does not thereby allege or admit that Defendant has the burden of proof or the burden of persuasion with respect to any of these matters.  Furthermore,

35

Defendant hereby gives notice that he intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserves the rights to amend his answer and assert all such defenses.

### First Defense

This action is barred, in whole or in part, because Plaintiffs fail to state a claim upon which relief may be granted.

### Second Defense

This action is barred, in whole or in part, because the statements Plaintiffs challenge were not false or misleading.

### Third Defense

This action is barred, in whole or in part, because Defendant neither had a duty nor breached a duty to disclose any facts allegedly not disclosed.

### Fourth Defense

This action is barred, in whole or in part, because Defendant did not omit to state any material facts necessary in order to make any challenged statement not false or misleading.

### Fifth Defense

This action is barred, in whole or in part, because Defendant conducted adequate due diligence and a reasonable investigation, and had a good-faith basis and reasonable grounds to believe, and did believe at the time the statements were made, that such statements were true and not misleading.

### Sixth Defense

This action is barred, in whole or in part, because any alleged misrepresentations or omissions for which Defendant is allegedly responsible were not material.

**Seventh Defense**

This action is barred, in whole or in part, because Defendant is immune from liability for certain statements complained of in the Complaint under the safe harbor provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-5, and/or the bespeaks caution doctrine.

**Eighth Defense**

This action is barred, in whole or in part, because certain statements complained of in the Complaint are non-actionable statements of opinion or statements of puffery.

**Ninth Defense**

This action is barred, in whole or in part, because the information that Plaintiffs allege to have been omitted or misrepresented was in fact publicly available and/or widely known to the market and to the investing community.

**Tenth Defense**

This action is barred, in whole or in part, by the doctrines of contributory negligence, comparative negligence and/or assumption of risk because Plaintiffs and the putative class knew, or in the exercise of reasonable care should have known, the risks inherent in investing in the securities at issue and they assumed the risk of a decline in the value of their investments.

**Eleventh Defense**

This action is barred, in whole or in part, because Defendant was not the actual or proximate cause of any injury to Plaintiffs or the putative class.

**Twelfth Defense**

This action is barred, in whole or in part, to the extent there are intervening and superseding causes of alleged harm, if any, suffered by Plaintiffs or the putative class.

37

**Thirteenth Defense**

This action is barred, in whole or in part, because Plaintiffs' and the putative class's damages, if any, are speculative and thus are not recoverable.

**Fourteenth Defense**

This action is barred, in whole or in part, to the extent Plaintiffs and the putative class seek damages that exceed those permitted under the federal securities laws and other applicable laws.

**Fifteenth Defense**

This action is barred, in whole or in part, because it is "without merit" within the meaning of the last sentence of Section 11(e) of the Securities Act. Defendant also reserves the right to assert an affirmative claim against Plaintiffs on this basis.

**Sixteenth Defense**

This action is barred, in whole or in part, because Defendant did not know, and in the exercise of reasonable care could not have known, that any of the challenged statements contained an untrue statement of material fact or an omission of a material fact necessary to make the statements, in light of the circumstances under which they were made, not misleading.

**Seventeenth Defense**

This action is barred, in whole or in part, because it is not maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because the requirements of Rule 23 are not met.

**Eighteenth Defense**

This action is barred, in whole or in part, because Plaintiffs and the putative class lack standing.

38

**Nineteenth Defense**

This action is barred, in whole or in part, to the extent that Plaintiffs and the putative class did not acquire their shares pursuant or traceable to the Registration Statement at issue.

**Twentieth Defense**

This action is barred, in whole or in part, because Defendant acted in good faith and did not directly or indirectly induce any acts constituting the alleged violations and causes of action.

**Twenty-First Defense**

Plaintiffs' cause of action under Section 10(b) of the Exchange Act is barred, in whole or in part, because Defendant did not act with scienter.

**Twenty-Second Defense**

Plaintiffs' cause of action under Section 10(b) of the Exchange Act is barred, in whole or in part, due to the absence of loss causation.

