**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| *In re NIO, Inc. Securities Litigation* | Case No: 1:19-cv-01424-NGG-JRC |

## [PROPOSED] ORDER GRANTING MOTION FOR CLASS CERTIFICATION

On this_____ day of _____, 20__, upon consideration of Plaintiffs' Motion for Class Certification, the responses thereto, and for other good cause known to the Court,

IT IS HEREBY ORDERED AND DECREED THAT:

1.    Plaintiffs' Motion for Class Certification is GRANTED.

2.    Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the following class is certified:

> All persons and entities who purchased or otherwise acquired the American Depositary Shares ("ADSs") of NIO Inc. pursuant and/or traceable to the registration statement and prospectus (together, the "Registration Statement") issued in connection with NIO's September 12, 2018 Initial Public Offering (the "Securities Act Class" or "Class"), including a subclass of those persons and entities who purchased or otherwise acquired NIO ADSs during the period from October 8, 2018 to March 5, 2019, inclusive (the "Exchange Act Subclass" or "Subclass").

> Excluded from the Class and Subclass are (a) persons and entities who suffered no compensable losses; and (b) Defendants, the present and former officers and directors of NIO, members of such excluded persons' immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which any of the Defendants, or any person excluded under this subsection (b), has or had a majority ownership interest at any time.

3.    Mark Mundy and Eva Huang satisfy the requirements of Rule 23(a) and are appointed Class Representatives.

4.      Lead Counsel The Rosen Law Firm, P.A. satisfies the requirements of Rule 23(g) and is appointed Class Counsel.

5.      The Court further finds and concludes that the Class and Subclass certified herein satisfies the requirements of Fed. R. Civ. P. 23(a) and b(3), in that (i) the Class and Subclass are so numerous that joinder of all members thereof is impracticable; (ii) there are questions of law or fact common to the Class and Subclass; (iii) the claims of the Class Representatives are typical of the claims of the other members of the Class and Subclass; (iv) the Class Representatives will fairly and adequately represent the interests of the Class and Subclass; (v) the questions of law or fact common to the Class and Subclass predominate over any questions affecting only individual members of the Class and Subclass; and (vi) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

IT IS SO ORDERED.

DATED:_____      _____
THE HONORABLE NICHOLAS G. GARAUFIS
UNITED STATES DISTRICT JUDGE