June 27, 2024

**VIA ECF**

The Honorable James R. Cho
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *In re NIO Inc. Securities Litigation,* 1:19-cv-01424-NGG-JRC

Dear Judge Cho:

At the directive of Judge Garaufis, and ahead of the July 9, 2024 status conference, the parties jointly write to apprise Your Honor of the schedule entered by Judge Garaufis for the briefing of the parties' summary judgment motions, and to seek: (1) an extension of the deadline for completion of fact discovery, (2) approval of the parties' agreed schedule for expert discovery, and (3) adjudication of one discovery issue currently in dispute.

## 1. Summary Judgment Briefing Schedule

On May 22, 2024, Judge Garaufis held a pre-motion conference regarding Plaintiffs' anticipated motion for partial summary judgment and NIO's cross-motion. At the conference, Judge Garaufis entered the following schedule (*see* ECF Minute Entry, entered on May 22, 2024):

- **September 30, 2024**    Plaintiffs' motion for summary judgment due

- **December 30, 2024**    Defendants' opposition to Plaintiffs' motion due, and Defendants' cross-motion for summary judgment due

- **March 31, 2025**    Plaintiffs' reply in further support of summary judgment, and opposition to Defendants' cross-motion due

- **May 16, 2025**    Defendants' reply in further support of cross-motion due

## 2. Extension of Deadline to Complete Discovery

The current deadline to complete fact discovery is June 28, 2024. Subject to Court approval, the parties have agreed to the following schedule for the duration of discovery:

- **June 28, 2024**    NIO to substantially complete document production by producing approximately 5,500 of the approximately 6,000 documents outstanding

- **September 30, 2024**    All Defendants to complete document production

- **March 31, 2025**    End of fact discovery.

### 3. Schedule For Completion of Expert Discovery

Subject to Court approval, the parties have agreed to the following schedule for completion of expert discovery:

- **5/31/2025**          Opening expert report(s) due for party-proponent of a claim or affirmative defense that intends to offer expert testimony in support of such claim or defense

- **7/31/2025**          Rebuttal expert report(s) due

- **9/15/2025**          Reply expert report(s) due; completion of all expert depositions; end of expert discovery

### 4. Item Currently in Dispute

The parties do not agree on the following issue:

### A. Privilege Logs

Plaintiffs' Position:

- By June 28, 2024, Defendants shall produce logs of withheld and redacted documents (including any documents withheld or redacted on the basis of Chinese law) for productions to date, stating the basis for withholding or redacting the documents. This log shall include the approximately 100 documents that NIO withheld from its May 13, 2024 document production.

- For documents produced between June 29, 2024 and September 30, 2024: Defendants shall make rolling productions of logs for withheld and redacted documents (including any documents withheld or redacted on the basis of Chinese law) no later than 3 days following each document production.

Plaintiffs' Explanation:

Defendants have not produced any privilege logs to date, even though NIO has indicated that they have withheld documents on the basis of Chinese law. *See* ECF No. 133 (NIO not producing all documents identified for production following feedback from the Chinese government).[1]  The Underwriters have also withheld documents on the basis of Chinese law.

Plaintiffs' proposal - which calls for Defendants to provide their privilege logs for productions to date on June 28, 2024, contemporaneous with NIO's substantial completion of document production, and to continue providing logs on a rolling basis thereafter – allows

---

[1] On May 13, 2024, NIO produced 1,207 of the approximately 1,300 documents for which the Chinese Ministry of Justice provided feedback, meaning that approximately 100 documents have been withheld.

Plaintiffs to timely raise issues about withheld/redacted documents ahead of the September 30, 2024 deadline for Plaintiffs to file their summary judgment motion. *See Brown v. Barnes & Noble, Inc.*, 474 F. Supp. 3d 637, 647 (S.D.N.Y. 2019) ("This Court does not condone waiting on the production of a privilege log until the end of a rolling ESI production. Producing parties should provide a log with each production tranche and/or on a rolling basis. This allows the receiving party to timely raise issues about withheld documents. It also allows for the review of smaller subsets of documents and smaller *in camera* reviews (if necessary), allowing for early clarification of privilege issues. Such a process is fairer to the requesting party, more efficient, and less costly. Additionally, Rule 26 contemplates the supplementation of privilege logs throughout discovery.").

