**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re NIO, Inc. Securities Litigation* | Case No: 1:19-cv-01424-NGG-JRC |

**CLASS REPRESENTATIVES' MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION TO APPROVE THE FORM AND MANNER OF <u>CLASS NOTICE</u>**

## **TABLE OF CONTENTS**

INTRODUCTION AND RELEVANT BACKGROUND ............................................................... 1

ARGUMENT ................................................................................................................................. 3

    I.    The Form and Content of the Proposed Notices Satisfy Rule 23 and Should be Approved 3

    II.   The Proposed Method of Class Notice Dissemination Satisfies Rule 23 and Should be Approved ............................................................................................................................ 4

   III.  The Court Should Approve the Selection of Notice Administrator ..................................... 6

CONCLUSION ............................................................................................................................... 6

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Baker v. SeaWorld Entm't, Inc.*,
  No. 14-cv-2129-MMA (AGS) (S.D. Cal.) ................................................................................ 5

*Christine Asia Co. v. Yun Ma*,
  2019 WL 5257534 (S.D.N.Y. Oct. 16, 2019) ......................................................................... 4

*Di Donato v. Insys Therapeutics, Inc., et al.*,
  No. 16-cv-00302-PHX-NVW (D. Ariz.) ................................................................................ 5

*In re Advanced Battery Techs., Inc. Sec. Litig.*,
  298 F.R.D. 171 (S.D.N.Y. 2014) ............................................................................................ 5

*In re Banco Bradesco S.A. Sec. Litig.*,
  No. 1:16-cv-04155 (GHW) (S.D.N.Y.) .................................................................................. 5

*In re GreenSky Sec. Litig.*,
  Case No. 1:18-cv-11071 (AKH) (S.D.N.Y.) .......................................................................... 5

*In re GSE Bonds Antitrust Litig.*,
  414 F. Supp. 3d 686 (S.D.N.Y. 2019) .................................................................................... 3

*In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*,
  2007 WL 313474 (S.D.N.Y. Feb. 1, 2007) ............................................................................. 4

*In re Signet Jewelers Limited Sec. Litig.*,
  2020 WL 4196468 (S.D.N.Y. July 21, 2020) ......................................................................... 6

*Micholle v. Ophthotech Corp.*,
  2022 WL 1158684 (S.D.N.Y. Mar. 14, 2022) ........................................................................ 3

*Perez v. Asurion Corp.*,
  501 F. Supp. 2d 1360 (S.D. Fla. 2007) ................................................................................... 6

*SEB Investment AB v. Endo Int'l, PLC*,
  2019 WL 7163467, at (E.D. Pa. Dec. 13, 2019) ..................................................................... 5

*Udeen v. Subaru of America, Inc.*,
  2019 WL 4894568 (D.N.J. Oct. 4, 2019) ............................................................................... 5

*Weigner v. City of N.Y.*,
  852 F.2d 646 (2d Cir. 1988) .................................................................................................. 4

*Zacharia v. Straight Path Communications, Inc.*,
  2018 WL 11264516 (D.N.J. Sept. 7, 2018) .............................................................................. 5

**Rules**

Fed. R. Civ. P. 23 ........................................................................................................... passim

**Other Authorities**

William B. Rubenstein, *Newberg on Class Actions,* § 8:28 (5th ed. Dec. 2019 update) ................ 5

Court-appointed Class Representatives Mark Mundy and Eva Huang ("Class Representatives"), on behalf of themselves and all members of the Court-certified Class in the above-captioned action ("Action"), respectfully submit this Memorandum of Law in support of their Unopposed Motion to Approve the Form and Manner of Class Notice ("Motion"), and request that the Court enter the [Proposed] Order Approving the Form and Manner of Class Notice ("Class Notice Order"), submitted herewith.

## INTRODUCTION AND RELEVANT BACKGROUND

By its Memorandum & Order dated August 8, 2023 (ECF No. 128), the Court certified the Action to proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure ("Rules") on behalf of a class consisting of: (1) all persons and entities who purchased or otherwise acquired the American Depositary Shares ("ADSs") of NIO Inc. ("NIO") pursuant and/or traceable to the registration statement and prospectus issued in connection with NIO's September 12, 2018 Initial Public Offering ("IPO"); and (2) all persons and entities who purchased or otherwise acquired NIO ADSs during the period from October 8, 2018 to March 5, 2019, both dates inclusive. Accordingly, pursuant to Rule 23(c)(2)(B), for any class certified under Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

On June 20, 2024, Class Counsel circulated drafts of the proposed Notice of Pendency of Class Action ("Long Notice"), the proposed Summary Notice of Pendency of Class Action ("Summary Notice"), and the proposed Postcard Notice ("Postcard Notice" and, together with the

Long Notice and Summary Notice, the "Notices")[1] to Defendants' counsel. Defendants' counsel requested certain edits, which Class Counsel incorporated.

