**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| *In re NIO, Inc. Securities Litigation* | Case No: 1:19-cv-01424-NGG-JRC<br><br>Class Action |

### [PROPOSED] ORDER APPROVING THE FORM AND MANNER OF CLASS NOTICE

WHEREAS, by Memorandum & Order dated August 8, 2023 (ECF No. 128), the Court certified the above-captioned action ("Action") to proceed as a class action on behalf of a class consisting of: (1) all persons and entities who purchased or otherwise acquired the American Depositary Shares ("ADSs") of NIO Inc. ("NIO") pursuant and/or traceable to the registration statement and prospectus issued in connection with NIO's September 12, 2018 Initial Public Offering ("IPO"); and (2) all persons and entities who purchased or otherwise acquired NIO ADSs during the period from October 8, 2018 to March 5, 2019, both dates inclusive (the "Class");

WHEREAS, Court-appointed Class Representatives Mark Mundy and Eva Huang (together, "Class Representatives") have moved the Court, pursuant to Federal Rule of Civil Procedure ("Rule") 23, for an order approving the proposed form and content of the notices to be disseminated to the Class as well as the proposed method for dissemination of these notices ("Motion"); and

WHEREAS, the Court has reviewed and considered Class Representatives' Motion and is otherwise fully advised of the premises.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. Class Representatives' Motion is GRANTED.

2. The proposed Notice of Pendency of Class Action ("Long Notice"), the proposed Summary Notice of Pendency of Class Action ("Summary Notice"), and the proposed Postcard Notice ("Postcard Notice"), attached as Exhibits 1-3 to the Declaration of Laurence Rosen in Support of Class Representatives' Motion to Approve the Form and Manner of Class Notice ("Rosen Declaration"), meet the requirements of Rule 23 and due process, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

3. Specifically, the proposed form and content of the Long Notice, Summary Notice, and Postcard Notice meet the requirements of Rule 23(c)(2)(B), as they collectively, clearly, and concisely state in plain language all of the following: (i) the nature of the Action; (ii) the definition of the Court-certified Class; (iii) the Class claims, issues, or defenses; (iv) a Class member's right to enter an appearance through his, her, or its own attorney if the Class member so desires; (v) that the Court will exclude from the Class any Class member who properly requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a Class judgement on Class members under Rule 23(c)(3).

4. The Court hereby approves the form, substance, and requirements of the Long Notice, Summary Notice, and Postcard Notice.

5. The Court hereby orders that, for purposes of providing notice, NIO shall, within ten (10) calendar days following the entry of this Order, produce to cause to be produced, at no cost to Class Representatives, any other Class member, or their attorneys, a list of the holders of record (consisting of shareholder names, mailing addresses, and if available, email addresses) who purchased or otherwise acquired NIO ADSs between October 8, 2018 and March 5, 2019, inclusive, in an electronically-searchable form, such as Microsoft Excel.

6. The Court approves Class Representatives' retention of Strategic Claims Services ("SCS" or "Notice Administrator") to supervise and administer the notice procedure for this Action.

7. The Notice Administrator shall, not later than thirty (30) calendar days from the entry of this Order, shall mail by first-class mail, the Postcard Notice, substantially in the form attached as Exhibit 3 to the Rosen Declaration, to each person and entity identified in the records provided by Defendants or who may otherwise be identified with reasonable effort. The date on which this mailing is postmarked is referred to herein as the "Notice Date." To the extent email addresses are provided, the Notice Administrator shall on or before the Notice Date transmit notice via the email address provided. The email shall include the same language as set forth in the Postcard Notice.

