# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re NIO, Inc. Securities Litigation* | Case No: 1:19-cv-01424-NGG-JRC |

### NOTICE OF PENDENCY OF CLASS ACTION

To Members of the Following Class:

> **(1) All persons and entities who purchased or otherwise acquired the American Depositary Shares ("ADSs") of NIO Inc. ("NIO") pursuant and/or traceable to the registration statement and prospectus issued in connection with NIO's September 12, 2018 Initial Public Offering ("IPO"); and (2) all persons and entities who purchased or otherwise acquired NIO ADSs during the period from October 8, 2018 to March 5, 2019, both dates inclusive.[1]**

> *This Notice May Affect Your Rights. This Is Not Attorney Advertising.  Please Read It Carefully.*

This Notice is to advise Class Members of the pendency of the above-captioned action as a class action under Rule 23 of the Federal Rules of Civil Procedure and their rights with respect thereto. If you are a Class Member, your rights will be affected by this lawsuit, which is styled as *In re NIO, Inc. Securities Litigation*, Case No. 19-cv-01424-NGG-JRC (the "Action" or the "Lawsuit"), and which is now pending before the United States District Court for the Eastern District of New York (the "Court").

The Court has determined that this lawsuit may proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The purpose of this Notice is to inform you of how the lawsuit may affect your rights and what steps you may take. This Notice is not an expression by the Court of any opinions as to the merits of any claims or defenses asserted by either side in the Action. If you received this Notice in error and you are not a member of the Class, you do not need to take any action and your rights will not be affected.

| | **WHAT ARE MY OPTIONS?** |
|---|---|
| **DO NOTHING** | **Stay in this lawsuit. Await the outcome. Give up certain rights.** By doing nothing, you keep the possibility of sharing in any recovery that may result from a trial or a settlement. However, you give up any right you may have to sue Defendants separately about the issues and claims being raised in this Action, and you will be bound by the outcome of this Action. |
| **ASK TO BE EXCLUDED** | **Get out of this lawsuit. Get no benefits from it. Keep your rights.** If you ask to be excluded from this lawsuit, you will not be bound by what the Court does in this case and will keep any rights you might have to sue Defendants separately about the same issues and claims being raised in this Action. **If a recovery is later obtained in this case, you would not share in that recovery. Please note, if you decide to exclude yourself, you may be time-barred from asserting the claims covered by the Action by a statute of repose.** |

---

[1] Excluded from the Class are (a) persons and entities who suffered no compensable losses; and (b) Defendants, the present and former officers and directors of NIO, members of such excluded persons' immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which any of the Defendants, or any person excluded under this subsection (b), has or had a majority ownership interest at any time.

## WHAT IS THIS LAWSUIT ABOUT?

This is a securities class action against (a) NIO; (b) certain of NIO's officers and directors: Bin Li, Louis T. Hsieh, Lihong Qin, Padmasree Warrior, Tian Cheng, Xiang Li, Hai Wu, Xiangping Zhong, and Zhaohui Li (the "Director and Officer Defendants"); and (c) the underwriters of NIO's IPO: Morgan Stanley & Co. LLC, Goldman Sachs (Asia) L.L.C., J.P. Morgan Securities LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Deutsche Bank Securities Inc, Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, UBS Securities LLC, and WR Securities, LLC, (the "Underwriters," and together with NIO and the Director and Officer Defendants, the "Defendants").

The Lawsuit alleges that NIO's registration statement and prospectus ("Registration Statement") for the IPO was false and misleading because it: (a) falsely stated that construction had started on NIO's own manufacturing facility in Shanghai, China (the "Shanghai Facility"), when in actuality construction on the Shanghai Facility never commenced , and (b) failed to warn investors that the construction of the Shanghai Facility was contingent on NIO having sufficient cash and meeting sales expectations.  The Lawsuit alleges that the alleged misrepresentations caused the price of NIO ADSs to be artificially inflated, and to decline when the alleged truth emerged, resulting in financial losses to those who purchased the ADSs at the inflated prices.  Defendants have denied and continue to deny each and every allegation.

## WHY YOU ARE RECEIVING THIS NOTICE

Trading records indicate that you may have purchased or otherwise acquired NIO ADSs in NIO's IPO or in the aftermarket between October 8, 2018 and March 5, 2019.  This Notice is being sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure.  That rule requires that, upon the certification of a Class, all members of the Class who can be identified and located through reasonable effort shall be provided with certain information regarding the Lawsuit and their rights.

This Notice is given to you in the belief that you may be a member of the Class. To be a Class Member, you must meet all of the criteria listed above. If you do not meet the Class definition, the Notice does not apply to you. If you are uncertain whether you are a Class Member, contact Class Counsel (who is listed on page 4 below) or your own attorney. Class Members may be entitled to recover damages on the claims asserted. This Notice, however, is not intended to suggest any likelihood that Plaintiffs or members of the Class will recover such damages.

