UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

IN RE: NIO, INC.,             .    Docket No.
                              .    1:19-CV-01424-NGG-JRC
SECURITIES LITIGATION         .
                              .
. . . . . . . . . . . . . .   .    Brooklyn, New York
                                   Tuesday, July 9, 2024
                                   11:39 a.m.


TRANSCRIPT OF STATUS CONFERENCE
BEFORE THE HONORABLE JAMES R. CHO
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiffs:           The Rosen Law Firm, P.A.
                              LAURENCE M. ROSEN, ESQ.
                              YU SHI, ESQ.
                              275 Madison Avenue
                              40th Floor
                              New York, New York  10016
                              212-686-1060

For the Defendants Nio        Skadden, Arps, Slate, Meagher &
Inc. and related              Flom LLP
defendants:                   JUDITH FLUMENBAUM, ESQ.
                              MICHAEL C. GRIFFIN, ESQ.
                              ROBERT A. FUMERTON, ESQ.
                              ALISON SCHROEDER, Summer
                              Associate
                              MADDY HARLOW, Summer Associate
                              One Manhattan West
                              New York, New York  10001
                              212-735-2764

For the Defendants Li and     Paul, Weiss, Rifkind, Wharton &
Zhong:                        Garrison LLP
                              ANDREW J. EHRLICH, ESQ.
                              XINSHU SUI, ESQ.
                              NOAH KEITH, Summer Associate
                              1285 Avenue of the Americas
                              New York, New York  10019
                              212-373-3000

For the Underwriter        Milbank LLP
Defendants:                JED MASTREN SCHWARTZ, ESQ.
                           ARMAN RAMNATH, ESQ.
                           55 Hudson Yards
                           New York City, New York  10001
                           212-530-5283


Transcription Service:         Superior Reporting Services LLC
                               P.O. Box 5032
                               Maryville, TN 37802
                               865-344-3150


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

P R O C E E D I N G S

THE COURT:  Civil cause for a status conference, In Re: Nio Securities Litigation, Case Number 19-cv-1424.

Counsel, please state your appearances for the record, beginning with the plaintiff, and then counsel for Defendant Nio, Inc, and then counsel for Zhong, and then counsel for Morgan Stanley.

MR. SHI:  Good morning, Your Honor.  Yu Shi from the Rosen Law Firm for the plaintiffs.

THE COURT:  All right.

MR. ROSEN:  Good morning, Your Honor.  Laurence Rosen from Rosen Law Firm, also for the plaintiff.

THE CLERK:  Can you speak directly into the microphone?

MR. ROSEN:  Laurence Rosen from the Rosen Law Firm, also for the plaintiffs.

THE COURT:  Good morning.

MR. FUMERTON:  Good morning, Your Honor.  Robert Fumerton from Skadden Arps for Defendant Nio and certain individuals.  I'm joined by my colleagues Judy Flumenbaum, Michael Griffin, and we have two summer associates with us, as well, Alison Schroeder (ph) and Maddy Harlow (ph).  And with the Court's permission, Ms. Flumenbaum will be making the presentation for Defendant Nio.

THE COURT:  All right.  That's fine.

MR. FUMERTON:  Thank you, Your Honor.

MR. EHRLICH:  Good morning, Your Honor.  Andrew Ehrlich from the Paul Weiss firm on behalf of independent directors Li and Zhong, joined by my colleague Sylvia Sui and our summer associate colleague Noah Keith (ph).

THE COURT:  All right.

MR. SCHWARTZ:  Good morning, Your Honor.  Jed Schwartz of Milbank LLP on behalf of the underwriter defendants.

MR. RAMNATH:  Arman Ramnath on behalf of Milbank for the underwriter defendants.

THE COURT:  All right.  Good morning, everyone.  And you can remain seated during this conference this morning.

All right.  I know you were in front of Judge Garaufis a while ago, and you have a briefing schedule on Plaintiffs' partial motion for summary judgment.  I do have the parties' request to extend the fact discovery deadline and to enter a expert discovery schedule, as well.

Mr. Shi, am I correct that these proposes are on consent of the defendants?

MR. SHI:  Yes, Your Honor.  That is right.

THE COURT:  All right.  So I will go ahead and enter the schedule for fact discovery and expert discovery as follows.

