

**The Rosen Law Firm**
I N V E S T O R   C O U N S E L

Laurence Rosen
lrosen@rosenlegal.com

February 4, 2025

**<u>VIA ECF</u>**

The Honorable James R. Cho
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *In re NIO Inc. Securities Litigation,* Case No. 1:19-cv-01424-NGG-JRC

Dear Judge Cho:

I write on behalf of Class Representatives Mark Mundy and Eva Huang ("Plaintiffs") to respectfully seek an order: (1) requiring Defendant NIO Inc. ("NIO") and the Individual Defendants to provide by February 11, 2025 dates for the depositions of Defendants and certain current and former employees of NIO, to be held no later than March 24, 2025, and (2) permitting Plaintiffs to take a total of 16 non-expert depositions.

Plaintiffs are aware of Your Honors Individual Practice Rule requiring a joint submission for discovery disputes. The urgency of this letter, however, is necessitated by Defendants' inordinate delay and refusal to provide dates for depositions. Plaintiffs have been asking for deposition dates since ***November*** 2024. With fact discovery closing in just seven weeks on March 31, 2025, and the large number of depositions that need to be scheduled – most of which will presumably take place in Hong Kong and require the coordination of qualified overseas vendors and interpreters, of which there is a limited pool – Plaintiffs cannot continue waiting for Defendants to provide deposition dates.

**<u>Deposition Dates</u>**

Plaintiffs first provided Defendants with a list of deponents on November 14, 2024 and asked for deposition dates. *See* Exhibit 1. Follow up emails were sent on December 5, 2024 (Exhibit 2), January 10, 2025 (Exhibit 1), January 22, 2025 (Exhibit 3), and January 30, 2025 (Exhibit 3).[1]

During this time, Plaintiffs also had several telephone calls with Skadden Arps, counsel to NIO and eight of the ten Individual Defendants, and during each call Skadden assured Plaintiffs that

---

[1] Plaintiffs also served formal notices of depositions for the deponents listed in Plaintiffs' November 14, 2024 email on January 14, 2025. *See* Exhibit 3.

they were working on getting dates as well as coordinating with the other defendant counsel on a schedule.

To date, Plaintiffs have only received dates from the Underwriters, representing two of the fifteen depositions that Plaintiffs seek to take.

Skadden's latest email to Plaintiffs on February 3, 2025 states that they would "endeavor" to provide dates next week, and for the first time, told Plaintiffs to contact Pillsbury Winthrop LLP for dates for certain Individual Defendants and former NIO employees who are apparently contemplating retaining new counsel (and who have been doing so for at least two months).[2] *See* Exhibit 3. Pillsbury has not appeared in this Action.

Given the delays so far, and false assurances of providing dates that never materialized, Plaintiffs are not confident that Defendants will voluntarily provide dates next week. Indeed, Skadden's latest email asking Plaintiffs to contact Pillsbury for dates for certain witnesses – after telling Plaintiffs that Skadden was coordinating with the other Defendants' counsel on dates – appears designed to induce further delay.

Plaintiffs need clarity on deposition dates because most of the witnesses are located in Asia and require interpreters. To take depositions in Asia, Plaintiffs must assemble a team of vendors – including a certified U.S. court reporter, videographer, and interpreter – who are available to work in Asia on those dates. This takes time. There is a limited number of such vendors, and with further delay, there is no assurance that they will be available on short notice. With the close of fact discovery fast approaching on March 31, 2025, Plaintiffs need dates now so that they can start making the necessary arrangements.

**Accordingly, Plaintiffs respectfully request the Court order Defendants[3] to, by <u>February 11, 2025</u>, (a) provide dates between February 25, 2025 and March 24, 2025 for each witness noticed for deposition, along with the location of the deposition, and (b) state whether an interpreter is needed for each witness, and if so, which language and dialect.**

<u>**Number of Depositions**</u>

Despite knowing since November that Plaintiffs seek to depose more than 10 witnesses, Skadden told Plaintiffs for the first time on February 3, 2025 that they object to the number of depositions.