**Twenty-Third Defense**

Plaintiffs' cause of action under Section 10(b) of the Exchange Act is barred, in whole or in part, because the fraud on the market theory does not apply.

**Twenty-Fourth Defense**

Plaintiffs' cause of action under Section 10(b) of the Exchange Act is barred, in whole or in part, because the *Affiliated Ute* presumption does not apply.

**Twenty-Fifth Defense**

Plaintiffs' cause of action under Section 10(b) of the Exchange Act is barred, in whole or in part, because NIO securities were not traded on an efficient market.

**Twenty-Sixth Defense**

Plaintiffs' cause of action under Section 15 of the Securities Act is barred, in whole or in part, because Plaintiffs and the putative class cannot establish the primary liability necessary to assert a claim for control person liability.

**Twenty-Seventh Defense**

Plaintiffs' cause of action under Section 20(a) of the Exchange Act is barred, in whole or in part, because Plaintiffs and the putative class cannot establish the primary liability necessary to assert a claim for control person liability.

**Twenty-Eighth Defense**

This action is barred, in whole or in part, because the Court lacks jurisdiction of the claims of any members of the putative class who do not reside in New York.

**Twenty-Ninth Defense**

This action is barred, in whole or in part, because Plaintiffs are not entitled to any recovery from Defendant because, at the time Plaintiffs acquired NIO's ADSs, Plaintiffs and members of the putative class knew or should have known of any alleged untrue statement of material fact in the offering documents or of any omission of a material fact required to be stated therein or necessary to make the statements therein not misleading.

**Thirtieth Defense**

This action is barred, in whole or in part, because Plaintiffs and members of the putative class are not entitled to any recovery from Defendant because Plaintiffs and members of the putative class did not acquire NIO's ADSs relying on any alleged untrue statement of material fact in the offering documents or relying upon the offering documents and not knowing of any

alleged omission of a material fact required to be stated therein or necessary to make the statements therein not misleading.

**Thirty-First Defense**

This action is barred, in whole or in part, because the putative class period is overbroad and, therefore, many of the putative class members are not entitled to any recovery.

**Thirty-Second Defense**

This action is barred, in whole or in part, because Plaintiffs and members of the putative class have no compensable damages.

**Thirty-Third Defense**

This action is barred, in whole or in part, because some or all of Plaintiffs and the members of the putative class would be unjustly enriched if they were permitted to obtain any recovery in this action.

**Thirty-Fourth Defense**

This action is barred, in whole or in part, because some or all of Plaintiffs and the members of the putative class have failed to mitigate damages and have failed to exercise due diligence in an effort to mitigate their damages (to which, in any event, they are not entitled).

**Thirty-Fifth Defense**

Any recovery for damages allegedly incurred by Plaintiffs, if any, is limited to the percentage of responsibility of Defendant in proportion of the total fault of all persons, whether or not named as parties to this action, who may have caused or contributed to Plaintiffs' alleged damages, if any, pursuant to the proportionate liability provisions of the PSLRA, as codified at 15 U.S.C. § 78u-4(f)(3)(A).

41

**Thirty-Sixth Defense**

Defendant adopts and incorporates by reference herein any applicable affirmative or other defenses asserted or to be asserted by any of the other defendants to the extent that Defendant may share in such a defense.

**WHEREFORE**, Defendant respectfully requests that the Complaint be dismissed with prejudice and that the Court award Defendant his costs and attorneys' fees and any other relief deemed just and proper.

Dated: New York, New York
     May 16, 2022

         /s/ Robert A. Fumerton
        Scott D. Musoff
        (scott.musoff@skadden.com)
        Robert A. Fumerton
        (robert.fumerton@skadden.com)
        Michael C. Griffin
        (michael.griffin@skadden.com)
        **SKADDEN, ARPS, SLATE,**
          **MEAGHER & FLOM LLP**
        One Manhattan West
        New York, New York 10001
        Phone: (212) 735-3000
        Fax:    (212) 735-2000

        *Attorneys for Defendants NIO Inc., Bin Li, Lihong Qin, Yaqin Zhang, Tian Cheng, Hai Wu, Xiang Li, Padmasree Warrior and Louis Hsieh*