The reasoning in *Brown* is particularly relevant here. Waiting until the completion of document production for Plaintiffs to receive privilege logs deprives Plaintiffs of the opportunity to raise objections to Defendants' withholdings/redactions until after Plaintiffs have already filed their motion for summary judgment, which is due September 30, 2024. Plaintiffs would be severely prejudiced if forced to file their motion for summary judgment without the opportunity to review, let alone contest, Defendants' withholding/redactions of hundreds if not thousands of documents.

Moreover, Plaintiffs' proposal promotes efficiency. For example, an early resolution of whether NIO may withhold documents on the basis of Chinese law would provide guidance on the remainder of Defendants' document production.

Defendants' Position:

- Defendants propose that logs of all withheld or redacted documents shall be produced on September 30, 2024.

- Should the Court rule for Plaintiffs that the parties must produce privilege logs on a rolling basis, Defendants propose that: (1) for documents produced to date, Defendants produce logs of withheld and redacted documents by August 15, 2024; and (2) for documents produced between August 16, 2024 and September 30, 2024, the parties be allowed 14 days after each production to serve logs of all withheld or redacted documents.

Defendants' Explanation:

Creating one comprehensive log of withheld or redacted documents is the most efficient way to serve privilege logs. This is especially true when, as here, certain Defendants are still waiting for guidance from the Chinese authorities regarding the appropriate treatment of certain potentially withheld documents. Plaintiffs' proposal requiring the piecemeal production of privilege logs would burden Defendants by forcing each of them to create multiple logs and to respond to Plaintiffs' discrete "timely" objections before one privilege log is complete. Defendants' proposal—that all logs be produced at the end of document discovery—would ensure that the parties have a complete and final log before negotiating any privilege disputes.

The case Plaintiffs cite, *Brown v. Barnes & Noble, Inc.*, 474 F. Supp. 3d 637 (S.D.N.Y. 2019), agrees that the "parties should cooperate to develop efficient ways" to convey the information in the privilege logs, "to ensure a just, speedy and inexpensive termination of the

case." *Id.* at 647. Many discovery experts agree that a single privilege log at the end of document production is more efficient than piecemeal rolling logs. *See* Helen Geib, *7 Steps to Your Best Privilege Log Ever*, Relativity Blog (Apr. 9, 2019), https://www.relativity.com/blog/7-steps-to-your-best-privilege-log-ever ("Consider producing a master privilege log after you've completed principal production. Rolling logs are administratively inefficient. Worse, they often must be corrected based on newly discovered information."); Tara Lawler et al., *Privilege Logs: Strategy, Best Practices and Practical Advice*, The Legal Intelligencer (Dec. 27, 2022), https://plus.lexis.com/api/permalink/4a202f19-adce-42aa-87de-136a7709ab7b ("Rolling logs are often inefficient . . . . If possible, agree to produce one privilege log within a reasonable timeframe following substantial completion of document production . . . .").

Plaintiffs' protestation regarding the timing of their motion for summary judgment and Defendants' privilege logs is inconsistent with their other positions and makes no sense. First, Plaintiffs requested a pre-motion conference on their motion for summary judgment over two months ago—*squarely in the middle of document discovery*—asserting they "will show that there can be no genuine dispute" regarding whether the Shanghai Facility had begun as of the IPO. (ECF No. 134 at 3.) At no time did they suggest that document discovery must be complete before filing their papers (nor that they would require review of any privilege logs beforehand). Second, Plaintiffs have since agreed that the deadline for their summary judgment motion should be September 30, 2024, and have proposed that fact discovery not end until *March 31, 2025*. Thus, Plaintiffs are *choosing* to file their summary judgment motion *six months* before the completion of all fact discovery including all depositions. Plaintiffs' feigned concerns about resolving document disputes prior to filing their motion for summary judgment ring hollow when other discovery has not even finished.

Alternatively, if the Court should rule that Defendants must provide privilege logs of withheld and redacted documents on a rolling basis, Defendants request until August 15, 2024 to prepare the initial log. Given the complex nature of the privileges in this case (in addition to the fact that many documents are in Chinese), Defendants will need more time to analyze the documents and articulate the reasons for withholding or redacting alongside our PRC counsel. Defendants' proposed timeline allows more time for these complications to be reasonably accommodated.

Respectfully submitted,

*/s/ Laurence M. Rosen*

*/s/ Robert A. Fumerton*

*/s/ Jed M. Schwartz*

*/s/ Andrew J. Ehrlich*

cc: All counsel of record (via ECF)