By the current Motion, Class Representatives seek approval of the form and content of the Notices. As further detailed below, the Notices readily satisfy the Requirements of Rule 23(c) by providing in clear, concise, and plain language information concerning, among other things, the pendency of the Action, the definition of the Court-certified Class, the binding effects of a judgment in the Action, and how to request exclusion from the Class.

Additionally, Class Representatives request the Court's permission to notify the Class through the following means: (i) the Postcard Notice delivered by first-class mail to the persons and entities identified in the records provided (and to be provided) by Defendants and any other potential Class member who may otherwise be identified with reasonable effort; (ii) the Long Notice posted on a website developed for the Action and maintained by the Notice Administrator (defined below); and (iii) the Summary Notice published electronically over a national newswire. As set forth herein, courts regularly approve notice disseminated through such means as satisfying Rule 23's requirements for notifying potential Class members of the pendency of a class action.

Finally, Class Representatives request that the Court approve Class Counsel's retention of Strategic Claims Services ("SCS"), an experienced class action notice and claims administrator, as the "Notice Administrator" to supervise and disseminate notice to the Class pursuant to the plan described herein and in the [Proposed] Order Approving the Form and Manner of Class Notice ("Proposed Order") submitted herewith.

---

[1] The proposed Long Notice, Summary Notice, and Postcard Notice are attached as Exhibits 1, 2, and 3 respectively to the Declaration of Laurence Rosen in Support of Class Representatives' Unopposed Motion to Approve the Form and Manner of Class Notice ("Rosen Declaration" or "Rosen Decl.") submitted herewith.

2

**ARGUMENT**

I. **The Form and Content of the Proposed Notices Satisfy Rule 23 and Should be Approved**

Rule 23 requires that class notice state: (i) the nature of the action; (ii) the definition of the certified class; (iii) the class's claims, issues, or defenses; (iv) a class member's right to enter an appearance by an attorney; (v) a class member's right to be excluded from the class and the time and manner for requesting exclusion; and (vi) the binding effect of a judgment on class members. *See* Fed. R. Civ. P. 23(c)(2)(B); *see also e.g., Micholle v. Ophthotech Corp.,* 2022 WL 1158684 at *4 (S.D.N.Y. Mar. 14, 2022); *In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d 686, 703 (S.D.N.Y. 2019). Collectively, the Postcard Notice to be mailed to Class members, the Long Notice to be posted on the case website, and the Summary Notice to be published over a national newswire provide these required pieces of information. *See* Rosen Decl., Exs. 1-3.

In addition to the Postcard Notice that will be mailed, Class Representatives will cause the Summary Notice to be published over a national newswire. Both the Postcard Notice and the Summary Notice provide potential Class members with a summary of the items covered by the Long Notice to be posted on the case website, including, among other things, the pendency of the Action, the definition of the Court-certified Class, the binding effect of a judgment on Class members, and how to request exclusion from the Class. The Notices also provide contact information of Class Counsel and the Notice Administrator for Class members to obtain additional information, and the Notices provide the address of the website that will be maintained and updated by the Administrator, www.NIOSecuritiesLitigation.com. *See id.* at Exs. 1-3.

Because the Notices meet the requirements of Rule 23 and due process, Class Representatives respectfully request that the Court approve the form and content of the proposed Notices.

3

## II. The Proposed Method of Class Notice Dissemination Satisfies Rule 23 and Should be Approved

Under Rule 23(c)(2)(B), for a class certified under Rule 23(b)(3), the court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). As courts have explained, "[n]otice need not be perfect, but need be only the best notice practicable under the circumstances, and each and every class member need not receive actual notice, so long as class counsel acted reasonably in choosing the means likely to inform potential class members." *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.,* 2007 WL 313474, at *8 (S.D.N.Y. Feb. 1, 2007) (citing *Weigner v. City of N.Y.,* 852 F.2d 646, 649 (2d Cir. 1988)); *see also, Christine Asia Co. v. Yun Ma,* 2019 WL 5257534 at *16 (S.D.N.Y. Oct. 16, 2019).

Here, Class Representatives' proposed method of providing notice to the Class will include the mailing of the Postcard Notice by first-class mail to all potential Class members who can be identified through reasonable effort. In addition to the names and addresses contained in the records to be provided by Defendants pursuant to the Proposed Order, Class members, in large part, will be identified through broker or other nominee purchasers who will be required to either: (i) forward the Postcard Notice to beneficial owners of NIO American Depositary Shares ("ADSs"); or (ii) send a list of the names and addresses of beneficial owners of NIO ADSs to the Notice Administrator, who will then mail the Postcard Notice to such beneficial owners. *See* Proposed Order.