8. The Notice Administrator shall use reasonable efforts to provide notice to nominee purchasers such as brokerage firms, banks, institutions, investment funds, investment advisors, and any other persons or entities who are or who claim to be nominees ("Nominees") that purchased or otherwise acquired NIO ADSs for the benefit of another person or entity during the period from October 8, 2018 to March 5, 2019, both dates inclusive. On or before the Notice Date, the Notice Administrator shall mail or email the Long Notice, substantially in the form attached as Exhibit 1 to the Rosen Declaration, to each Nominee listed in the Notice Administrator's database of Nominees. Such Nominees shall be requested to either: (a) within seven (7) calendar days of receipt of the Long Notice, request from the Notice Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners of NIO ADSs and, within seven (7) calendar days of the receipt of the Postcard Notices, send the Postcard Notices to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice Administrator's mailed or emailed notice, request a link to the Long Notice and email the link to all such beneficial owners for whom valid email addresses are available; or (c) within 7 calendar days of receipt of the Notice

Administrator's mailed or emailed notice, provide a list of the names, addresses, and email addresses of all such beneficial owners to the Notice Administrator, who shall then promptly mail by first-class mail (and transmit via email, if email addresses are provided) the Postcard Notice to such beneficial owners. Nominees who elect to send the Postcard Notice to their beneficial owners directly shall also be requested to send a statement to the Notice Administrator confirming that the mailing was made and shall be requested to retain their mailing records for use in connection with any further notices that may be provided in the Action. Upon full compliance with the Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with the Order, up to a maximum of $0.03 per name, address, and email address provided to the Notice Administrator; up to $0.03 per Postcard Notice actually mailed, plus postage at the rate used by the Notice Administrator; or up to $0.03 per link to the Long Notice actually transmitted by email. Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court.

9. Contemporaneously with the mailing of the Postcard Notice, the Notice Administrator shall cause a copy of the Long Notice to be posted on the website designated for this Action, www.NIOSecuritiesLitigation.com, from which Class members may download copies of the Long Notice.

10. Not later than ten (10) days after the Notice Date, the Notice Administrator shall cause the Summary Notice, substantially in the form of Exhibit 2 to the Rosen Declaration, to be transmitted once over a national newswire.

11. Class members wishing to request exclusion from the Class shall mail the request in written form in accordance with the instructions set forth in the Long Notice, Summary Notice, and Postcard Notice. Such request for exclusion shall clearly state that the Class member "requests

exclusion from the Class in *In re NIO, Inc. Securities Litigation*, Case No. 19-cv-01424-NGG-JRC." The request shall state the Class member's full name, address, and telephone number and be signed. If the person submitting the exclusion is doing so on behalf of a Class member (such as an estate, corporation, or partnership), that person shall state his, her, or its full name and the basis of his, her, or its authority to act on behalf of the Class member. The request for exclusion shall also state the amount of amount of NIO ADSs purchased, acquired, and/or sold: (a) pursuant and/or traceable to the registration statement issued in connection with NIO's IPO, and/or (b) during the period from October 8, 2018 through March 5, 2019, both dates inclusive, as well as the dates and prices of each such purchase, acquisition and/or sale. The request for exclusion shall not be effective unless it provides the required information and is made within the allotted time, or the exclusion is otherwise accepted by the Court, subject to any objections from the parties.

12. The deadline for requesting exclusion from the Class shall be sixty (60) calendar days after the Notice Date. This deadline shall be a postmark deadline.

13. Within fourteen (14) business days after the expiration of the deadline for requestion exclusion from the Class, Class Counsel shall file with the Court a declaration containing proof of mailing of the Postcard Notice and Long Notice, proof of posting the Long Notice on the case website, and proof of transmission of the Summary Notice and setting forth a list of all persons and entities that have requested exclusion from the Class.

14. Any Class member who retains separate counsel in connection with this matter must enter an appearance pursuant to Rule 23(c)(2) of the Federal Rule of Civil Procedure, as set out in the Long Notice, no later than sixty (60) calendar days after the Notice Date. Class members who retain separate counsel do so at their own expense.

15. Except for NIO's obligation to provide the list of holders of record of NIO ADSs, the costs of the notice process shall be borne by Class Counsel, with the right to seek reimbursement from any recovery in the Action upon Court approval.

IT IS SO ORDERED.

Dated:_____                  _____
                                          THE HONORABLE NICHOLAS G. GARAUFIS
                                          UNITED STATES DISTRICT JUDGE