## BACKGROUND AND STATUS OF THE ACTION

Beginning in March of 2019, multiple securities class actions were instituted on behalf of purchasers of NIO ADSs in the IPO and through March 5, 2019, alleging violations of U.S. federal securities laws against NIO, the Director and Officer Defendants, and the Underwriters.

On March 3, 2020, the Court issued an order consolidating the lawsuits into one case for all purposes. By the same order, the Court appointed Mark Mundy ("Mundy") as Lead Plaintiff and The Rosen Law Firm, P.A. as Lead Counsel to lead the prosecution of this Lawsuit.

On May 18, 2020, Lead Plaintiff filed an Amended Class Action Complaint For Violation of the Federal Securities Laws ("First Amended Complaint") against Defendants. On July 17, 2020, various Defendants filed a joint letter informing the Court that they intend to file motions to dismiss the First Amended Complaint, and requesting a pre-motion conference with the Court regarding their anticipated motions to dismiss.  A pre-motion conference was held on September 2, 2020, during which Lead Plaintiff informed the Court and Defendant of his intention to file a second amended complaint.

On September 18, 2020, Lead Plaintiff filed the operative Second Amended Class Action Complaint For Violation of the Federal Securities Laws ("Complaint") against Defendants. On October 19, 2020, Defendants served on Plaintiffs their motions to dismiss the Complaint. On August 12, 2021, the Court denied Defendants' motions to dismiss the Complaint.

On October 25, 2021, Defendants answered the Complaint. Defendants denied that they violated any laws and also asserted several affirmative defenses.

On June 28, 2022, the Lead Plaintiff, along with Plaintiff Eva Huang ("Huang"), served on Defendants a motion to certify the Class defined above, appoint Mundy and Huang as Class Representatives, and The Rosen Law Firm, P.A. as Class Counsel.  The Court granted the motion on August 8, 2023.

On August 22, 2023, Defendants filed a petition with the U.S. Court of Appeals for the Second Circuit ("Second Circuit") for permission to appeal the Court's order granting class certification.  The Second Circuit denied the petition on October 24, 2023.

2

The Court has set a deadline of September 30, 2024 for Plaintiffs to serve their motion for summary judgment, and a deadline of December 31, 2024 for Defendants to respond to Plaintiffs' motion and make their cross-motion for summary judgment.

No money or relief is available now because the Court has not yet decided the merits of Plaintiffs' claims, and because the two sides have not settled the Lawsuit.  There is no guarantee that money or relief will ever be obtained.  If they are, you will be notified about how to ask for a share of any recovery.

### YOUR RIGHTS AND OPTIONS
.

**RIGHT TO SEPARATE COUNSEL**

You will be represented by Class Counsel unless you retain your own counsel to enter an appearance on your behalf.  If you choose to hire your own attorney, you will be responsible for the payment of that attorney.

**ATTORNEY'S FEES**

As a Class Member, you will not be directly charged by Class Counsel to represent you in this Lawsuit.  In the event of a settlement or judgment in favor of the Class in this Lawsuit, Class Counsel will apply to the Court for payment of reasonable attorney's fees and reimbursement of expenses which will either be deducted from the funds recovered before net proceeds are distributed to the Class Members.

**YOUR OPTIONS CONCERNING CLASS MEMBERSHIP**

The Court has not decided the merits of the Lawsuit.  The purpose of this Notice is to advise you of the existence of the Lawsuit and how it may affect your rights.  You must decide whether to stay in the Class or ask to be excluded before the Court enters judgment, and you must decide this before _____, 2024.  Your options regarding this lawsuit are as follows:

**IF YOU WISH TO REMAIN A CLASS MEMBER, YOU ARE NOT REQUIRED TO DO ANYTHING AT THIS TIME.** If you remain a Class Member, you will be bound by any judgment in this Action, whether it is favorable or unfavorable. If there is a recovery, you may be entitled to share in the proceeds, less such costs, expenses and attorney's fees as the Court may allow out of any such recovery. If the Defendants prevail, you may not pursue a lawsuit on your own with regard to any of the issues decided in this Action. You will not have to pay any out-of-pocket legal fees or costs if you remain in the Class.