Well, let me ask you, Mr. Shi.  The June 20th deadline, which has come and gone, have those documents been produced?

MR. SHI:  Yes, Your Honor.  They have been produced.

THE COURT:  All right.  Then I won't enter that deadline.

So by September 30th, 2024, all defendants are to complete document production and complete fact discovery by March 31st, 2025; opening expert reports due by May 31st, 2025; rebuttal expert reports due by July 31st, 2025; and replies and all expert depositions shall be completed or served by September 15th, 2025.

All right.  Mr. Shi, is there still an issue as it relates to the privilege logs?

MR. SHI:  Yes, Your Honor.  The -- this issue has not been resolved.

THE COURT:  Okay.  Let me be -- do you want to be heard on your request for the privilege logs?

MR. SHI:  Yeah.  Yes.  So I guess I'm not going to summarize what we already put in the papers.  But just to respond to Defendants' argument, so the reason why we need this issue resolved now what -- is because Defendants have already indicated that they have been withholding documents on the basis of Chinese law.

And given that we have summary judgment due in September and we learned after we made the request to file summary judgment that Defendants intend to cross move and our opposition is due next March, we need to get these documents that are being withheld on the basis of Chinese law.

We need to get this issue resolved so that we can have these documents both for -- if not for our opening motion but to have them when we oppose Defendants' cross motion.

If we were to wait until the end of September to get this log, then by the time -- assuming we have to brief motions to compel and if Defendants challenge that -- any order on the motion to compel to -- and appeal it to the district judge, for example, then we could potentially be in next spring or something like that, and we wouldn't have the opportunity to review those documents, even for our opposition to Defendants' cross motion for summary judgment.

And I will say lastly, the -- currently, the determination on which documents are being withheld, from my understanding, is that it's entirely being made by a team of Chinese lawyers working on Nio's behalf and a third-party data security group that Nio retained.

So we are entirely depending on the judgment of those people whose names we don't even know to make that determination because my understanding is that the -- Nio,

the defendant's U.S. attorneys aren't even allowed to see those documents.

THE COURT:  So let me ask you a question.

MR. SHI:  Yes.

THE COURT:  Not having seen the documents and not having seen any privilege log, can you still file your summary judgment motion?

MR. SHI:  Yes.  We can file our summary judgment motion.  Although, of course, ideally, we would want to have the opportunity to see that log and to potentially contest documents.  But we definitely want to be able to have the opportunity to contest the withholdings by the time we file our opposition to Defendants' cross motion because we -- at this time, we simply don't know what issues the defendants will be arguing or moving on.

THE COURT:  Right.  Understood.  Now, their opposition and their cross motion isn't due until December.

MR. SHI:  That's right.

THE COURT:  So theoretically, if the Court were to adopt their proposal as to when they would produce the privilege logs, you should have enough time to be able to challenge the privilege log, correct?

MR. SHI:  I guess it's hard for me to say because, let's say, assuming we can get it resolved by the joint letter process and it ends up being a full blown motion to

compel, and if, let's say, Defendants then appeal Your Honor's order on the motion to compel to Judge -- to Garaufis, then I guess we simply don't know whether we would have those documents in time before our opposition deadline in March.

THE COURT:  Understood.  Well, look.  We're talking a lot in hypotheticals here.  My main concern was whether you will be prejudiced by not having the privilege log before your summary judgment motion is due.  And it seems to me that what you're saying is you're still prepared to move forward on your motion notwithstanding the --

MR. SHI:  Yes.  We are.

THE COURT:  -- absence of any privilege log.  All right.  So given all of that -- and of course, I'll hear from the defendants -- but you've seen their position.

MR. SHI:  I have.

THE COURT:  If the Court were to adopt their view as to when they would produce their privilege log, is there any (indiscernible) and prejudice to you at this time if the Court were to adopt their proposed schedule?

MR. SHI:  Which is the production of their log at the end of discovery -- I'm sorry -- at the end of document production in September?

THE COURT:  Well, I'm looking on Page 3 of the letter.  There is a alternative option --

MR. SHI:  Right.

THE COURT:  -- that they presented, right, of either, first, on September 30th or on a rolling basis.  So one production on August 15th, anything thereafter, 14 days after production of the documents, or something to that effect.