Here, Plaintiffs seek to take a total of 16 non-expert depositions.[4] This is wholly proportional to this securities class action that arose out of a $1.1 billion IPO, and where there are 20 Defendants. Indeed, Plaintiffs are seeking to take *4 fewer* depositions than the number of Defendants.

---

[2] Skadden first mentioned in an email dated December 5, 2024 – almost two months ago – that certain Individual Defendants were thinking of retaining separate counsel. *See* Exhibit 2.

[3] Other than the Underwriters, who have already provided dates.

[4] This includes 15 depositions that Plaintiffs noticed for February/March (Plaintiffs agreed to drop two Underwriter witnesses), and a 30(b)(6) deposition of NIO that Plaintiffs took in 2022.

Courts regularly permit plaintiffs in complex securities cases to take far more than 16 depositions. *See In re Gen. Instrument Sec. Litig.*, 209 F. Supp. 2d 423, 426 (E.D. Pa. 2001) ("Plaintiffs also noticed and took depositions of approximately 60 individuals"); *In re Ikon Office Sols., Inc., Sec. Litig.*, 194 F.R.D. 166, 180 (E.D. Pa. 2000) ("Counsel conducted over thirty-five depositions of Ikon personnel"); *In re Laidlaw Sec. Litig.*, 1992 WL 236899, at *2 (E.D. Pa. Sept. 15, 1992) ("the taking of 40 depositions in a complex securities matter is not extraordinary"); Memorandum Of Law in Support of Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, *SEB Inv. Mgmt. v. Endo Int'l plc*, No. 2:17-cv-3711-TJS (E.D. Pa. filed Nov. 1, 2019), at 13, ECF 92-1 (noting that parties contemplated taking seventeen depositions prior to settlement); *In re AT & T Corp. Sec. Litig.*, No. 00-5364, slip op. (D.N.J. Apr. 23, 2003) (granting leave to take 80 fact depositions); *In re Bristol-Myers Squibb Sec. Litig.*, 228 F.R.D. 221, 223 (D.N.J. 2005) (noting that "forty-four fact witnesses ha[d] been deposed"); *In re Weatherford Int'l Sec. Litig.*, WL 5762923, at *3 (S.D.N.Y. Oct. 24, 2013) (granting leave to take "sixteen additional nonexpert depositions" and permitting plaintiffs to request additional depositions if needed).

Of the 16 depositions (see chart below), 12 are of named Defendants and 4 are of current or former employees of NIO and the Underwriters, each of whom has knowledge of core issues in this case.

| Fact Witness Deponent | Affiliation/Role |
|---|---|
| **Bin Li** | NIO CEO |
| **Louis Hsieh** | NIO CFO |
| **Lihong Qin** | NIO President |
| Colliven Ke | NIO - Industrial Planning Manager |
| Nick Wang | NIO - VP Finance |
| Henry Zheng | NIO - Construction Manager |
| **Padmasree Warrior** | NIO - Chief Development Officer / CEO of NIO USA |
| **Tian Cheng** | NIO Independent Director |
| **Xiang Li** | NIO Independent Director |
| **Hai Wu** | NIO Independent Director |
| **Yaqin Zhang** | NIO Independent Director |
| **Xiangping Zhong** | NIO Independent Director |
| **Zhaohui Li** | NIO Independent Director |
| **Morgan Stanley (30b6)** | Left Lead Underwriter for NIO's IPO |
| Mohammed Yeolawala | Citigroup - Director, Investment Banking |
| **NIO (30b6)** | Issuer Defendant |

*Named Defendants are in bold.

Because sixteen depositions is an entirely reasonable number of depositions for a securities class action of this complexity and magnitude, Plaintiffs respectfully request that they be permitted to take up to sixteen non-expert depositions.

Respectfully submitted,

*/s/ Laurence Rosen*

Laurence Rosen

*Class Counsel*

cc: All counsel of record (via ECF)

**THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 40TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827**