Pursuant to the Proposed Order, the mailing of the Postcard Notice and Long Notice to potential Class members and nominees, respectively, will commence no later than thirty (30) calendar days after the Court's entry of the Proposed Order ("Notice Date"). Courts have routinely held that Rule 23 class notice may be provided to class members through postcards delivered by

4

first-class mail. *See* William B. Rubenstein, *Newberg on Class Actions,* § 8:28 (5th ed. Dec. 2019 update) ("[N]umerous courts have held that postcard notice is more than sufficient.") (collecting cases). As courts have recognized, postcards are a particularly appropriate method to provide class notice, as well as to avoid the increased expense of other forms of dissemination. *See, e.g., In re Advanced Battery Techs., Inc. Sec. Litig.,* 298 F.R.D. 171, 182 n.3 (S.D.N.Y. 2014) ("The use of a combination of mailed post card directing class members to a more detailed online notice has been approved by courts.") (citations omitted).[2]

Class Representatives propose supplementing the mailing of the Postcard Notice with the publication of the Summary Notice over a national newswire no later than seven (7) calendar days after the Notice Date. In addition, the Notice Administrator will cause a copy of the Long Notice, along with other information regarding the Action, to be posted on the website created for the Action and maintained by the Notice Administrator, www.NIOSecuritiesLitigation.com.[3]

The proposed notice program, which combines individual notice to all Class members who can be identified through reasonable effort and publication of the Summary Notice over a national newswire constitutes the "best notice that is practicable under the circumstances" and satisfies the requirements of Rule 23(c)(2)(B) and due process. Fed. R. Civ. P. 23(c)(2)(B); *see e.g., In re Signet Jewelers Limited Sec. Litig.,* 2020 WL 4196468, at *14 (S.D.N.Y. July 21, 2020)

---

[2] *See, e.g.*, *In re GreenSky Sec. Litig.*, Case No. 1:18-cv-11071 (AKH), ECF Nos. 147, 150 (S.D.N.Y. June 15, 2020 & July 1, 2020) (approving postcard notice); *Di Donato v. Insys Therapeutics, Inc., et al.*, No. 16-cv-00302-PHX-NVW, ECF No. 331 (D. Ariz. Mar. 20, 2020) (same); *see also Baker v. SeaWorld Entm't, Inc.*, No. 14-cv-2129-MMA (AGS), ECF No. 518 at 4 (S.D. Cal. Feb. 19, 2020) (same); *SEB Investment AB v. Endo Int'l, PLC*, 2019 WL 7163467, at *1 (E.D. Pa. Dec. 13, 2019) (same); *Udeen v. Subaru of America, Inc.*, 2019 WL 4894568, at *7 (D.N.J. Oct. 4, 2019) (same); *In re Banco Bradesco S.A. Sec. Litig.*, No. 1:16-cv-04155 (GHW), ECF No. 197 at 5 (S.D.N.Y. July 24, 2019) (same); *Zacharia v. Straight Path Communications, Inc.*, 2018 WL 11264516, at *2 (D.N.J. Sept. 7, 2018) (same).

[3] The Notice Administrator will also maintain a toll-free telephone number for potential Class members to call if they have questions or need additional information.

(finding "combination of individual mail to Class Members who could be identified with reasonable effort, supplemented by notice in an appropriate, widely circulated publication, transmitted over the newswire, and set forth on internet websites" to be "the best notice…practicable under the circumstances"); *Perez v. Asurion Corp.,* 501 F. Supp. 2d 1360, 1375-77 (S.D. Fla. 2007) (determining that notice provided by postcard mail, publication in a national periodical, Internet website, and toll-free hotline "was sufficient to satisfy the requirements of due process" and provided the class with "the best practicable notice"). Accordingly, the notice dissemination method set forth in the Proposed Order should be approved.

### III. The Court Should Approve the Selection of Notice Administrator

Class Representatives also request that the Court approve the selection of SCS as the administrator for class notice. SCS is an experienced notice and claim administration firm that has successfully handled the notice and administration services for numerous complex securities class actions such as this one. *See* Rosen Decl., Ex. 4 (resume of SCS).

### CONCLUSION

For the foregoing reasons, Class Representatives respectfully request that the Court grant their Motion and entered the Proposed Order submitted herewith.

Dated: July 10, 2024                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/*Laurence Rosen*
Laurence Rosen
Yu Shi
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
          yshi@rosenlegal.com

*Class Counsel*

6