In the event of a recovery, you will be required to prove your membership in the Class.  *For this reason, please be sure to keep all records of your transactions in NIO ADSs.*

**RIGHT AND PROCEDURES TO BE EXCLUDED FROM THE CLASS**

If you wish to exclude yourself from the Class and not be a part of this class action litigation, you must send a letter by first-class mail stating that you "request exclusion from the Class in *In re NIO, Inc. Securities Litigation*, Case No. 19-cv-01424-NGG-JRC." Your request must state your full name, address, telephone number, and you must sign it. If you are signing on behalf of a Class Member (such as an estate, corporation, or partnership), please indicate your full name and the basis of your authority to act on behalf of the Class Member. Your request for exclusion must also state the amount of NIO ADSs purchased, acquired, and/or sold pursuant and/or traceable to the IPO Registration Statement and/or during the period from October 8, 2018 through March 5, 2019,both dates inclusive, as well as the dates and prices of each such purchase, acquisition and/or sale. You must mail your exclusion request, *postmarked no later than ____, 2024*, The Exclusion Request should be sent to:

NIO Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

If you exclude yourself from the Class, you will not be bound by any judgment in this Action against the Defendants, nor will you be entitled to share in any recovery in this Action against the Defendants, should any recovery be obtained. However, you may individually pursue any legal rights you may have against the Defendants.

If you do not exclude yourself from the Class, you will be bound by any judgment in this Action, you will not be entitled to share in the recoveries of any other class action involving similar factual allegations that has been filed against NIO or any other Defendant, and you may not individually pursue such an action against any of the Defendants.

**CLASS COUNSEL**

If you do not request exclusion from the Class in the manner set forth above, you will be represented by the Court-appointed Class Representatives and Class Counsel. Class Counsel for the Class is:

> **THE ROSEN LAW FIRM, P.A.**
> Laurence Rosen
> Yu Shi
> 275 Madison Ave, 40th Floor
> New York, NY 10016
> Phone: (212) 686-1060

*Please do not contact the Court or Class Representatives directly*.   Questions should be addressed to Class Counsel.

If you remain a Class Member, you will not be personally responsible for Class Counsel's fees or costs. Any fees or expenses ultimately allowed by the Court to Class Counsel will be deducted out of the recovery in the Action, if any.

## PLEASE REGISTER TO RECEIVE STATUS UPDATES

In order to make sure that you receive any further notices in this Action, including updates concerning the resolution of this Action, you are requested to register your name and contact information with the Notice Administrator, Strategic Claims Services, at www.NIOSecuritiesLitigation.com.

Registering with the Notice Administrator is particularly important if this Notice was forwarded to you by the postal service, or if it was otherwise sent to you at an address that is not current. If the Notice Administrator does not have your correct address, you may not receive any future notices that may be disseminated in this Action.

## AVAILABILITY OF FILED PAPERS

This Notice does not fully describe all of the claims and contentions of the parties. The pleadings and other papers filed in this Action are available for inspection, during business hours, at the Office of the Clerk of the Court, United States District Court for the Eastern District of New York. In addition, you may obtain a copy of the Complaint by contacting the above-listed Class Counsel.

If you have any questions about this Notice, you may consult an attorney of your own choosing, or Class Counsel whose name, address and telephone number are listed above. **DO NOT ADDRESS ANY QUESTIONS ABOUT THE CASE TO THE CLERK OF THE COURT OR TO THE JUDGE.** They are not permitted to answer your questions.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased NIO ADSs: (a) pursuant and/or traceable to the Registration Statement associated with NIO's IPO, or (b) from October 8, 2018 to March 5, 2019, both dates inclusive, for the beneficial interest of a person or entity other than yourself, the Court has ordered that, (a) within 7 calendar days of receipt of the Notice Administrator's mailed or emailed notice, you shall request from the Notice Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within 7 calendar days of receipt of those Postcard Notices forward them to all such beneficial owners/purchasers; (b) within 7 calendar days of receipt of the Notice Administrator's mailed or emailed notice, request a link to the Long Notice and email the link to all such beneficial owners/purchasers for whom valid email addresses are available; or (c) within 7  calendar days of receipt of the Notice Administrator's mailed or emailed notice, provide a list of the names, addresses, and email addresses of all such beneficial owners/purchasers to the Notice Administrator at *NIO Inc. Securities Litigation*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063, Tel: (866) 274-4004, Fax: (610) 565-7985, Email: info@strategicclaims.net. If you choose the third option, the Notice

Administrator will send a copy of the Postcard Notice or links to the Long Notice to the beneficial owners/purchasers. Upon full compliance with the Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with the Order, up to a maximum of $0.03 per name, address, and email address provided to the Notice Administrator; up to $0.03 per Postcard Notice actually mailed, plus postage at the rate used by the Notice Administrator; or up to $0.03 per link to the Long Notice actually transmitted by email. Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. Copies of this Notice may be obtained from the website maintained by the Notice Administrator, www.NIOSecuritiesLitigation.com, or by calling the Notice Administrator toll-free at 1-866-274-4004.

Dated: _____, 2024               BY ORDER OF THE UNITED STATES DISTRICT COURT
                                            FOR THE EASTERN DISTRICT OF NEW YORK

5