Do you have a position -- assuming the Court were to adopt one of the defendants' options, do you have a preference as to which option you would like?

MR. SHI:  Well, if our options are one of those two, then obviously the second option with the log by --

THE COURT:  Understood.

MR. SHI:  -- with first log by August 15th.  But I would say that I don't know why Defendants would need an extra month to produce that log.  Presumably, they would be logging each document as they are being reviewed.  So there should already be a log ready to be produced?

THE COURT:  Okay.  All right.  Let me hear from Defendants.

Ms. Flumenbaum, do you want to be heard on behalf of Nio?

MS. FLUMENBAUM:  Yes.  Thank you, Your Honor.

THE COURT:  All right.

MS. FLUMENBAUM:  So we would submit that one comprehensive log at the end of document

discover -- discovery would be the most efficient route here. You know, as Mr. Shi indicated, you know, they're planning to move forward with summary judgment in September regardless. They -- you know, two months ago in front of Judge Garaufis, they said they were ready to move.  It was not dependent on any further discovery, on any privilege log, on anything.

Now that he's -- now that, you know, they're objecting to having six months between our privilege log and their opposition motion is due, it just sort of seems like he's a -- it doesn't seem rooted in reality here.

I think us filing one on September 30th certainly gives them enough time before their opposition is due in March of next year to figure out -- you know, negotiate any issues with the privilege log that might arise.

The reason that some -- that this is taking longer is, you know, we are -- the company is working really hard to produce as many documents as possible, and that has taken numerous extra steps in China.  You know, as he indicated, we have experts reviewing the documents for production, and we're hoping to be able to produce additional documents, and so that review is ongoing.  And for us to have to log those documents now seems premature.

THE COURT:  So it's my understanding that, as of June 28th, you've substantially completed the production of about 6000 documents; is that correct?

MS. FLUMENBAUM:  Correct.

THE COURT:  All right.  And according to Plaintiff, about 100 of those documents were withheld, is that right, as privileged?

MS. FLUMENBAUM:  So I believe the 100 is from our May production.

THE COURT:  Okay.

MS. FLUMENBAUM:  And there's some additional ones from June, as well.  At --

THE COURT:  So how -- as of this point in time, then, how many documents are being withheld, approximately?

MS. FLUMENBAUM:  So there's documents we're withholding for attorney-client privilege and work product privilege.

THE COURT:  Right.

MS. FLUMENBAUM:  And then there's additionally some documents we are withholding for -- based on PRC regulations, as well, right now, but hoping to be able to produce more of those documents.

THE COURT:  Understood.  So the first set of documents, how many documents are you referring to, the privilege documents?

MS. FLUMENBAUM:  Sure.  I believe that's around 1000.

THE COURT:  Okay.  And then --

MS. FLUMENBAUM:  Is my understanding.

THE COURT:  -- what about the additional documents that are going through the PRC review?

MS. FLUMENBAUM:  I believe that's about 500.

THE COURT:  Okay.  And then that's it in terms of your document production?

MS. FLUMENBAUM:  I believe so.  Yes.

THE COURT:  Okay.  Do you think you'll get that review -- well, I guess you have no control over the PRC documents, but do you have a sense as to when that review will be completed?

MS. FLUMENBAUM:  So we're aiming to have all of our log be done September 30th, at the end of document discovery, which we think would give us enough time to run additional, you know, reviews of the documents and provide one log that has everything all included and then we don't have to take things off or add things back on later.

THE COURT:  Understood.  So what is the prejudice to produce your privilege log piecemeal?

MS. FLUMENBAUM:  Well, at least for the PRC-related documents, we're hoping to produce them.  So putting them on a privilege log right now --

THE COURT:  Understood.  Let's set aside those PRC documents.  The other documents that you're withholding based on privilege -- as of now, you have about 1000 documents that

you know you're asserting privilege on, correct?

MS. FLUMENBAUM:  Correct.

THE COURT:  All right.  And are you telling the Court that it will take until September to put together a privilege log as to those 1000 documents?

MS. FLUMENBAUM:  I think we could get those documents done sooner.  We would need a few weeks, and perhaps that could be the August 15th deadline, which would still give them ample time to negotiate anything prior to their summary judgment motion.  But those documents I don't think we need until September 30th for.

THE COURT:  Okay.  And then in terms of your document production, the remaining documents are about 500, which are still being reviewed, correct?  Is it your view that some of those 500 documents may also be privilege as well?

MS. FLUMENBAUM:  You mean for attorney-client work product reasons, or?

THE COURT:  Or whatever, any privilege.

MS. FLUMENBAUM:  Likely, but it's a little too early to say, I think.

THE COURT:  Okay.  Do the other defendants have documents that they're withholding based on privilege, as well, or is it just Nio?

MR. SCHWARTZ:  Your Honor, with your permission,

I'll stand so I can --

THE COURT:  Yeah.  Go ahead.

MR. SCHWARTZ:  -- see you.  Jed Schwartz for the underwriter defendants.  Yes.  We have documents that we're withholding based on privilege -- work product and attorney-client privilege -- which we are in the process of logging.  And then there are also documents that we have redacted and produced for PRC law issues.  So we have both categories, as well.

THE COURT:  All right.  And what -- how's the volume of those documents -- the privilege documents and the PRC documents?  How many documents are you talking about roughly?

MR. SCHWARTZ:  I don't have an exact number.  It's multiple thousands for -- I think for both categories.  For the PRC-related documents, virtually all of those redactions relate to personally identifiable information, so it's not --

THE COURT:  Understood.

MR. SCHWARTZ:  -- particularly relevant to the --

THE COURT:  Right.

MR. SCHWARTZ:  I think it's a couple of dozen documents that are being redacted -- that were redacted for substantive PRC-related issues.

THE COURT:  Okay.  All right.  And Mr. Ehrlich, what about you?

MR. EHRLICH:  Yeah.  For the outside directors, Your Honor, we have a few dozen documents that have been identified as subject to the attorney-client privilege, and a very small number, probably less than 10, that are currently being withheld based on Chinese law considerations.  Although, like the company, we are continuing to examine that and may be able to produce additional of them before the end of fact discovery.

THE COURT:  Okay.  So let's set aside the PRC documents for now for purposes of this discussion.

And, Mr. Schwartz, chime in at any point in time as I talk to Ms. Flumenbaum.  All right.  I just want to make sure you're not being prejudiced in any way based on what Ms. Flumenbaum says.

But Ms. Flumenbaum, am I hearing you correctly that you think you can make -- if you were to produce your privilege log, produce at least a partial privilege log by August 15th; is that fair to say?

MS. FLUMENBAUM:  Yes.

THE COURT:  Okay.  Do you ask for the September 30th deadline because you think it may take longer than a month to put together a privilege log, or do you think there are -- because I know you don't want to do piecemeal privilege logs.  I get that.

MS. FLUMENBAUM:  Right.  So that was our

inclination was to produce just one comprehensive log at the end of document discovery.  If you want to split between attorney-client work product and the PRC documents, I think we could do the attorney-client and work produce privilege log on an earlier than we could do the ones based -- that we were withholding based on PRC regulations.

THE COURT:  Okay.  All right.  Attorney -- back to you, Mr. Shi.  Based on what you're hearing from the defendants, are you okay with that approach?

MR. SHI:  Yes.  Although, I would want -- I would like to say something about the 100 or so documents that Nio withheld based on Chinese law from its May production.

So my understanding is that that withholding was based on feedback that Nio received from the Chinese Ministry of Justice.  And based on the feedback, they decided to withhold -- I think it was -- it's approximately 93 documents.

So what I'm curious is whether -- is Nio resubmitting those documents to another agency to get a second opinion because, if not, then I don't understand why that decision is not final.  Like, what are they still waiting for as -- with regards to those 93 documents?

THE COURT:  All right.  Well, let's be precise and clear here because I don't want to confuse myself.  So the 93 documents, Ms. Flumenbaum, that Mr. Shi's referring to, are

those subsumed within the 1000 or so documents you referred to earlier?  Yes?

MS. FLUMENBAUM:  Well, they are sort of split between the attorney-client and the PRC regulation, but they're subsumed in the total numbers I gave you earlier.

THE COURT:  Okay.  And those would all be included in your privilege log?

MS. FLUMENBAUM:  The ones that -- yes.  At the end.  But the ones we would include first would be the ones that we withheld for attorney-client or work product.

THE COURT:  What about the 93 that Mr. Shi just referred to?

MS. FLUMENBAUM:  So not all 93 were withheld based on PRC regulations.  There's a-- it was a mix of privileges that we withheld the documents.  So some would be included in that first log but not all of them.

THE COURT:  Understood.  But what about the documents that were withheld based on the PRC regulations?  Would that be included in your privilege log, or no?

MS. FLUMENBAUM:  I don't believe so because that -- we just haven't made a determination about certain documents and what we were going to do and how -- if we can send them to other agencies in the past there documents we've sent to local government agencies to try and get their approval when we hadn't heard back from the MOJ or the CAC.

So I think the company is trying to seek resolution on more of these documents, and it just hasn't come to a determination on what to do with them yet.

THE COURT:  All right.  So Mr. Shi, I know we're kind of talking hypotheticals here, but what do you care about the most?  Are you mostly concerned about the PRC documents or the documents that are being withheld based on privilege?

MR. SHI:  Well, obviously, we care about every document, but --

THE COURT:  In terms of priority, which is more important to you?

MR. SHI:  I would say probably the PRC documents.

THE COURT:  All right.  Now --

MR. SHI:  The PRC law documents.

THE COURT:  Ms. Flumenbaum, have you indicated to Mr. Shi what documents are being withheld based on the PRC regulations?  Like would he know?

MS. FLUMENBAUM:  No.  I don't believe so.

THE COURT:  Okay.  Is there a way to identify the documents that are being withheld based on the PRC regulations, or will they ultimately be included in your privilege log?

MS. FLUMENBAUM:  Yeah.  I think they will ultimately be included in a privilege log, so providing that

information beforehand would just sort of be duplicative of creating a privilege log.

THE COURT: Okay. So the reason why Mr. Shi wants these documents earlier is because, to the extent he wants to challenge any of the assertions of privilege, he wants to make that challenge sooner rather than later. All right. And I'm not in the business of creating more work for anyone. Right.

One of the reasons why he may want to seek that challenge now is because he may say, let's say you include a privilege log of just 100 documents and he challenges the privilege and the Court grants the request and says, no, these aren't privileged. Then you don't need to include a privilege log as to the remaining documents.

MS. FLUMENBAUM: Sure. But I do think if his concern is opposing our motion, which is not due -- his opposition is not due until March of next year. Us submitting a privilege log with the documents withheld for PRC regulations on September 30th gives him ample time to do that before his opposition is due next March.

THE COURT: Understood. Okay. Do you have a privilege log started yet, or have you not started it yet?

MS. FLUMENBAUM: Yes.

THE COURT: Okay.

MS. FLUMENBAUM: We have one started.

Superior Reporting Services LLC
P.O. Box 5032 Maryville, TN 37802
transcripts@superiorreporter.com

THE COURT:  All right.  So you have a sense as to what you'll be identifying as privileged or not privileged in terms of the documents.  Okay.

MS. FLUMENBAUM:  There's just a subset of documents that we're hoping to produce, so having to log those now is -- just seems inefficient and will also sort of create confusion based on us pulling stuff off of the log and adding things on, which is why we were trying to do it at the end of document discovery so it can be complete and we won't have to, you know, negotiate unnecessarily over the summer about these documents.

THE COURT:  Negotiate with whom?

MS. FLUMENBAUM:  Between the parties.

THE COURT:  Well, you're asserting the privilege, right?

MS. FLUMENBAUM:  Correct.  But we're trying to produce the documents.  So I'm hoping to not have to log -- we're hoping to not have to log them.

THE COURT:  It's either you are logging them, or you're not.  All right.  That's your decision to make, correct?

MS. FLUMENBAUM:  Correct.  And we're just taking additional time, which we hoped to do until the end of document discovery to assess these documents based on the PRC regulations to hopefully produce more documents than we have

been able to.

THE COURT:  Okay.  I get it.

MR. EHRLICH:  Your Honor, just briefly, I think a final -- it's fair to say a final determination has been made as to U.S. privilege, so attorney-client and work product, and that's why logging those on the August 15th makes sense.

A final determination has not been made as to the documents being withheld based on PRC regulations.  Having that extra time would aid that process.

And conversely, if we were forced to log those on August 15th, the Court could be burdened by motion practice on documents we ultimately decide not to withhold.  I think that's why the two different dates make sense for the two different categories.

THE COURT:  Understood.  I think what I'm saying is -- and I'm not going to make you do it twice.  Right.  My thinking is if you know for sure that these documents are privileged and you're asserting the privilege, might as well put that in a privilege log.  Right.

If you haven't yet decided for sure, that can wait.  That's fine.  I'm not saying produce it now.  All right.  But I think given that Plaintiffs at least want some privilege log sooner rather than later, I think for those documents for which you've identified as affirmatively being privileged, just go ahead and produce a privilege log.  All right.

So before I make that final determination, Mr. Schwartz, are you okay with that approach?

MR. SCHWARTZ:  Yes, Your Honor.  We can abide by whatever schedule you apply to the company, as well.

THE COURT:  Okay.  All right.  So how about this.  By August 15th, why don't the defendants produce a privilege log as to those documents it has decided at this point in time are deemed privileged.  Okay.

And then I will modify your request.  I think what you're saying is at least 14 days after September 30th, you'll have a determination as to whether everything else is privileged; is that fair to say?

MS. FLUMENBAUM:  Yes.

THE COURT:  All right.  So Saudia (ph), what is 14 days after September 30th?

THE CLERK:  October 14th.

THE COURT:  Okay.  So by October 14th, serve your final privilege log to the plaintiffs, Defendants.  Okay.

MS. FLUMENBAUM:  Thank you.

MR. SCHWARTZ:  Thank you, Your Honor.

THE COURT:  All right.  I think we've addressed the privilege log issue.

Mr. Shi, are you satisfied with that approach?

MR. SHI:  Yes, Your Honor.

THE COURT:  All right.  Anything else for

Plaintiffs today?

MR. ROSEN:  Not from Plaintiffs, Your Honor.

THE COURT:  All right.  Ms. Flumenbaum, anything else for your client?

MS. FLUMENBAUM:  No, Your Honor.

THE COURT:  Mr. Ehrlich?

MR. EHRLICH:  No, Your Honor.

THE COURT:  Mr. Schwartz?

MR. SCHWARTZ:  No, Your Honor.

THE COURT:  All right.  Let's go off the record for a minute.

(Recess)

THE CLERK:  Continuation of status conference in Case 19-cv-1424, In Re: Nio, Inc vs. Securities Litigation.

THE COURT:  All right.  I held some off-the-record discussions with the parties regarding settlement, and it seems to me that they are open to pursuing a private mediation.

All right.  What I'd like to do is schedule a control date.

Saudia, what's a week after October 14th for a status -- well, we'll do a status report.  Actually, no. Let's do a status conference.  We'll do it by telephone.

THE CLERK:  What about 10 a.m. on October 22nd?

THE COURT:  All right.  If we had a follow-up

telephone conference on October 22nd, 10 a.m., does that day and time not work for anyone?

MS. FLUMENBAUM:  It can work for us.

MR. FUMERTON:  Should work for Defendants.

MR.  GRIFFIN:  Yeah.  It's fine with us, too.

MR. SCHWARTZ:  That works for the underwriters.

MR. EHRLICH:  And the directors.

THE COURT:  Okay.  So the purpose of that conference is to check in with the parties and see where things stand at that point in time in terms of discovery. Okay.

All right.  Anything else, Mr. Shi, for you today?

MR. SHI:  No, Your Honor.

THE COURT:  Okay.  Mr. Fumerton?

MR. FUMERTON:  No, Your Honor.

THE COURT:  All right.  Mr. Ehrlich?

MR. EHRLICH:  No, Your Honor.

THE COURT:  Mr. Schwartz?

MR. SCHWARTZ:  No, Your Honor.  Thank you.

THE COURT:  Okay.  We are adjourned.  Have a nice day, everyone.

MR. SCHWARTZ:  Thank you, Your Honor.

MR. FUMERTON:  Thank you, Your Honor.

(Proceedings adjourned at 12:07 p.m.)

TRANSCRIBER'S CERTIFICATE

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

July 10, 2024

*Jessie Clegg*

_____          _____

Jessie Clegg, CET-1349                      DATE

Legal Transcriber

Superior Reporting Services LLC
P.O. Box 5032 Maryville, TN 37802
transcripts@superiorreporter.com